FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
David P. Barton (CSB No. 221549, dbarton@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiffs ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP., and JOHN GEARY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a California Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; JOHN GEARY, an individual; and on behalf of themselves and all other persons and entities similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,<br><br>Defendant. | Case No. CV 07 6493 JSW<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION OF ISSUES WITHOUT CONTROVERSY IN THE FIRST, SECOND AND THIRD CLAIMS FOR RELIEF**<br><br>Current<br>Hearing Date:  April 25, 2008<br>Time:  9:00 a.m.<br>Courtroom:  2, 17th Flr.<br>Judge:  Honorable Jeffrey S. White<br><br>Complaint Filed:  December 28, 2007 |

## I.   *EX PARTE* APPLICATION

Plaintiffs Entercom Sacramento, LLC, Entercom Communications Corp. and John Geary ("Plaintiffs" or the "Entercom Parties") submit this *Ex Parte* Application for an order, pursuant to Local Rule 6-3, shortening time for the hearing on their Motion for Summary Adjudication of Issues Without Controversy in the First, Second, and Third Claims for Relief. Plaintiffs respectfully request that the hearing date be moved from April 25, 2008, to any date available for the Court after March 11 and prior to March 18, 2008. Given the current briefing schedule set by the Court (with Defendants' opposition due March 7 and Plaintiffs' reply due March 14), <u>the date for Defendant's opposition would not have to be shortened</u>. Instead, if the Court's schedule permits, only the date for <u>Plaintiffs' reply</u> would simply have to be moved up (with the hearing shortly thereafter).

This case involves an insurance dispute between the Entercom Parties, as the insureds, and Defendant American Home Assurance Company ("Defendant" or "American Home"), as the insurer. The Entercom Parties have filed a motion for summary adjudication seeking an order from this Court that the insurance policy issued by American Home to the Entercom Parties provides coverage with respect to an underlying lawsuit in which the Entercom Parties are defendants, the "*Strange* lawsuit." Pursuant to the motion for summary adjudication, the Entercom Parties also seek a declaration that the Entercom Parties may take action on their own to attempt to settle the *Strange* lawsuit, given the past conduct of American Home.

The Entercom Parties seek an order shortening time because the plaintiffs in the *Strange* lawsuit have made a revised settlement offer that will expire on March 18. Deciding the motion for summary judgment (and therefore the issues of coverage and the Entercom Parties' right to act independently) prior to March 18 will allow the Entercom Parties and American Home to make informed decisions about their options to respond to the settlement offer and avoid prejudice to the Entercom Parties.

In August 2007, despite requests from the Entercom Parties, American Home refused to respond in any fashion to a prior settlement demand from the *Strange* Plaintiffs that was open for thirty (30) days. Instead, <u>after</u> the settlement demand had expired, American Home sent the

Entercom Parties a letter suggesting that there was no "occurrence" (as that term is used in the American Home policy) so as to trigger coverage for the *Strange* lawsuit under the American Home policy. American Home failed to notify the Entercom Parties of its position until <u>after</u> the settlement demand had expired. In response, the Entercom Parties sought American Home's agreement that the Entercom Parties could take action on their own to try to settle the *Strange* lawsuit. However, American Home claimed that if the Entercom Parties settled the *Strange* lawsuit on their own, they would lose the right to seek reimbursement from American Home by reason of a "no voluntary payment" provision in the American Home policy. American Home's conduct has placed the Entercom Parties in a "Catch 22" position: American Home has refused to take action to attempt to settle the *Strange* lawsuit, while at the same time refusing to allow the Entercom Parties to do so.

To resolve the insurance disputes and to facilitate attempts to settle the *Strange* lawsuit, the Entercom Parties filed this lawsuit and the motion for summary adjudication. The Entercom Parties respectfully request that a hearing be held on that motion before March 18, when the settlement demand expires, so that (if granted) the Entercom Parties may be in a position to take action to try to settle the *Strange* lawsuit (depending on American Home's responses and potential appeals).

## II.   BACKGROUND

### A.   The *Strange* Lawsuit.

The underlying *Strange* lawsuit, *William A. Strange, et al. v. Entercom Sacramento, LLC et al.*, Superior Court of California, Sacramento County Case No. 07AS00377, stems from the death of Jennifer Strange (a wife and mother of three children), who died after participating in a January 12, 2007 contest run by radio station KDND-FM, which is owned by Entercom Sacramento, LLC. Following Ms. Strange's death, her family instituted the *Strange* lawsuit against the plaintiffs herein, Entercom Sacramento, LLC, Entercom Communications Corp., and John Geary, and against other former employees of Entercom Sacramento, LLC.

