FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
David P. Barton (CSB No. 221549, dbarton@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiffs ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP. and JOHN GEARY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a Delaware Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; and JOHN GEARY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,<br><br>Defendant. | Case No. CV 07 6493 JSW<br><br>**DECLARATION OF DOUGLAS W. SULLIVAN IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR SUMMARY ADJUDICATION OF ISSUES WITHOUT CONTROVERSY IN THE FIRST, SECOND AND THIRD CLAIMS FOR RELIEF**<br><br>Current<br>Hearing Date: April 25, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Flr.<br>Judge: Honorable Jeffrey S. White<br><br>Complaint Filed: December 28, 2007 |

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

DECL. OF DOUGLAS W. SULLIVAN IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME; CASE NO. CV 07 6493 JSW

I, Douglas W. Sullivan, declare as follows:

1.  I am a partner with the law firm of Folger Levin & Kahn LLP, counsel for Plaintiffs Entercom Sacramento, LLC, Entercom Communications Corp. and John Geary (hereinafter "Plaintiffs" or "the Entercom Parties") in this case and in the case of *William A. Strange, et al. v. Entercom Sacramento, LLC et al.*, Superior Court of California, Sacramento County Case No. 07AS00377 (the "*Strange* lawsuit"). I respectfully make this declaration in support of the Entercom Parties' *Ex Parte* Application for an Order Shortening Time for Hearing on their Motion for Summary Adjudication of Issues Without Controversy in the First, Second, and Third Claims for Relief. I have personal and first-hand knowledge of the facts set forth in this declaration and could and would competently testify thereto under oath if called upon to do so.

**A.   The *Strange* Lawsuit And The Tender Of The Lawsuit To The Insurers.**

2.  The *Strange* lawsuit was filed on January 25, 2007 by the heirs of Jennifer Strange (a wife and mother of three children), who died following her participation in a Contest run by a radio station (KDND, FM Radio 107.9) owned by Entercom Sacramento, LLC (a Plaintiff herein). As disclosed in the *Strange* Complaint and in the discovery in the case, the Contest was named "Hold Your Wee for a Wii" and involved approximately eighteen (18) contestants drinking water at intervals. The Contest prize was a Nintendo Wii, a console for computer games. Ms. Strange came in second in the Contest, dropping out of the Contest in exchange for tickets to a Justin Timberlake concert for that evening. As disclosed in discovery, some time after driving home from the station, Ms. Strange died.

3.  As described in Plaintiffs' motion for summary adjudication, the Entercom Parties tendered the *Strange* lawsuit to their insurance carriers, Vigilant Insurance Company, Chubb Group of Insurance Companies ("Chubb") (which issued a primary insurance policy with policy limits of $1 million) and American Home Assurance Company ("American Home") (which issued an excess insurance policy with policy limits of $25 million). Both policies state that they were effective from March 7, 2006 until March 7, 2007. In March 2007, Chubb accepted the tender without a reservation of rights, and began defending the lawsuit at considerable expense.

Unlike Chubb, in March 2007, American Home sent a reservation of rights letter to Entercom.

### B. The Settlement Demands In The *Strange* Lawsuit.

4. On July 12, 2007, counsel for the Strange family served our firm, as counsel for the Entercom Parties, with a settlement demand for $13 million pursuant to Section 998 of the California Code of Civil Procedure, which stated that it would expire in 30 days. Our firm promptly forwarded the demand on to both the primary carrier (Chubb) and the excess carrier (American Home). On July 24, 2007, Chubb agreed to contribute its policy limits towards a settlement. Despite requests from our firm, American Home did not respond to the settlement demand. Rather, after the demand expired, American Home wrote a letter (dated August 17, 2007) suggesting that the death of Jennifer Strange was not the result of an "occurrence" (as that term is used in both the Chubb and American Home policies) so as to trigger coverage. Thereafter, in response to requests from counsel for the Entercom Parties that they be entitled to take action to try to settle the *Strange* lawsuit on their own, American Home advised that it would not waive the "no voluntary payment" provision in the American Home Excess Policy, such that the Entercom Parties could lose the right to seek reimbursement from American Home.

