SUSAN K. SULLIVAN (SBN 156418)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 18th Floor
Los Angeles, CA 90017
Telephone: (213)-426-6900
Facsimile: (213) 426-6921
E-mail: susan.sullivan@sdma.com

MARY P. McCURDY (SBN 116812)
CHRISTINA M. LAVANIER (SBN 233335)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599
E-mail:mary.mccurdy@mccurdylawyers.com
       christina.lavanier@mccurdylawyers.com

Attorneys for Defendant
AMERICAN HOME ASSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a California Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; and JOHN GEARY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,<br><br>Defendant. | **CASE NO. CV 07 6493 JSW**<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF**<br><br>**Hon. Judge Jeffrey S. White** |

**TO THE COURT AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE that defendant American Home Assurance Company ("American Home") moves for administrative relief pursuant to Civil Local Rule 7-11. Specifically, American Home seeks a modification of the briefing schedule and hearing date set by

27222                                     - 1 -
**Notice of Motion, Motion and MPA in Support of Motion For Administrative Relief**

this Court's Order Setting Hearing and Briefing Schedule dated February 21, 2008 (the "February Order").

This motion is based upon this notice of motion and motion, the memorandum of points and authorities and all pleadings and papers on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL BACKGROUND

On January 12, 2007, radio station KDND 107.9 FM ("KDND"), owned by Entercom Sacramento, LLC, hosted an on-air contest. The contest, entitled "Hold Your Wee for a Wii", required contestants to consume increasing amounts of water. The contestant who could drink the most water without urinating would win a Nintendo Wii video game system.  Jennifer Strange died after participating in the contest. (Exhibit 3 to Entercom Sacramento, LLC, Entercom Communications Corp. and John Geary's Complaint (hereinafter referred to as "Coverage Complaint")). On January 25, 2007, Strange's estate filed a lawsuit in Sacramento Superior Court styled *Strange, et al. v. Entercom Sacramento, LLC, et al.*, case no. 07A S 00377 ("*Strange* action") against Entercom Sacramento, LLC, Entercom Communications Corp. and John Geary (collectively "Entercom") alleging negligence and intentional and/or reckless conduct.

Vigilant Insurance, a member of the Chubb Group of Insurance Companies ("Chubb"), issued a primary policy of $1M to Entercom and American Home issued excess policy no. BE6849213, for the policy period March 7, 2006 to March 7, 2007, with limits of $25M (the "American Home policy").  Entercom notified Chubb and American Home of the *Strange* action. Both Chubb and American Home retained defense counsel to assist in the defense of the *Strange* action.  Discovery has not been completed in the *Strange* action and it is American Home's understanding that no trial date has been set.

Despite American Home's participation in the defense of the underlying action, Entercom, without any notice or prior discussion, filed the present action against American Home on December 28, 2007.    Entercom's complaint seeks a ruling on indemnity for an underlying action that is ongoing and therefore Entercom's complaint is premature and without merit. On January

24, 2008, the parties stipulated that American Home's responsive pleading is due February 28, 2008.

Again, without out any prior notice or discussion, on February 21, 2008, Entercom filed a motion for summary adjudication seeking a declaration regarding certain legal and factual allegations (hereinafter "Entercom's motion"). On the same day, the Court ordered American Home to file its opposition brief by March 7, 2008 and set a hearing on the motion for April 25, 2008. On February 25, 2008, American Home's counsel contacted Entercom's counsel and requested that Entercom agree to either a dismissal or stay of the coverage action or to continue the briefing schedule on Entercom's motion. Declaration of Mary P. McCurdy ("McCurdy Decl."), ¶ 3. Entercom refused. *Id.*

## II.  ARGUMENT

American Home has good cause to seek to continue the hearings and related deadlines set in the February Order until resolution of the *Strange* action, or in the alternative, until after initial disclosures have occurred, a case management conference has taken place and American Home has had an opportunity to conduct discovery.

Relief from the deadlines set in the February Order is appropriate for a number of reasons. Initially, American Home has not yet filed its responsive pleading, as the parties stipulated that the responsive pleading is not due until February 28, 2008. American Home will file a Fed. R. Civ. Proc. 12(b)(6) motion by February 28, 2008 on the basis that Entercom has not stated a justiciable controversy and the case is not ripe for adjudication. Entercom is seeking a declaration and adjudication that American Home owes it indemnity for the *Strange* action. Such a request is improper, as there has been no resolution of the *Strange* action. Entercom cannot seek indemnity for something that has not yet happened, i.e. a legal obligation to pay or settlement of the *Strange* action. American Home should be afforded an opportunity to respond to Entercom's complaint prior to responding to Entercom's motion.

