FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
David P. Barton (CSB No. 221549, dbarton@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiffs ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP. and JOHN GEARY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a Delaware Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; and JOHN GEARY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,<br><br>Defendant. | Case No. CV 07 6493 JCS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF EXTENDING THE HEARING DATE ON PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION** |

Plaintiffs Entercom Sacramento, LLC, Entercom Communications Corp. and John Geary ("Plaintiffs" or "The Entercom Parties") file this Opposition to the Motion of Defendant American Home Assurance Company ("Defendant" or "American Home") to extend the time for the hearing on Plaintiffs' Motion for Summary Adjudication. The Entercom Parties' Motion for Summary Adjudication is currently set for hearing on April 25, 2008. As set forth in the Entercom Parties' previously filed Ex Parte Application to shorten time, the date of that hearing should be <u>shortened</u>, not <u>extended</u>, so that this Court's resolution of the Motion for Summary Adjudication may occur in advance of the date (March 18, 2008) that an Offer to Compromise in the underlying lawsuit against the Entercom Parties (*"the Strange lawsuit"*) is set to expire, and thereby provide guidance to the Entercom Parties as to their options in responding to that Offer. By their application, the Entercom Parties are <u>not</u> seeking to shorten the time for American Home's opposition to the Motion for Summary Adjudication; instead, the Entercom Parties merely seek to have the date of their own reply and the date of the hearing moved up.

In response to the application to shorten time, American Home filed this Motion to Continue the Briefing Schedule and Hearing.[1] In contrast to the limited, non-prejudicial changes in the briefing schedule sought by the Entercom Parties, American Home seeks to continue the proceedings on the Entercom Parties' motion *indefinitely*, until after the *entire Strange lawsuit* has been fully resolved. (Proposed Order at 1.) American Home's Motion is clearly intended to continue to lock the Entercom Parties in the Catch-22 position created by American Home's refusal to attempt to reach a settlement with the *Strange* Plaintiffs while simultaneously refusing to allow the Entercom Parties to attempt to reach a reasonable settlement on their own. American Home's Motion demonstrates that American Home has no intention of living up to its obligations, making the Entercom Parties' request for expedited treatment of its Summary Adjudication

---

[1] American Home also filed an opposition to the Entercom Parties' ex parte application, in which American Home incorrectly asserted that the Entercom Parties' were required to style their application as a "Motion for Administrative Relief." However, the Entercom Parties properly brought their application for an order shortening time under Local Rule 6-3, and, in any event, the application complies with all the requirements set forth for administrative relief under Local Rule 7-3.

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

-1-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MTN FOR ADMIN RELIEF EXTENDING HEARING DATE ON PLAINTIFFS' MTN FOR SUMMARY ADJUDICATION ; CASE NO. CV 07 6493 JCS

Motion all the more necessary. American Home's motion should be denied for the following <u>six</u> reasons:

<u>First</u>, the *Strange* lawsuit has been pending for more than one (1) year. Long ago, American Home should have thoroughly investigated and completed its coverage analysis, "diligently search[ing] for evidence that supports the insureds' [i.e., the Entercom Parties'] claim" and giving the Entercom Parties' interest "at least as much consideration as it does to its own interest." *Mariscal v. Old Republic Life Ins. Co.*, 42 Cal.App.4th 1617, 1620 (1996); *Communale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 659 (1958). Since *the Strange lawsuit* was filed on January 25, 2007, the Entercom Parties have made available to American Home all of the necessary documents for its coverage analysis, including more than 30 deposition transcripts, all discovery, all pleadings, and all documents produced by the parties in the underlying lawsuit.[2] The fact that American Home appears to assert in its Motion that it has not already performed these inquiries – and might require months to do so – is itself an admission of its failure to comply with California law in handling this matter.[3]

<u>Second</u>, Plaintiffs' motion mischaracterizes the relief sought by the Entercom Parties. The Entercom Parties are not, as American Home suggests, seeking "indemnity" for "something that has not yet happened." Def. Mot. Adm. Rel., p. 3, lines 22-3. Rather, at this time the Entercom Parties seek a declaration of coverage based on undisputed facts. As set forth in the Entercom Parties' motion for summary adjudication, the undisputed facts establish that the death

---

[2] American Home contends that discovery has not been completed in the underlying litigation and that no trial date has been set. However, the parties have already completed depositions of virtually every contestant in the contest at issue and the numerous defendants sued in *the Strange lawsuit*. Furthermore, a Case Management Conference in *the Strange lawsuit* is scheduled for April 10, 2008, at which a trial date may be set.

[3] American Home complains that there are more than 450 pages of exhibits attached to the Entercom Parties' motion for summary adjudication, and claims on that ground that it needs additional time to respond to that motion. But American Home should already be familiar with the attached evidence. The American Home and Chubb insurance policies make up nearly half the volume of the exhibits. The remainder consists of brief declarations, a few letters (most of which were drafted by American Home), and discovery materials and pleadings that have been available to American Home for months.

