1 | SUSAN K. SULLIVAN (SBN 156418)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
2 | 801 South Figueroa Street, 18th Floor
Los Angeles, CA 90017
3 | Telephone: (213)-426-6900
Facsimile: (213) 426-6921
4 | E-mail: susan.sullivan@sdma.com

5 | MARY P. McCURDY (SBN 116812)
CHRISTINA M. LAVANIER (SBM 233335)
6 | McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
7 | Menlo Park, CA 94025
Telephone: (650) 618-3500
8 | Facsimile: (650) 618-3599
E-mail: mary.mccurdy@mccurdylawyers.com
9 |       christina.lavanier@mccurdylawyers.com

10 | Attorneys for Defendant
AMERICAN HOME ASSURANCE COMPANY

11 |

*McCURDY & FULLER LLP*
*4300 Bohannon Drive, Suite 240*
*Menlo Park, CA 94025*
*(650) 618-3500*

12 | UNITED STATES DISTRICT COURT

13 | NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

14 | ENTERCOM SACRAMENTO, LLC, a
Delaware Limited Liability Corporation;
15 | ENTERCOM COMMUNICATIONS CORP., a
Pennsylvania Corporation; and JOHN GEARY,
16 | an individual,

CASE NO. CV 07-06493 JSW

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMERICAN HOME ASSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6), OR IN THE ALTERNATIVE, MOTION TO STAY**

17 |     Plaintiffs,

18 | v.

19 | AMERICAN HOME ASSURANCE
COMPANY, a New York Corporation,

20 |     Defendant.

21 |

**Hearing Date: April 25, 2008**
**Hearing Time: 9:00 a.m.**
**Courtroom: 2, 17th Floor**
**Hon. Judge Jeffrey S. White**

22 |     Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), defendant American Home

23 | Assurance Company ("American Home") requests that this Court grant its motion to dismiss the

24 | complaint of Entercom Sacramento, LLC, Entercom Communications Corp., and John Geary

25 | (collectively, "Entercom") for failure to state a claim upon which relief may be granted. In the

26 | alternative, American Home seeks a motion to stay this action, pending resolution of the

27 | underlying liability action.

28 | 27276           1

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1   Entercom seeks damages for breach of contract, breach of the covenant of good faith and

2   fair dealing, declaratory relief and injunctive relief based upon an insurance policy issued by

3   American Home to Entercom.  Entercom's complaint against American Home is defective in that:

4   (1) Entercom fails to allege facts establishing that an excess judgment or settlement has been

5   reached in this matter, therefore Entercom fails to establish a valid or justiciable claim; (2)

6   Entercom fails to state a claim for declaratory relief because Entercom does not allege facts

7   sufficient to establish an immediate controversy between the parties; and (3) Entercom fails to

8   state a claim for injunctive relief because it fails to allege facts sufficient to show that American

9   Home has engaged in, and will continue to engage in, misconduct in violation of Entercom's

10  legally recognized rights. For the foregoing reasons, Entercom's claims against American Home

11  should be dismissed.  In the alternative, American Home requests that the Court stay this action

12  until the underlying liability action is resolved.

I.

**FACTUAL BACKGROUND**

15  On January 12, 2007, radio station KDND 107.9 FM ("KDND"), owned by Entercom

16  Sacramento, LLC, hosted an on-air contest. Entercom Communications Corp is the parent

17  company of Entercom Sacramento, LLC and John Geary is the station manager. Complaint at ¶¶ 2-

18  3.  The contest, entitled "Hold Your Wee for a Wii", required contestants to consume increasing

19  amounts of water. Complaint at ¶ 30.  The contestant who could drink the most water without

20  urinating would win a Nintendo Wii video game system. Complaint at ¶ 30.  Jennifer Strange died

21  after participating in the contest. Complaint at ¶ 31.  On January 25, 2007, Strange's estate filed a

22  lawsuit in Sacramento Superior Court styled *Strange, et al. v. Entercom Sacramento, LLC, et al.*,

23  case no. 07A S 00377 ("*Strange* action") against Entercom alleging negligence and intentional

24  and/or reckless conduct. Complaint at ¶¶ 29 and 32.