### B.   Plaintiffs' Insurance.

The Entercom Parties tendered the *Strange* lawsuit to their insurance carriers, Chubb

(which issued a primary insurance policy with policy limits of $1 million) and American Home (which issued an excess insurance policy with policy limits of $25 million). Both policies were effective from March 7, 2006 until March 7, 2007, and both policies provided for coverage for bodily injury caused by an "occurrence" (with both policies having the same definition for an "occurrence").

Chubb accepted the tender without a reservation of rights, in recognition of coverage, and began defending the lawsuit at considerable expense. Unlike Chubb, however, American Home acknowledged only that there "may" be coverage and asserted a reservation of rights.

### C. The July 12, 2007 Settlement Demand.

On July 12, 2007, counsel for the Strange family served the Entercom Parties with a settlement demand of $13 million, pursuant to California Code of Civil Procedure section 998. The settlement demand stated that it would expire in thirty (30) days. The following day, July 13, 2007, the Entercom Parties' counsel forwarded the demand both to Chubb and to American Home. On July 24, 2007, Chubb agreed to contribute its policy limits of $1 million towards a settlement.

Despite a number of requests, American Home refused to respond to the settlement demand or take action to try to settle the *Strange* lawsuit. Instead, on August 17, 2007, after the settlement demand had expired, American Home wrote a letter to the Entercom Parties explaining its refusal to respond based on its position that the death of Jennifer Strange did not result from an "occurrence" (as that term was used in the American Home Excess Policy) so as to trigger coverage. Later, American Home informed the Entercom Parties that if they sought to take action on their own to settle the *Strange* lawsuit, American Home would not waive the "no voluntary payment" provision in the Excess Policy, such that the Entercom Parties might lose the right to seek reimbursement from American Home. In addition, despite requests since August 17, 2007, American Home has refused to take action on its own to settle the *Strange* lawsuit, reiterating its position that the death was not an "occurrence" so as to trigger coverage.

D. **The New Settlement Demand In the *Strange* Lawsuit Necessitating the Order Shortening Time.**

On February 12, 2008, following considerably more discovery at significant expense to the Entercom Parties, counsel for the Strange family served the Entercom Parties with a settlement demand of $10 million, pursuant to California Code of Civil Procedure section 998. Chubb has again agreed to contribute its policy limits of $1 million towards a settlement. Because the offer was served by mail, it is open until March 18, 2008.

### III.   ARGUMENT

First, the order shortening time is essential because without it, the parties will be unable to make informed decisions about how to respond to the February 12, 2008 settlement offer. If the Court were to grant Plaintiffs' motion for summary adjudication, it would resolve (subject to potential appeals) whether there is coverage for the underlying *Strange* lawsuit and whether the Entercom Parties may take independent action to settle the lawsuit—the very issues that prevented efforts to settle the *Strange* lawsuit following the July 12, 2007 settlement demand and that now threaten the Entercom Parties' ability to attempt to settle the case following the February 12, 2008 settlement demand. Allowing the settlement demand to expire without efforts toward settlement, because of these ongoing issues, runs counter to California's public policy of discouraging litigation in favor of settlement. *Osumi v. Sutton*, 151 Cal. App. 4th 1355, 1359 (2007); *Gopal v. Yoshikawa*, 147 Cal. App. 3d 128, 130-131 (1983).

Second, the Entercom Parties would suffer substantial harm and prejudice if their motion for summary adjudication were not heard before the expiration of the settlement offer. Without a decision on the coverage and settlement control issues prior to March 18, 2008, the Entercom Parties would be confronted with (1) accepting that they do not have the authority to attempt to settle the *Strange* lawsuit, or (2) acting independently to attempt to settle the *Strange* lawsuit without knowing whether American Home will be exonerated from providing coverage because of the "no voluntary payment" provision in the Excess Policy and without knowing this Court's ruling (subject to any subsequent appeal) on whether the *Strange* lawsuit is covered by the policy.

Third, an order shortening time will not prejudice American Home. According to the

Court's February 21, 2008 Order Setting Hearing and Briefing Schedule, Defendant's opposition must be filed by March 7, 2008. If the Court's schedule permits, <u>this opposition date need not change in order to accommodate an earlier hearing date</u>. Furthermore, American Home has adequate time to prepare its opposition. There is no dispute as to the material facts—that American Home refused to respond to the prior settlement demand without even notifying the Entercom Parties and has refused to take action on its own to try to settle the case. Similarly, the material, undisputed facts in the underlying *Strange* case are well developed, with over thirty (30) depositions having been taken and voluminous documentary discovery—all of which has previously been made available to American Home as part of its oversight of the *Strange* case—such that the coverage issues can be resolved on the motion for summary adjudication.

## IV.   CONCLUSION

Based on the foregoing, the Entercom Parties respectfully request that the *ex parte* application be granted.

Dated: February 25, 2008

FOLGER LEVIN & KAHN LLP

Douglas W. Sullivan
Attorneys for Plaintiffs
ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP., and JOHN GEARY

54007\2009\589445.1