5. On February 12, 2008, counsel for the Strange family served the Entercom Parties with a revised offer of compromise for $10 million. Attached as Exhibit 1 is a true and correct copy of the *Strange* plaintiffs' statutory Offer to Compromise under California Code of Civil Procedure section 998. The offer expires within 30 days of service. *See* Ex. 1, p. 2; Cal. Code Civ. Pro. § 998(b)(1). Assuming that five days may be added to the 30 day period because of service by mail pursuant to Cal. Code of Civil Procedure § 1013(a), the offer expires on March 18, 2008. Once again, Chubb has agreed to contribute its policy limits of $1 million towards a settlement.

### C. The Motion For Summary Adjudication In This Case And The *Ex Parte* Application For Order Shortening Time.

6. In their motion for Summary Adjudication, filed on February 21, 2008, the Entercom Parties seek the following orders: (1) that the death of Jennifer Strange, which is the subject of the underlying *Strange* lawsuit brought against the Entercom Parties, was an "accident"

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-2-    DECL. OF DOUGLAS W. SULLIVAN IN SUPPORT OF
PLAINTIFFS' EX PARTE APPLICATION FOR ORDER
SHORTENING TIME; CASE NO. CV 07 6493 JSW

and, thus, an "occurrence" (as those terms are used in Defendant American Home's Excess Policy), and that the Entercom Parties, as insureds under the Excess Policy, are covered under the Excess Policy for the *Strange* lawsuit (exclusive of any alleged punitive damages); and (2) that the Entercom Parties may take action to settle the *Strange* lawsuit on their own (with contribution from the primary carrier) and that American Home may not raise the "no voluntary payment" or "cooperation" provisions in its Excess Policy as a basis for not reimbursing the Entercom Parties for any reasonable settlement the Entercom Parties might enter into in the *Strange* lawsuit.

7. The hearing on the Entercom Parties' motion for summary adjudication is currently scheduled for April 25, 2008, after the statutory offer of compromise in the *Strange* lawsuit will expire on March 18, 2008. The Entercom Parties seek an order shortening time so that the issues raised on their motion for summary adjudication may be settled prior to the March 18, 2008 expiration date of the revised offer of compromise.

8. It is respectfully submitted that if the Court does not move up the hearing on the motion for summary adjudication, the Entercom Parties will be substantially prejudiced. Absent a ruling on whether there is coverage for the underlying *Strange* lawsuit and whether the Entercom Parties may take independent action to settle the lawsuit, the Entercom Parties will not be able to make informed decisions about their options to respond to the February 12, 2008 settlement offer and whether to try to settle the *Strange* lawsuit. The Entercom Parties will be confronted with (1) accepting that they do not have the authority to attempt to settle the *Strange* lawsuit, or (2) acting independently to attempt to settle the *Strange* lawsuit without knowing whether American Home will be exonerated from liability by reason of the "no voluntary payment" provision in the Excess Policy and without knowing whether this Court's ruling (subject to a subsequent appeal) on whether there is coverage under the Excess Policy.

9. By letter dated February 22, 2008, I requested that Ms. Susan Sullivan of Sedgwick, Detert, Moran & Arnold LLP (counsel for American Home in this action) and Ms. Mary McCurdy of McCurdy & Fuller (who has indicated that she will be substituting in as counsel for Defendant in place of Ms. Sullivan) stipulate to a hearing date prior to March 18, the date on which the revised Offer to Compromise in the *Strange* lawsuit will expire. (A true copy

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

-3-   DECL. OF DOUGLAS W. SULLIVAN IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME; CASE NO. CV 07 6493 JSW

1  of my letter is attached hereto as Exhibit 2.)  On February 25, 2008, Ms. McCurdy called me and
2  stated that American Home was not willing to have the motion heard on shortened time and that
3  just having gotten involved, she did not have the files.  Ms. McCurdy also requested that
4  Plaintiffs dismiss or stay this lawsuit against American Home.  I replied that Plaintiffs would not
5  do so and, instead, intended to proceed with an application to have the summary adjudication
6  motion heard before March 18, 2008.

7          10.     In the *Strange* lawsuit, over the course of the lawsuit, our office has made
8  available to representatives and counsel for American Home (if they desired) copies of all
9  deposition transcripts (exceeding 30 in number), all documents produced by the parties, all
10 pleadings and all written discovery responses.  These materials remain immediately available to
11 the extent that American Home representatives or counsel desire them and do not have copies.

12         11.     Other than Plaintiffs' counsel granting Defendant's counsel a 30-day extension of
13 time to respond to the Complaint, there have been no previous time modifications requested by
14 counsel in this case.