Further, even if American Home's 12(b)(6) motion is not granted, American Home cannot fully respond to Entercom's motion at this time. In its motion, Entercom makes a number of factual allegations. However, these are simply allegations, and American Home has had no

1  opportunity to determine the merit of such allegations, or conduct discovery of same. For example,
2  Entercom makes allegations regarding the cause and nature of the injuries alleged in the *Strange*
3  action and the extent of the Entercom's involvement in the underlying incident. It is necessary for
4  American Home to conduct discovery to respond to Entercom's motion in order to prepare a
5  meaningful response.  At this early stage, the case is not at issue and initial disclosures have yet to
6  be exchanged.

7  Entercom's motion contains over 450 pages of exhibits. Review and response to these
8  exhibits is necessary in order to completely respond to Entercom's motion. In the event that the
9  Court does not dismiss or stay this action, American Home requests that the court grant it
10 additional time to review the documents necessary to prepare a meaningful response to Entercom's
11 motion.

12 Responding to Entercom's motion puts American Home in the proverbial "Catch 22"
13 situation. The problems with maintaining a coverage action while the insured is defending against
14 a liability action has been well examined by California courts.  *See, Montrose Chemical Corp. of*
15 *California v. Superior Court (Canadian Universal Ins. Co.)* ("*Montrose I*") (1993) 6 Cal.4th 287,
16 301, 302; *Montrose Chemical Corp. of California v. Superior Court (Canadian Universal Ins. Co.)*
17 ("*Montrose II*") (1994) 25 Cal.App.4th 902, 907-911; *Haskel, Inc. v. Superior Court (The Aetna*
18 *Cas. & Surety Co.)* (1995) 33 Cal.App.4th 963; and *Kleis v. Superior Court (California Ins. Co.)*
19 (1995) 37 Cal.App.4th 1035.  In *Montrose I*, the court stated that in order to eliminate potential
20 inconsistent factual determinations and prejudice to the insured, a coverage litigation must await
21 resolution of a third party suit where "the coverage question turns upon facts to be litigated in the
22 underlying action."  *Montrose I*, *supra,* 6 Cal.4th at 301.

23 Entercom's motion seeks a declaration regarding certain factual issues, including whether
24 there was an "occurrence" as required by the policy. In order to respond to Entercom's motion,
25 American Home would be required to conduct discovery on this issue. Such discovery could
26 adversely affect Entercom.  Thus, American Home must choose to potentially prejudice its insured
27 in the *Strange* action, thereby exposing itself to potential "bad faith" assertions, or be forced to
28 give up its rights under the policy. Either of these options carries unacceptable consequences.

27222                                                        - 4 -
**Notice of Motion, Motion and MPA in Support of Motion For Administrative Relief**

Further, a response to Entercom's motion requires American Home to seek evidence that is protected from disclosure in the *Strange* action. However, Entercom has explicitly stated in its complaint that by bringing its action Entercom is not waiving any attorney-client privilege or confidential work product related to any communications between Entercom and American Home. Coverage Complaint at ¶ 19. Therefore, American's Home's ability to respond to Entercom's motion is necessarily restricted by Entercom's position.

### III.   CONCLUSION

For the reasons stated above, good cause exists to continue the deadlines set forth in the February Order.  In light of the issues raised above, American Home requests an Order continuing the dates set in the February Order until the *Strange* action is resolved or in the alternative until after initial disclosures have occurred, a case management conference has taken place and American Home has had an opportunity to conduct discovery.

If the Court does not believe that the grounds stated in this application are sufficient cause to continue the briefing schedule and hearing on Entercom's motion, American Home requests leave to file documents under seal or participate in a hearing, with a sealed transcript, with the Court and Entercom.

DATED:  February 25, 2008               McCURDY & FULLER LLP

                                        By:     ___/Mary P . McCurdy/_____
                                                MARY P. McCURDY
                                                CHRISTINA M. LAVANIER
                                                Attorneys for Defendant
                                                AMERICAN HOME ASSURANCE
                                                COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500