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

-2-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MTN FOR ADMIN RELIEF EXTENDING HEARING DATE ON PLAINTIFFS' MTN FOR SUMMARY ADJUDICATION ; CASE NO. CV 07 6493 JCS

of Ms. Strange constituted an "occurrence" (as that term is used in the American Home Policy), insofar as numerous undisputed "aspect[s] in the causal series of events leading to the injury or damage [were] unintended by the insured and a matter of fortuity." *See e.g., Merced Mutual Ins. Co. v. Mendez*, 213 Cal. App. 3d 41, 40 (1989). (Notably, American Home's Motion does not point to a *single* fact that is disputed, much less a material one.) All that remains in dispute are the legal consequences of the undisputed facts, which is precisely what this lawsuit seeks to resolve. Indeed, contrary to the position that American Home now articulates – that it requires more time to determine whether coverage exists – American Home previously claimed that there was no coverage, but then refused to acknowledge the legal import of that decision, namely, that the Entercom Parties were thus free to seek a resolution of the *Strange* lawsuit notwithstanding the "no voluntary payment" provision of the policy. Moreover, "the existence of a coverage dispute, however meritorious the insurer's position, it is simply not a proper consideration in deciding whether to accept an offer to settle the claim against the insured." *Archdale v. American International Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 465 (2007) (emphasis added).

Third, the fact that American Home wants to continue the hearing on the Motion for Summary Adjudication indefinitely, until the *Strange* lawsuit is resolved demonstrates that it is not in a position to take prompt action with respect to the Offer to Compromise that is set to expire on March 18 (thus demonstrating that prompt resolution of the Motion for Summary Adjudication is necessary).

Fourth, the suggestion that American Home's counsel needs additional time to respond to the Motion for Summary Adjudication is not an appropriate basis for continuing the hearing. As indicated above, American Home had more than sufficient time to conduct its coverage analysis (and, indeed, had an affirmative obligation to do so). The undisputed facts (as set forth in the Entercom Parties' Motion for Summary Adjudication) demonstrate that there is, in fact, coverage. Moreover, the law firm of McCurdy & Fuller, which substituted as counsel for American Home on February 25, 2008 is the third law firm used by American Home in this dispute, and American Home's changes of counsel are not an appropriate excuse for delaying the hearing on the Motion for Summary Adjudication, and thereby prejudicing the Entercom Parties.

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

-3-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MTN FOR ADMIN RELIEF EXTENDING HEARING DATE ON PLAINTIFFS' MTN FOR SUMMARY ADJUDICATION ; CASE NO. CV 07 6493 JCS

Fifth, the Entercom Parties will be substantially prejudiced if the hearing is not shortened, rather than indefinitely continued. The order shortening time requested in the Ex Parte Application of Plaintiffs is essential because, without it, the Entercom Parties will be unable to make informed decisions about their options in response to the February 12, 2008 settlement offer. If this Court were to grant Plaintiffs' Motion for Summary Adjudication, it would resolve (subject to potential appeals) whether there is coverage for *the Strange lawsuit*, and whether the Entercom Parties may take independent action to settle the lawsuit – the very issues that prevented efforts to settle *the Strange lawsuit* following the July 12, 2007 settlement demand.

Sixth, allowing the settlement demand to expire without efforts toward settlement because of these ongoing issues, runs counter to California's public policy of discouraging litigation in favor of settlement. *Osumi v. Sutton*, 151 Cal. App. 4th 1355, 1359 (2007).[4]

Dated: February 26, 2008

FOLGER LEVIN & KAHN LLP

David P. Barton
Attorneys for Plaintiffs
ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP. and JOHN GEARY

54007\2009\590407.1

---

[4] The cases cited by American Home at page 3 of its brief are inapplicable. One of those cases does not even address a request for a stay or continuance. *Montrose I, Montrose Chem. Corp. of Cal. v. Sup. Ct. (Can. Universal Ins. Co.)*, 6 Cal. 4th 287 (1993). The remaining cases all involved a request by the insured (not the insurer) for a stay. See *Montrose Chem. Corp. of Cal. v. Sup. Ct. (Can. Universal Ins. Co.) (Montrose II)*, 25 Cal. App. 4th 902, 906-07 (1994); *Haskel, Inc. v. Sup. Ct. (Aetna Cas. & Surety Co.)*, 33 Cal. App. 4th 963, 968-69 (1995); *Kleis v. Sup. Ct. (Cal. Ins. Co)*, 37 Cal. App. 4th 1035, 1038. The courts' discussions explicitly acknowledged that such a stay is intended to protect the insured from prejudice. Here, the insured has not requested the stay (given that the undisputed facts establishing coverage are already a matter of record) and seeks no such "protection."

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

-4-

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MTN FOR ADMIN RELIEF EXTENDING HEARING DATE ON PLAINTIFFS' MTN FOR SUMMARY ADJUDICATION ; CASE NO. CV 07 6493 JCS