25  Vigilant Insurance, a member of the Chubb Group of Insurance Companies ("Chubb"),

26  issued a primary policy of $1M to Entercom and American Home issued excess policy no.

27  BE6849213, for the policy period March 7, 2006 to March 7, 2007, with limits of $25M (the

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1  "American Home policy"). Complaint at ¶¶ 20-24 . Entercom notified Chubb and American

2  Home of the *Strange* action. Both Chubb and American Home retained defense counsel to assist in

3  the defense of the *Strange* action. Complaint at ¶¶ 33 and 36.

4      Despite American Home's ongoing participation in the defense of the underlying action

5  and the fact that American Home has not declined coverage, but simply reserved rights, Entercom

6  filed the present action against American Home on December 28, 2007.   Complaint at ¶¶ 10 and

7  50. Entercom's complaint seeks a ruling on indemnity for an underlying action that is ongoing and

8  therefore Entercom's complaint is premature and without merit. On January 24, 2008, the parties

9  stipulated that American Home's responsive pleading is due February 28, 2008. (Stipulation

10  Extending Time For Defendant American Home Assurance Company To Respond To The

11  Complaint filed on January 24, 2008.)

## II.

## ARGUMENT

14      Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss should be granted if the plaintiff is

15  unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell*

16  *Atlantic Corp. v Twombly*, (May 21, 2007) 127 S.Ct. 1955, 1974.  Dismissal is proper where there

17  is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a

18  cognizable legal theory." *Balistreri v. Pacifica Police Dept., et al.* (9th Cir. 1990) 901 F.2d 696,

19  699.

20      While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need

21  detailed factual allegations, a plaintiff's obligation to provide the grounds of it's entitlement to

22  relief requires more than labels and conclusions, and a formulatic recitation of the elements of a

23  cause of action will not do. In *Bell Atlantic,* the Court held that "[f]actual allegations must be

24  enough to raise a right to relief above the speculative level." *Bell Atlantic, supra,* at 1965.

25      **A.**    **Entercom's Claim For Breach Of Contract Is Not Ripe**

26      This action has arisen over Entercom's demand that American Home indemnify it for some

27  potentially occurring future event, i.e. a potential judgment or settlement in the underlying *Strange*

28  27276

3

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1    action. Entercom is not entitled to maintain a lawsuit against American Home, either under the

2    American Home policy or case law, for this potential future indemnity obligation.

3        In order to state a cause of action for breach of contract, Entercom must state the policy

4    provision(s) which American Home has breached. Nowhere in Entercom's complaint does it state

5    a specific provision of the policy which it believes was violated. Instead, Entercom makes

6    generalized statements that lead to the conclusion that Entercom does not like American Home.

7    Entercom's dislike of American Home is not the basis for a breach of contract action. The only

8    basis for a breach of contract action is an **actual** breach of contract.

9        The American Home policy provides that American Home will "pay on behalf of the

10   insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to

11   pay as damages because of liability imposed by law because of bodily injury . . .". Complaint at ¶

12   24.

13       Entercom's complaint does not state that this provision has been met. In fact, Entercom

14   states to the contrary by alleging that the *Strange* lawsuit is continuing. Complaint at ¶18.a.-b.

15   Accordingly, there has been no "legal obligation to pay damages because of liability imposed by

16   law". Without this prong of the insuring agreement being met, there is no duty to indemnify.

17   Without a duty to indemnify, there can be no breach of contract.

18       Entercom fails to allege any facts establishing that a justiciable controversy exists between

19   American Home and Entercom with regard to American Home's alleged breach of contract. The

20   gravamen of Entercom's breach of contract claim focuses on American Home's alleged breach of

21   the duty to settle. Complaint at ¶ 18.a. Entercom's claims on this issue are almost identical to the

22   policyholder claims recently rejected by the Northern District in *LensCrafters, Inc., et al. v.*

23   *Liberty Mutual Fire Insurance Company, et al.*, (N.D.Cal. 2008 slip op.), 2008 WL 410243.