15         Under penalty of perjury under the laws of the State of California and the United States of
16 America, I declare that the foregoing is true and correct.

17         Executed this 25th day of February, 2008 at San Francisco, California.

                                                    _____
                                                    Douglas W. Sullivan

54007\2009\589959.1

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW
                                          -4-          DECL. OF DOUGLAS W. SULLIVAN IN SUPPORT OF
                                                       PLAINTIFFS' EX PARTE APPLICATION FOR ORDER
                                                       SHORTENING TIME; CASE NO. CV 07 6493 JSW

# EXHIBIT 1

## DREYER, BABICH, BUCCOLA & CALLAHAM, LLP
### ATTORNEYS AT LAW

Roger A. Dreyer*
Joseph J. Babich*
Robert A. Buccola*
William C. Callaham*
Craig C. Sheffer
Stephen F. Davids
John W. Jefferson
Christopher W. Wood
Hank G. Greenblatt*
Steven M. Campora

*Certified Specialist
in Civil Trial Advocacy
by the National Board
of Trial Advocacy

20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599
Website: www.dbbc.com

Fresno Office: (559) 268-4175
Auburn Office: (530) 889-1800

Stanley P. Fleshman
Eliot M. Reiner
Lena L. Dalby
Joseph R. Yates
Robert B. Bale
Charles M. Barrett
Jonathan R. Hayes
Catia G. Saraiva
Eunice C. Majam
Stacey L. Roberts
Daniel R. Del Rio
Randee M. Sandlin

February 11, 2008

Douglas Sullivan, Esq.
Folger, Levin & Kahn, LLP
275 Battery Street, 23rd Floor
San Francisco, CA 94111

Re:   *Strange v. Entercom Sacramento, LLC, et al.*

Dear Mr. Sullivan:

Enclosed please find a statutory offer to compromise. Acceptance of this 998 demand would include dismissal of all claims against any *Entercom* Defendant by *all* Plaintiffs represented by this office. The demand is for $10,000,000. Once the statutory time period expires, it will never be available to Defendants again.

On numerous occasions, Entercom has expressed an interest in mediating this case, and I have taken that to heart in consulting with my clients regarding this demand. In no event would this case have settled in mediation for less than $10,000,000. By this demand, Entercom receives the "benefit" of the lowest number the case might otherwise have settled for in mediation without the time, trouble or expense.

Entercom knows everything it needs to know to fairly evaluate this case, so no extension will be granted. In the meantime, do not hesitate to call with any questions.

Sincerely,

DREYER, BABICH, BUCCOLA & CALLAHAM, LLP

By ROGER A. DREYER

RAD/dlb
Enclosure
cc: Donald W. Carlson, Esq.

```
 1  ROGER A. DREYER, ESQ. / SBN: 095462
    DREYER, BABICH, BUCCOLA & CALLAHAM, LLP
 2  20 Bicentennial Circle
    Sacramento, CA 95826
 3  Telephone:  (916) 379-3500
    Facsimile:  (916) 379-3599
 4
    Attorneys for Plaintiff,
 5  WILLIAM A. STRANGE, individually,
    and as Guardian ad Litem for RYLAND
 6  STRANGE and JORIE STRANGE, minors

 7  Harvey R. Levine, Esq.
    LEVINE, STEINBERG, MILLER & HUVER
 8  550 West C Street, Suite 1810
    San Diego, CA 92101
 9  Telephone: (619) 231-9449
    Facsimile: (619) 231-8638
10
    Attorneys for Plaintiff,
11  RONALD E. SIMS, as Guardian ad Litem
    for KEEGAN SIMS, a minor
12
```

13              SUPERIOR COURT OF CALIFORNIA

14                  COUNTY OF SACRAMENTO

15

| 16  WILLIAM A. STRANGE, individually, | Case No.: 07AS00377 |
|---|---|
| and as Guardian ad Litem for RYLAND | |
| 17  STRANGE and JORIE STRANGE, minors; | |
| RONALD E. SIMS, as Guardian ad Litem | |
| 18  for KEEGAN SIMS, a minor, | |
| | |
| 19      Plaintiffs, | **OFFER TO COMPROMISE** |
| | |
| 20  v. | |
| | |
| 21  ENTERCOM SACRAMENTO, LLC, | |
| ENTERCOM COMMUNICATIONS, | |
| 22  CORP., JOHN GEARY, STEVE WEED, | |
| ROBIN PECHOTA, LIZ DIAZ, ADAM | |
| 23  COX, STEVE MANEY, PATRICIA SWEET, | |
| MATT CARTER and DOES 1 through 40, | |
| 24  inclusive, | |
| | |
| 25      Defendants. | |