24   ("*LensCrafters*").

25       In *Lenscrafters,* the policyholder sought declaratory relief, breach of contract regarding the

26   duty to indemnify and the duty to settle, and breach of the covenant of good faith and fair dealing,

27   for failing to accept a "reasonable settlement." *Id.* at *3. The Court indicated that the primary

28

27276                                        4

1   dispositive issue was whether the carriers' alleged breach of the duty to settle was unripe because

2   no settlement or judgment in excess of the primary policy limits had been entered. *Id.*  The

3   *Lenscrafter's* Court followed "the plain language of the California Supreme Court's guidance in

4   *Hamilton* that an excess judgment or settlement is prerequisite to a ripe claim for breach of the

5   duty to settle." *Id* at *4. (citing, *Mercado v. Allstate Ins. Co.* (9th Cir., 2003) 340 F.3d 824, 827);

6   *See, Hamilton v. Maryland Cas. Co.* (2002) 27 Cal.4th 718, 725 (stating, "the insured's action for

7   breach of the contractual duty to settle . . . does not mature, until a judgment in excess of the policy

8   limits has been entered against the insured."); *Finkelstein v. 20th Century Ins. Co.* (1992) 11

9   Cal.App.4th 926, 1929.

10         Entercom's complaint fails to allege any facts establishing that the requisite excess

11   judgment or settlement has been entered in this case. On the contrary, Entercom specifically

12   alleges that it has not yet settled the case. Complaint at ¶ 18.a.-b.  Because Entercom fails to allege

13   that a judgment or settlement in excess of the underlying policy limits has been entered, Entercom

14   fails to establish a justiciable claim for breach of the duty to settle under the rule articulated in

15   *LensCrafters* and *Hamilton*.

16         **B.     Entercom Fails To State A Claim For Breach Of The Implied Covenant**

17         Entercom's failure to state a claim for breach of contract fatally compromises Entercom's

18   claim for bad faith. "A ripe claim for breach of contract is a necessary element to assert a claim for

19   bad faith." *See, LensCrafters, supra* at *6 (citing, *Emerald Bay Community Ass'n* (2005) 130

20   Cal.App.4th 1078, 1096). Consequently, because Entercom has not alleged facts sufficient to

21   establish a ripe claim for breach of contract, Entercom does not allege facts sufficient to establish a

22   claim for "bad faith" on the part of American Home.

23         Furthermore, Entercom fails to allege sufficient facts to establish such "bad faith" conduct

24   in this case. "To establish . . . a bad faith claim, the insured must show that: (1) benefits due under

25   the policy were withheld; and (2) the reason for withholding the benefits was unreasonable or

26   without proper cause." *See, Gerawan Farming Partners, inc. v. Westchester Surplus Lines Ins. Co.*

27   (E.D.Cal. 2008 slip op.), 2008 WL 80711, at *21 (citing, *Neal v. Farmers Ins. Exchange* (1978) 21

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1    Cal.3d 910, 920). However, in this case, benefits can only be "due" under the American Home

2    excess policy after there has been a "legal obligation to pay damages because of liability imposed

3    by law". Entercom has clearly stated that this has not occurred. Accordingly, Entercom fails to

4    allege facts that establish any "benefits are due" under the excess American Home policy.

5        **C.**    **Entercom has not Alleged any Legally Recoverable Damages**

6          Similar to the policyholder in the *Lenscrafter* case, Entercom has failed to allege that it has

7    incurred any damages as a result of the alleged breach of contract and implied covenant of good

8    faith and fair dealing. A plaintiff must allege actual damages with particularity, as well as specific

9    facts showing such damages were the natural and direct result of defendant's conduct.

10    *LensCrafters, supra,* at *5.