26

27      TO DEFENDANT ENTERCOM SACRAMENTO, LLC AND ITS ATTORNEYS OF

28  RECORD:

-1-

Offer to Compromise;
Notice of Acceptance of Offer to Compromise

Pursuant to CCP Section 998, the heirs of Jennifer Strange (Plaintiff WILLIAM A. STRANGE, individually and as Guardian ad Litem for RYLAND STRANGE and JORIE STRANGE, minors; and Plaintiff RONALD E. SIMS, as Guardian ad Litem for KEEGAN SIMS, a minor) offer to have judgment taken against Defendant ENTERCOM SACRAMENTO, LLC as to the wrongful death claim arising out of the death of Jennifer Strange on January 12, 2007, for the sum of $10,000,000, with each party to bear its own costs. Plaintiffs, as the sole surviving heirs of Jennifer Strange, hereby stipulate that they will ask for one single recovery from the jury at trial, thereby justifying a joint CCP section 998 offer as set forth herein.  (See Johnson v. Pratt & Whitney (1994) 28 Cal.App.4th 613, 630, Estate of D'India (1976) 63 Cal.App.3d 942, 947.)

Acceptance of this offer will result in a full and complete dismissal with prejudice of all of Plaintiffs' claims against Defendants, ENTERCOM COMMUNICATIONS, CORP., JOHN GEARY, STEVE WEED, ROBIN PECHOTA, LIZ DIAZ, ADAM COX, STEVE MANEY, PATRICIA SWEET and MATT CARTER arising out of the subject incident.

If you accept this offer, please sign and date the accompanying notice of acceptance, and file the offer and notice of acceptance in the above-entitled action with the Court prior to trial or within 30 days after the offer is made, whichever occurs first, or else it will be deemed withdrawn.

DATED: 2-12-08

DREYER, BABICH, BUCCOLA & CALLAHAM, LLP

By: _____
ROGER A. DREYER
Attorneys for Plaintiffs

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| WILLIAM A. STRANGE, individually, and as Guardian *ad Litem* for RYLAND STRANGE and JORIE STRANGE, minors; RONALD E. SIMS, as Guardian *ad Litem* for KEEGAN SIMS, a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS, CORP., JOHN GEARY, STEVE WEED, ROBIN PECHOTA, LIZ DIAZ, ADAM COX, STEVE MANEY, PATRICIA SWEET, MATT CARTER and DOES 1 through 40, inclusive,<br><br>    Defendants. | Case No.: 07AS00377<br><br>**NOTICE OF ACCEPTANCE OF OFFER TO COMPROMISE** |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that Defendant, ENTERCOM SACRAMENTO, LLC, accepts the offer made by the heirs of Jennifer Strange (Plaintiff WILLIAM A. STRANGE, individually and as Guardian ad Litem for RYLAND STRANGE and JORIE STRANGE, minors; and Plaintiff RONALD E. SIMS, as Guardian ad Litem for KEEGAN SIMS, a minor) to have judgment taken for Plaintiff and against Defendant in the above-entitled action for the sum of $10,000,000, each party to bear its own costs.

-3-

Offer to Compromise;
Notice of Acceptance of Offer to Compromise

1     Acceptance of this offer will result in a full and complete dismissal with prejudice
2 of all of Plaintiffs' claims against Defendants, ENTERCOM COMMUNICATIONS, CORP.,
3 JOHN GEARY, STEVE WEED, ROBIN PECHOTA, LIZ DIAZ, ADAM COX, STEVE MANEY,
4 PATRICIA SWEET and MATT CARTER arising out of the subject incident.

5 DATED:                               **FOLGER LEVIN & KAHN LLP**

                                    By:_____
                                        Douglas Sullivan, Esq.
                                        Attorneys for Defendants,
                                        ENTERCOM SACRAMENTO, LLC

**PROOF OF SERVICE – CCP § 1013. 1013a. 2015.5
and California Rules of Court, Rule 2008**

*Strange v. Entercom Sacramento, LLC, et al.*
Sacramento County Superior Case No.: 07AS00377

I, Gina DeHerrera, declare that:

I am a citizen of the United States and am over the age of eighteen years and not a party to the within above-entitled action. I am an employee of Dreyer, Babich, Buccola & Callaham, LLP and my business address is 20 Bicentennial Circle, Sacramento, California 95826.