11          Entercom alleges that it has incurred the following "damages":

12        1.   Any amounts Entercom incurs in entering into settlement;

13        2.   Legal fees that Entercom has incurred and continues to incur in defending the *Strange*

14            lawsuit, above the amounts reimbursed by Chubb;

15        3.   Costs incurred by Entercom in continuing to defend the Strange lawsuit;

16        4.   Consequential damages;

17        5.   Attorney fees and costs in pursuing coverage

18        Complaint at ¶ 18.b.

19          None of the foregoing "damages" are sufficient to support Entercom's cause of action.

20    Entercom has not settled the case, and has not shown that it is entitled to coverage, so there is no

21    present "damage", just potential future damage. *See, Wolkowitz v. Redland Ins. Co.* (2003) 111

22    Cal.App.4th 154, 163 (stating, "Until a judgment has been entered against the insured after a trial,

23    there is no assurance that the insured will suffer any damage from the insurer's breach of its

24    implied obligation to accept a reasonable settlement offer."). Chubb, the primary carrier, is

25    defending Entercom in this action. Complaint at ¶ 33. Therefore any damage Entercom has

26    incurred in defending is a matter between it and Chubb. *See, Hartford v. Superior Court, et al.*

27    (1994) 23 Cal.App.4th 1774, 1781. Finally, Entercom has failed to specify the "consequential

28    

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1   damage" it allegedly has incurred. This does not meet the requirements of Fed. R. Civ. P. 9(g)

2   which requires that the damages be pled with specificity.

**D.      The Allegations In The Complaint Do Not Support A Finding That An Immediate Controversy Exists Between the Parties**

In *Societe de Conditionnement en Aluminum v Hunter Engineering*, (C.A. Cal. 1981) 655 F.2d 938, 943, the Ninth Circuit concluded that a declaratory judgment is not appropriate when there is a "dispute of a hypothetical or abstract character" or when a party seeks "an opinion advising what the law would be in a hypothetical state of fact." Although the *Societe* court observed that the difference is necessarily one of degree without a precise test for whether such a controversy exists, the factual circumstances must show an actual substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment. *Id.* at 942-943. Here, the *Societe* "general principles" establish that no such justiciable case or controversy exists.

Entercom fails to recognize that there is no actual controversy between Entercom and American Home until there is a final judgement or settlement. Entercom fails to allege facts that establish an immediate controversy between the parties. As the California Supreme Court stated in *Hamilton*, "a claimants action against the insurer does not mature until a judgment in excess of the policy limits has been entered against the insured." *Hamilton, supra* at 725. As discussed above, this has not occurred. Therefore, there can be no immediate controversy, as there is no present justiciable controversy.

**E.      Entercom Does Not Allege Sufficient Facts To Support A Finding That American Home Took Any Action That Imperils Entercom's Rights**

Entercom fails to state a claim for injunctive relief, because Entercom fails to allege any facts establishing that American Home is involved in harmful conduct, imperiling Entercom's legally recognized rights, which will continue in the future. Injunctive relief contemplates protection of a legally recognized right from some future irreparable harm. *See, ReadyLink Healthcare v. Cotton* (2005) 126 Cal.App.4th 1006; *Meridian, Limited v. City and County of San Francisco* (1939) 13 Cal.2d 424, 446. Under California law, "[i]njunctive relief is appropriate only

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1   when there is a threat of continuing misconduct." *Madrid v. Perot Systems Corporation, et al.*

2   (2005) 130 Cal.App.4th 440, 463.

3       In the present case, Entercom seeks to enjoin American Home from: (1) objecting to

4   settlement of the underlying claim; and (2) asserting American Home's other contractual rights

5   under the American Home policy. Complaint at ¶ 18.d. Entercom acknowledges that each of these

6   courses of action is authorized by the terms of the American Home policy. Complaint at ¶¶ 26-27.

7   Entercom fails to allege facts establishing that American Home's exercise of its contractual rights

8   equates to "misconduct,".