On 2-12, 2008, I served the within document:

**OFFER TO COMPROMISE;
NOTICE OF ACCEPTANCE OF OFFER TO COMPROMISE**

On the parties in said action addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY FACSIMILE MACHINE (FAX):** On _____, 2008, at _____ a.m./p.m. by use of facsimile machine telephone number (916) 379-3599, I served a true copy of the aforementioned document(s) on the parties in said action by transmitting by facsimile machine to the numbers as set forth above. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Declaration.

☑ **BY MAIL:** I am familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that each day's mail is deposited with the United States Postal Service that same day in the ordinary course of business. On the date set forth above, I served the aforementioned document(s) on the parties in said action by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on this date, following ordinary business practices, at Sacramento, California, addressed as set forth above.

☐ **BY PERSONAL SERVICE:** By personally delivering a true copy thereof to the office of the addressee above.

☐ **BY OVERNIGHT COURIER:** By causing a true copy and/or original thereof to be personally delivered via the following overnight courier service: _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on 2-12, 2008, at Sacramento, California.

_____
Gina DeHerrera

-5-

Offer to Compromise;
Notice of Acceptance of Offer to Compromise

| | | |
|---|---|---|
| 1 | James Goldberg, Esq.<br>Douglas Sullivan, Esq. | Attorneys for Defendants,<br>ENTERCOM SACRAMENTO, LLC, |
| 2 | Folger Levin & Kahn LLP<br>275 Battery Street, 23rd Floor | ENTERCOM COMMUNICATIONS,<br>CORP. and JOHN GEARY |
| 3 | San Francisco, CA 94111<br>Telephone: (415) 986-2800 | |
| 4 | Facsimile: (415) 986-2827 | |
| 5 | Donald W. Carlson, Esq. | |
| 6 | Michael C. Cooper, Esq.<br>Carlson, Calladine & Peterson LLP | |
| 7 | 353 Sacramento Street, 16th Floor<br>San Francisco, CA 94111 | |
| 8 | Telephone: (415) 391-3911<br>Facsimile: (415) 391-3898 | |

-6-

Offer to Compromise;
Notice of Acceptance of Offer to Compromise

# EXHIBIT 2

FOLGER LEVIN & KAHN LLP

ATTORNEYS AT LAW

Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone 415.986.2800
Facsimile 415.986.2827

Los Angeles Office:
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone 310.556.3700
Facsimile 310.556.3770

www.flk.com

February 22, 2008

**VIA E-MAIL AND REGULAR MAIL**

Susan Koehler Sullivan
Sedgwick, Detert, Moran & Arnold LLP
801 South Figueroa St., 18th Floor
Los Angeles, CA 90017-5556

Mary P. McCurdy, Esq.
McCurdy & Fuller
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025

Re: *Entercom Sacramento, LLC, et al. v. American Home Assurance Co.*,
N.D. Cal., Case No. CV 07 6493 JSW

Dear Ms. Sullivan and Ms. McCurdy:

As you know, Plaintiffs have filed a motion for summary adjudication. The Court has set a hearing date of April 25 on Plaintiffs' motion, and has ordered that Defendant's opposition and Plaintiffs' reply briefs are to be filed by March 7 and March 14, respectively.

The motion for summary adjudication requests declarations that there is coverage for the underlying *Strange* lawsuit and that the Entercom Parties may take action to settle that lawsuit. Obviously, it would be beneficial to obtain rulings from the Court (if possible) prior to the time the settlement offer made in the underlying *Strange* litigation expires on March 18. Accordingly, if the Court is willing and able to accommodate us, we request your agreement to a hearing date before March 18, ideally on March 13 or March 14. We would also propose that American Home's opposition be filed March 7 (as ordered by the Court), but that Entercom's reply be filed March 11.

Because of the time sensitivity of this matter, if possible, please respond to this letter by mid-day on Monday, February 25. Thank you for your attention to these issues.

Very truly yours,

Douglas W. Sullivan

cc: Michael E. Dash, Jr.
Michael A. Kahn

54007\2009\589947.1