9       Furthermore, injunctive relief requires a showing that the balance of equities favors

10  issuance of an injunction. *See*, *Phillips v. Isham* (1952) 11 Cal.App.2d 537, 539. However,

11  Entercom neglects to address the cost to American Home of forfeiting its contractual rights under

12  the American Home policy, or to show that the costs to Entercom, if the contract is left intact, is

13  any greater than the costs to American Home, if American Home is denied its rights under the

14  terms of the American Home policy.

15      Because Entercom fails to allege facts that establish: (1) misconduct by American Home

16  beyond the exercise of its contractual rights; and (2) greater equity in denying American Home its

17  contractual rights than in leaving the parties in the positions for which they contracted, Entercom

18  fails to state a claim for injunctive relief upon which relief may be granted.

19  **F.      California Law Requires The Stay Of Actions Until Resolution Of The
20           Underlying Claim**

21      When the liability insurance coverage turns on factual questions that will be litigated in the

22  underlying litigation action, the California Supreme Court has established that the action should be

23  stayed until the underlying action against the policyholder is resolved. *Montrose Chemical Corp. v.*

24  *Superior Court* (1993) 6 Cal.4th 287, 301-302.

25      Under circumstances similar to those in the present action, the court in *David Kleis, Inc. v.*

26  *Superior Court* (1995) 37 Cal.App.4th 1035, 1044-45, held that the declaratory judgment action on

27  the insurance coverage issues was stayed until final judgment was entered in the underlying sexual

28  27276                                  8

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1  harassment action. In *Kleis,* the mixed liability issues in the underlying action, and the insurance

2  coverage issues in the declaratory judgment action, parallel the matters presented in the *Strange*

3  action and Entercom's coverage action. The *Kleis* court stated the "classic" situation in which an

4  action should be stayed is where the third party seeks damages based on the insured's conduct, and

5  the insurer does not provide coverage if the insured acted intentionally. *Id.* at 1044.  Because the

6  insurance coverage question depends on facts to be litigated in the underlying action, the coverage

7  action should be stayed "[t]o eliminate the risk of inconsistent factual determinations that could

8  prejudice the insured. *Id.* at 1044 (citing *Montrose, supra,* at 301.)

9      Likewise, in *Haskel, Inc. v. Superior Court* (1995) 33 Cal.App.4th 963, 980-981, the court

10  concluded that discovery could not proceed if it was "logically related" to issues affecting the

11  insured's liability in the underlying action. The *Haskel* court stayed the coverage action, finding

12  that an action could only proceed when there is no potential conflict between the trial of the

13  coverage dispute and the underlying action. *Id.* at 980.

14      As in *Montrose, Kleis* and *Haskel,* proceeding with the coverage action, while the

15  underlying *Strange* action is proceeding, potentially prejudices the parties and can result in

16  inconsistent factual determinations.

### III.

### CONCLUSION

19      American Home requests that this Court grant its motion to dismiss Entercom's complaint

20  because Entercom has failed to state a claim upon which relief may be granted. Granting American

21  Homes' motion to dismiss is appropriate in this case in that an excess judgment or settlement has

22  not been reached in this matter, therefore Entercom fails to establish a justiciable claim.

23      In the event the Court does not grant American Home's motion to dismiss, American

24  Home requests that the Court grant a motion to stay until the *Strange* action is resolved.  A stay

25  will permit the Court and parties to determine which of Entercom's allegations, if any, ripen into

26  actual controversies.  Further, once the *Strange* action is resolved, American Home will be able to

27  defend itself against any of Entercom's surviving allegations without the threat of potentially

28  27276                                9

1    prejudicing Entercom's interest in the underlying action or inconsistent results in the *Strange* and

2    coverage actions.

3

4    Dated: February 28, 2008                                    McCURDY & FULLER, LLP

5

6                                                                MARY P. McCURDY

7                                                                CHRISTINA LAVANIER

8                                                                Attorneys for Defendant
                                                                 AMERICAN HOME ASSURANCE
9                                                                COMPANY

10

11

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27276                                    10