SUSAN K. SULLIVAN (SBN 156418)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 18th Floor
Los Angeles, CA  90017
Telephone:  (213)-426-6900
Facsimile:  (213) 426-6921
E-mail:  susan.sullivan@sdma.com

MARY P. McCURDY (SBN 116812)
CHRISTINA M. LAVANIER (SBN 233335)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone:  (650) 618-3500
Facsimile:  (650) 618-3599
E-mail:  mary.mccurdy@mccurdylawyers.com
        christina.lavanier@mccurdylawyers.com

Attorneys for Defendant
AMERICAN HOME ASSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a California Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; and JOHN GEARY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,<br><br>Defendant. | **CASE NO. CV 07-06493 JSW**<br><br>**DECLARATION OF MICHAEL HIPWOOD IN SUPPORT OF DEFENDANT AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION AND RULE 56(f) REQUEST** |

I, Michael Hipwood declare:

1.    I am a complex director with AIG Domestic Claims, Inc. claim administrator for American Home (hereinafter collectively referred to as "AIG Domestic Claims") policy no. BE6849213 issued to Entercom Communications, Corp.

2.    From August 2007 to present, I have been the primary person at AIG Domestic

27345

- 1 -

**Declaration of Michael Hipwood**
**CV 07-06493**

Claims handling the claims made against Entercom in the *Strange v Entercom* lawsuit ("*Strange* action") and other claims against Entercom arising out of the "Hold Your Wee For A Wii" contest.

3.     On October 4, 2007 I participated in a meeting with Entercom and it counsel. One of the purposes of the meeting was to discuss potential resolution of this matter. Present at the meeting, among others, were myself and Michael Dash ("Dash"), associate counsel for Entercom.

4.     On October 23, 2007 I spoke with Dash regarding potential resolution of the underlying *Strange* action. I made a proposal to Dash regarding potential resolution of the underlying *Strange* action. As I did not receive a response to my proposal, I followed up with Dash on December 4, 2007. Dash apologized for not getting back to me and indicated that he did not expect to respond before the end of the year. On January 3, 2008, I again spoke with Dash, but he did not provide me with a definitive response to my proposal. On February 14, 2008 I followed up with Dash as to Entercom's response to my proposal. On February 21, 2008 Dash responded and rejected my proposal.

5.     On February 14, 2008 I received a revised settlement demand from plaintiffs' counsel in the *Strange* action for $10M. This revised demand contemplates settlement of all claims against all defendants in the *Strange* action and is $3M less than plaintiffs' prior settlement demand of $13M, made in July 2007. A true and correct copy of the revised settlement demand is attached hereto as **Exhibit J**.

6.     I have been informed by Entercom that no trial date has been set in the *Strange* action and the next status conference with the court is set for on or about April 10, 2008.

7.     American Home has not denied coverage for Entercom's claim. Instead, American Home is participating in the defense of Entercom under a reservation of rights.

8.     At no time have I refused to discuss settlement or settlement demands with Entercom.

9.     AIG Domestic Claims received notice of the lawsuit filed by Lucy Davidson, Victoria Myers and Gina Sherrod against Entercom and other defendants in Sacramento Superior

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1    Court styled *Davidson v. Entercom* on or about May 21, 2007 (the "*Davidson* action"). Each of

2    the plaintiffs in the *Davidson* action allege that they participated in the "Hold Your Wee For A

3    Wii" contest ("Contest") hosted by Entercom on January 12, 2007. The *Davidson* plaintiffs also

4    allege that they were physically injured as a direct result of their participation in the Contest and

5    that they each sustained damages, including medical expenses and loss of earnings, as a result

6    thereof. Attached hereto as **Exhibit K** is a true and correct copy of the *Davidson* complaint.

7        I declare under penalty of perjury under the laws of the State of California and the United

8    States of America that the foregoing is true and correct.

9        Executed this 7th day of March 2008, in New York City, New York

10

11

12                                                    *Michael Hipwood*

13                                                    Michael Hipwood

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

27345

# EXHIBIT J

# DREYER, BABICH, BUCCOLA & CALLAHAM, LLP

## ATTORNEYS AT LAW

Roger A. Dreyer*
Joseph J. Babich* .
Robert A. Buccola*
William C. Callaham*
Craig C. Sheffer
Stephen F. Davids
John W. Jefferson
Christopher W. Wood
Hank G. Greenblatt*
Steven M. Campora

*Certified Specialist
in Civil Trial Advocacy
by the National Board
of Trial Advocacy

20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599
Website: www.dbbc.com

Fresno Office: (559) 268-4175
Auburn Office: (530) 889-1800

Stanley P. Fleshman
Eliot M. Reiner
Lena L. Dalby
Joseph R. Yates
Robert B. Bale
Charles M. Barrett
Jonathan R. Hayes
Catia G. Saraiva
Eunice C. Majam
Stacey L. Roberts
Daniel R. Del Rio
Randee M. Sandlin

February 11, 2008

Douglas Sullivan, Esq.
Folger, Levin & Kahn, LLP
275 Battery Street, 23rd Floor
San Francisco, CA 94111

Re:    *Strange v. Entercom Sacramento, LLC, et al.*

Dear Mr. Sullivan:

Enclosed please find a statutory offer to compromise. Acceptance of this 998 demand would include dismissal of all claims against any *Entercom* Defendant by *all* Plaintiffs represented by this office. The demand is for $10,000,000. Once the statutory time period expires, it will never be available to Defendants again.

On numerous occasions, Entercom has expressed an interest in mediating this case, and I have taken that to heart in consulting with my clients regarding this demand. In no event would this case have settled in mediation for less than $10,000,000. By this demand, Entercom receives the "benefit" of the lowest number the case might otherwise have settled for in mediation without the time, trouble or expense.

Entercom knows everything it needs to know to fairly evaluate this case, so no extension will be granted. In the meantime, do not hesitate to call with any questions.

Sincerely,

DREYER, BABICH, BUCCOLA & CALLAHAM, LLP

By _____
ROGER A. DREYER

RAD/dlb
Enclosure
cc: Donald W. Carlson, Esq.

1 | ROGER A. DREYER, ESQ. / SBN: 095462
**DREYER, BABICH, BUCCOLA & CALLAHAM, LLP**
2 | 20 Bicentennial Circle
Sacramento, CA 95826
3 | Telephone: (916) 379-3500
Facsimile: (916) 379-3599

4 |

5 | Attorneys for Plaintiff,
WILLIAM A. STRANGE, individually,
and as Guardian *ad Litem* for RYLAND
6 | STRANGE and JORIE STRANGE, minors

7 | Harvey R. Levine, Esq.
**LEVINE, STEINBERG, MILLER & HUVER**
8 | 550 West C Street, Suite 1810
San Diego, CA 92101
9 | Telephone: (619) 231-9449
Facsimile: (619) 231-8638

10 |

11 | Attorneys for Plaintiff,
RONALD E. SIMS, as Guardian *ad Litem*
for KEEGAN SIMS, a minor
12 |

13 | SUPERIOR COURT OF CALIFORNIA

14 | COUNTY OF SACRAMENTO

15 |

16 | WILLIAM A. STRANGE, individually,
and as Guardian *ad Litem* for RYLAND
17 | STRANGE and JORIE STRANGE, minors;
RONALD E. SIMS, as Guardian *ad Litem*
18 | for KEEGAN SIMS, a minor,

Case No.: 07AS00377

19 |     Plaintiffs,

**OFFER TO COMPROMISE**

20 | v.

21 | ENTERCOM SACRAMENTO, LLC,
ENTERCOM COMMUNICATIONS,
22 | CORP., JOHN GEARY, STEVE WEED,
ROBIN PECHOTA, LIZ DIAZ, ADAM
23 | COX, STEVE MANEY, PATRICIA SWEET,
MATT CARTER and DOES 1 through 40,
24 | inclusive,

25 |     Defendants.

26 |

27 |     TO DEFENDANT ENTERCOM SACRAMENTO, LLC AND ITS ATTORNEYS OF

28 | **RECORD:**

-1-

**Offer to Compromise;**
**Notice of Acceptance of Offer to Compromise**

1      Pursuant to CCP Section 998, the heirs of Jennifer Strange (Plaintiff WILLIAM A.

2 STRANGE, individually and as Guardian ad Litem for RYLAND STRANGE and JORIE

3 STRANGE, minors; and Plaintiff RONALD E. SIMS, as Guardian ad Litem for KEEGAN

4 SIMS, a minor) offer to have judgment taken against Defendant ENTERCOM

5 SACRAMENTO, LLC as to the wrongful death claim arising out of the death of Jennifer

6 Strange on January 12, 2007, for the sum of $10,000,000, with each party to bear its own

7 costs. Plaintiffs, as the sole surviving heirs of Jennifer Strange, hereby stipulate that they

8 will ask for one single recovery from the jury at trial, thereby justifying a joint CCP section

9 998 offer as set forth herein.  (See Johnson v. Pratt & Whitney (1994) 28 Cal.App.4th 613,

10 630, Estate of D'India (1976) 63 Cal.App.3d 942, 947.)

11      Acceptance of this offer will result in a full and complete dismissal with prejudice

12 of all of Plaintiffs' claims against Defendants, ENTERCOM COMMUNICATIONS, CORP.,

13 JOHN GEARY, STEVE WEED, ROBIN PECHOTA, LIZ DIAZ, ADAM COX, STEVE MANEY,

14 PATRICIA SWEET and MATT CARTER arising out of the subject incident.

15      If you accept this offer, please sign and date the accompanying notice of

16 acceptance, and file the offer and notice of acceptance in the above-entitled action with

17 the Court prior to trial or within 30 days after the offer is made, whichever occurs first, or

18 else it will be deemed withdrawn.

19 DATED:   2-12-08                    DREYER, BABICH, BUCCOLA & CALLAHAM, LLP

20

21                          By: _____

22                              ROGER A. DREYER
                             Attorneys for Plaintiffs

23

24

25

26

27

28

-2-

1

2

3

4

5

6

7

8                        SUPERIOR COURT OF CALIFORNIA

9                            COUNTY OF SACRAMENTO

10

11    WILLIAM A. STRANGE, individually,          Case No.: 07AS00377
      and as Guardian *ad Litem* for RYLAND
12    STRANGE and JORIE STRANGE, minors;
      RONALD E. SIMS, as Guardian *ad Litem*
13    for KEEGAN SIMS, a minor,

14            Plaintiffs,                         NOTICE OF ACCEPTANCE OF OFFER TO
                                                 COMPROMISE
15    v.

16    ENTERCOM SACRAMENTO, LLC,
      ENTERCOM COMMUNICATIONS,
17    CORP., JOHN GEARY, STEVE WEED,
      ROBIN PECHOTA, LIZ DIAZ, ADAM
18    COX, STEVE MANEY, PATRICIA SWEET,
      MATT CARTER and DOES 1 through 40,
19    inclusive,

20            Defendants.

21

22    **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

23        NOTICE IS HEREBY GIVEN that Defendant, ENTERCOM SACRAMENTO, LLC,

24    accepts the offer made by the heirs of Jennifer Strange (Plaintiff WILLIAM A. STRANGE,

25    individually and as Guardian ad Litem for RYLAND STRANGE and JORIE STRANGE,

26    minors; and Plaintiff RONALD E. SIMS, as Guardian ad Litem for KEEGAN SIMS, a minor)

27    to have judgment taken for Plaintiff and against Defendant in the above-entitled action for

28    the sum of $10,000,000, each party to bear its own costs.

-3-

Offer to Compromise;
Notice of Acceptance of Offer to Compromise

1         Acceptance of this offer will result in a full and complete dismissal with prejudice

2  of all of Plaintiffs' claims against Defendants, ENTERCOM COMMUNICATIONS, CORP.,

3  JOHN GEARY, STEVE WEED, ROBIN PECHOTA, LIZ DIAZ, ADAM COX, STEVE MANEY,

4  PATRICIA SWEET and MATT CARTER arising out of the subject incident.

5  DATED:                  **FOLGER LEVIN & KAHN LLP**

6

7                        By:_____

8                            Douglas Sullivan, Esq.
Attorneys for Defendants,
ENTERCOM SACRAMENTO, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**PROOF OF SERVICE – CCP § 1013, 1013a, 2015.5**
**and California Rules of Court, Rule 2008**

1  *Strange v. Entercom Sacramento, LLC, et al.*
2  *Sacramento County Superior Case No.: 07AS00377*

3       I, Gina DeHerrera, declare that:

4       I am a citizen of the United States and am over the age of eighteen years and not a
party to the within above-entitled action.  I am an employee of Dreyer, Babich, Buccola &
5  Callaham, LLP and my business address is 20 Bicentennial Circle, Sacramento, California
95826.
6

7       On _2-12_, 2008, I served the within document:

8                    **OFFER TO COMPROMISE;**
          **NOTICE OF ACCEPTANCE OF OFFER TO COMPROMISE**
9

   On the parties in said action addressed as follows:
10

11                    **SEE ATTACHED SERVICE LIST**

12  ☐  **BY FACSIMILE MACHINE (FAX):** On _____, 2008, at _____ a.m./p.m.
       by use of facsimile machine telephone number (916) 379-3599, I served a true
13      copy of the aforementioned document(s) on the parties in said action by
       transmitting by facsimile machine to the numbers as set forth above.  The facsimile
14      machine I used complied with California Rules of Court, Rule 2003(3) and no error
       was reported by the machine.  Pursuant to California Rules of Court, Rule 2008(e),
15      I caused the machine to print a transmission record of the transmission, a copy of
       which is attached to this Declaration.

16  ☑  **BY MAIL:**  I am familiar with my employer's practice for the collection and
       processing of correspondence for mailing with the United States Postal Service and
17      that each day's mail is deposited with the United States Postal Service that same
       day in the ordinary course of business.   On the date set forth above, I served the
18      aforementioned document(s) on the parties in said action by placing a true and
       correct copy thereof enclosed in a sealed envelope with postage thereon fully
19      prepaid, for collection and mailing on this date, following ordinary business
       practices, at Sacramento, California, addressed as set forth above.
20

21  ☐  **BY PERSONAL SERVICE:**  By personally delivering a true copy thereof to the office
       of the addressee above.

22  ☐  **BY OVERNIGHT COURIER:**  By causing a true copy and/or original thereof to be
       personally delivered via the following overnight courier service: _____.
23

24       I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct, and that this declaration was executed on _2-12_, 2008, at
25  Sacramento, California.

26
                                   _____
27                                  Gina DeHerrera

28

                                   -5-

| | | |
|---|---|---|
| 1 | James Goldberg, Esq.<br>Douglas Sullivan, Esq. | Attorneys for Defendants,<br>ENTERCOM SACRAMENTO, LLC, |
| 2 | Folger Levin & Kahn LLP<br>275 Battery Street, 23rd Floor | ENTERCOM COMMUNICATIONS,<br>CORP. and JOHN GEARY |
| 3 | San Francisco, CA 94111<br>Telephone: (415) 986-2800 | |
| 4 | Facsimile: (415) 986-2827 | |
| 5 | Donald W. Carlson, Esq. | |
| 6 | Michael C. Cooper, Esq.<br>Carlson, Calladine & Peterson LLP | |
| 7 | 353 Sacramento Street, 16th Floor<br>San Francisco, CA 94111 | |
| 8 | Telephone: (415) 391-3911<br>Facsimile: (415) 391-3898 | |

-6-

**Offer to Compromise;**
**Notice of Acceptance of Offer to Compromise**

# EXHIBIT K

1  R. PARKER WHITE
   State Bar No. 95579
2  **POSWALL, WHITE & CUTLER**
   1001 G Street, Suite 301
3  Sacramento, California 95814
   Telephone: (916) 449-1300
4
   Attorneys for Plaintiffs
5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SACRAMENTO

10                                         07AS02328

11  LUCY DAVIDSON, VICTORIA MYERS      )   CASE NO.
    and GINA SHERROD,                  )
12                                     )   **COMPLAINT FOR DAMAGES**
              Plaintiffs,              )   **(Personal Injury - Negligence;**
13                                     )   **Intentional Infliction of Emotional**
         v.                            )   **Distress)**
14                                     )
    ENTERCOM SACRAMENTO, LLC;          )
15  ENTERCOM COMMUNICATIONS,           )
    CORP.; JOHN GEARY; STEVE WEED;     )
16  ROBIN PECHOTA; LIZ DIAZ; ADAM      )
    COX; STEVE MANEY; PATRICIA         )
17  SWEET; MATT CARTER and DOES 1      )
    through 50 inclusive,              )
18                                     )
              Defendants.              )
19  _____)

20

21       Plaintiffs, LUCY DAVIDSON, VICTORIA MYERS and GINA SHERROD,

22  complain of defendants, and each of them, for an amount in excess of $25,000.00 and

23  in excess of the minimum jurisdictional limits of this Court, and alleges as follows:

24              **ALLEGATIONS COMMON TO ALL COUNTS**

25       1.    The true names and capacities, whether individual, corporate, associate

26  or otherwise, of the defendants, DOES 1 through 50, inclusive, are unknown to

27  plaintiffs, who therefore sues such defendants by such fictitious names, and plaintiffs

28  will amend this complaint to show their true names and capacities when the same have

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

FILED
ENDORSED
07 MAY 21 PM 4:23
LEGAL PROCESS #3

1  been ascertained.  Plaintiffs are informed and believe and thereon allege that each of

2  the defendants, DOES 1 through 50, inclusive, is responsible under law in some

3  manner, negligently, in warranty, strictly, or otherwise, for the events and happenings

4  herein referred to and proximately thereby caused injuries and damages to plaintiffs as

5  herein alleged.

6    2.    Plaintiffs are now, and at all times herein mentioned were, citizens of and

7  resident within the State of California, and the defendants, and each of them, are now,

8  and at all times herein mentioned were, citizens of and residents within the State of

9  California, and the amount in controversy exceeds the minimum jurisdictional limits of

10  the Court.

11    3.    Plaintiffs are informed and believe and thereon allege that, at all times

12  herein mentioned, each of the defendants were the agents, employees, principals or

13  employers of each of the remaining defendants and were at all times relevant, acting

14  within the course and scope of said relationships and each defendants have authorized,

15  ratified and approved the acts of each of the remaining defendants.

16    4.    That defendants, ENTERCOM SACRAMENTO, LLC; ENTERCOM

17  COMMUNICATIONS, CORP.; and DOES 1 through 25, are now, and at all times herein

18  mentioned were, California business entities, as a corporation, association, partnership

19  or other type of business entity, doing business as a radio station identified as KDND

20  107.9 The End, broadcasting in the greater Sacramento area, and plaintiffs will ask

21  leave to insert the correct designation when the same has been ascertained.

22    5.    That the defendants, JOHN GEARY; STEVE WEED; ROBIN PECHOTA;

23  LIZ DIAZ; ADAM COX; STEVE MANEY; PATRICIA SWEET; MATT CARTER and

24  DOES 26 through 50, at all times herein mentioned, were officers, managers, agents

25  and/or employees of defendants, ENTERCOM SACRAMENTO, LLC; ENTERCOM

26  COMMUNICATIONS, CORP.; and DOES 1 through 25, and each of them.

27  ///

28  ///

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

**FIRST CAUSE OF ACTION**
(Negligence)

6.   Plaintiff LUCY DAVIDSON repleads and realleges paragraphs 1 through 5 as though fully set forth herein.

7.   On or about January 12, 2007, plaintiff LUCY DAVIDSON participated in an on-air radio contest known as "Hold your Wee for a Wii" which was promoted, advertised, created, devised, orchestrated, organized, arranged and publicized by the Defendants, and each of them, wherein Plaintiff competed for the right to receive a Nintendo Wii video gaming system by trying to consume the most water in a three-hour period without urinating.

8.   At no time before the contest did Plaintiff sign a release of liability contractually relieving any Defendants of their duty of care in organizing and running the contest.

9.   At all times, it was foreseeable to Defendants, and each of them, that Plaintiff was at risk for serious illness and/or death as the result of consuming extensive amounts of water in a relatively short period of time.  At all relevant times preceding the contest, Defendants were aware that consumption of water to such an extent could result in physical injury or death.  Defendants had specific knowledge of a relatively recent fraternity hazing incident in Northern California as a result of which a young man died from over-consumption of water.  Defendants had specific knowledge of similar contests at other radio stations in California during which contestants required medical attention as a result of their participation.  Defendants were specifically informed before and/or during the contest that the contestants, including Plaintiff, were subject to the risk of serious illness and/or death as a result of their participation.

10.   Prior to commencement of the contest, Defendants and each of them failed to conduct a reasonable investigation to determine the relative health risks to contest participants, including Plaintiff.  Defendant negligently failed to consult with appropriate health authorities regarding the relative health risks posed by such an

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

1  enterprise. Defendants negligently failed to identify specific health risks or inform

2  Plaintiff of any such risks. Defendants negligently failed to post any health advisories

3  and failed to take any steps to identify prospective participants who might be at risk of

4  injury. Defendants negligently failed to secure any medical professional or para-

5  professional services during the contest, ever after the contestants, including Plaintiff,

6  began feeling ill, and similarly failed to require an examination by a competent physician

7  of each contest participant prior to the commencement of the contest. Defendants

8  individually and collectively knew or should have known of the health risks of such a

9  contest, but took no reasonable steps to advise, warn, supervise or otherwise protect

10  contest participants including Plaintiff.

11       11.    Plaintiff LUCY DAVIDSON complained of feeling ill while in-studio.

12  Defendants negligently failed to provide any assistance, medical or otherwise, to

13  Plaintiff.

14       12.    As a proximate result of the said negligence and carelessness of the

15  Defendants, and each of them, plaintiff LUCY DAVIDSON was hurt and injured in her

16  health, strength and activity, sustaining injury to her body and shock and injury to her

17  nervous system and person, all of which said injuries have caused and continue to

18  cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is

19  informed and believes and therefore alleges that said injuries will result in some

20  permanent disability to her all to her general damage in an amount in excess of the

21  minimum jurisdictional limits of this Court.

22       13.    As a further proximate result of the negligence of Defendants, and each of

23  them, Plaintiff was required to and did employ, physicians and surgeons to examine,

24  treat and care for her and did incur, and will in the future incur, medical and incidental

25  expenses. The exact amount of such expense is unknown to Plaintiff at this time, and

26  Plaintiff shall seek leave to amend this pleading when the same has been ascertained

27  by her.

28  ///

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

4

14.    As a further proximate result of the said negligence of the Defendants, and each of them, Plaintiff LUCY DAVIDSON was prevented from attending to her usual occupation, all to Plaintiff's further damage in an amount unknown at this time, and Plaintiff will ask leave to amend her complaint to show the exact amount when determined.

WHEREFORE, Plaintiff LUCY DAVIDSON prays for judgment against the defendants, and each of them, as follows:

1.    For general damages in a sum in excess of the minimum jurisdictional limits of this Court;

2.    For medical and incidental expenses according to proof;

3.    For loss of earnings according to proof;

4.    For all costs of suit incurred herein; and

5.    For such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (Intentional Inflection of Emotional Distress)

15.    Plaintiff LUCY DAVIDSON repleads and realleges paragraphs 1 through 5 and the First Cause of Action as though fully set forth herein.

16.    Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff LUCY DAVIDSON to suffer humiliation, mental anguish, and emotional and physical distress.  It was done with a wanton and reckless disregard of the consequences to Plaintiff.

17.    The conduct of Defendants was intended to injure and was done with a reckless disregard to injury to Plaintiff LUCY DAVIDSON and with full knowledge of the probable consequences.  Said conduct was extreme, outrageous, despicable, and beyond all bounds of propriety.

18.    As a proximate result of the intentional conduct of Defendants herein, Plaintiff LUCY DAVIDSON suffered severe emotional distress, psychological and

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

5

1  emotional injury, pain and suffering, and continues and will in the future suffer similar

2  injury by reason of the improper intentional infliction of emotional distress upon Plaintiff.

3       19.    The conduct of Defendants herein was intentional, malicious, oppressive,

4  reprehensible, and despicable, and warrants the imposition of exemplary and punitive

5  damages.

6       WHEREFORE, Plaintiff LUCY DAVIDSON prays judgment against defendants,

7  and each of them, as follows:

8       1.    For compensatory damages in excess of the jurisdictional minimum

9  of this Court;

10       2.    For special damages according to proof;

11       3.    For punitive damages;

12       4.    For costs of suit; and

13       5.    For such other and further relief as the Court deems just and

14  proper.

15  **THIRD CAUSE OF ACTION**<br>(Negligence)

16

17       20.    Plaintiff VICTORIA MYERS repleads and realleges paragraphs 1 through

18  5 as though fully set forth herein.

19       21.    On or about January 12, 2007, plaintiff VICTORIA MYERS participated in

20  an on-air radio contest known as "Hold your Wee for a Wii" which was promoted,

21  advertised, created, devised, orchestrated, organized, arranged and publicized by the

22  Defendants, and each of them, wherein Plaintiff competed for the right to receive a

23  Nintendo Wii video gaming system by trying to consume the most water in a three-hour

24  period without urinating.

25       22.    At no time before the contest did Plaintiff sign a release of liability

26  contractually relieving any Defendants of their duty of care in organizing and running

27  the contest.

28  ///

---

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

23.     At all times, it was foreseeable to Defendants, and each of them, that Plaintiff was at risk for serious illness and/or death as the result of consuming extensive amounts of water in a relatively short period of time. At all relevant times preceding the contest, Defendants were aware that consumption of water to such an extent could result in physical injury or death. Defendants had specific knowledge of a relatively recent fraternity hazing incident in Northern California as a result of which a young man died from over-consumption of water. Defendants had specific knowledge of similar contests at other radio stations in California during which contestants required medical attention as a result of their participation. Defendants were specifically informed before and/or during the contest that the contestants, including Plaintiff, were subject to the risk of serious illness and/or death as a result of their participation.

24.     Prior to commencement of the contest, Defendants and each of them failed to conduct a reasonable investigation to determine the relative health risks to contest participants, including Plaintiff. Defendant negligently failed to consult with appropriate health authorities regarding the relative health risks posed by such an enterprise. Defendants negligently failed to identify specific health risks or inform Plaintiff of any such risks. Defendants negligently failed to post any health advisories and failed to take any steps to identify prospective participants who might be at risk of injury. Defendants negligently failed to secure any medical professional or para-professional services during the contest, ever after the contestants, including Plaintiff, began feeling ill, and similarly failed to require an examination by a competent physician of each contest participant prior to the commencement of the contest. Defendants individually and collectively knew or should have known of the health risks of such a contest, but took no reasonable steps to advise, warn, supervise or otherwise protect contest participants including Plaintiff.

25.     Plaintiff VICTORIA MYERS complained of feeling ill while in-studio. Defendants negligently failed to provide any assistance, medical or otherwise, to Plaintiff.

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

7

1    26.    As a proximate result of the said negligence and carelessness of the

2  Defendants, and each of them, plaintiff VICTORIA MYERS was hurt and injured in her

3  health, strength and activity, sustaining injury to her body and shock and injury to her

4  nervous system and person, all of which said injuries have caused and continue to

5  cause Plaintiff great mental, physical and nervous pain and suffering.  Plaintiff is

6  informed and believes and therefore alleges that said injuries will result in some

7  permanent disability to her all to her general damage in an amount in excess of the

8  minimum jurisdictional limits of this Court.

9    27.    As a further proximate result of the negligence of Defendants, and each of

10  them, Plaintiff was required to and did employ, physicians and surgeons to examine,

11  treat and care for her and did incur, and will in the future incur, medical and incidental

12  expenses.  The exact amount of such expense is unknown to Plaintiff at this time, and

13  Plaintiff shall seek leave to amend this pleading when the same has been ascertained

14  by her.

15    28.    As a further proximate result of the said negligence of the Defendants,

16  and each of them, Plaintiff VICTORIA MYERS was prevented from attending to her

17  usual occupation, all to Plaintiff's further damage in an amount unknown at this time,

18  and Plaintiff will ask leave to amend her complaint to show the exact amount when

19  determined.

20    WHEREFORE, Plaintiff VICTORIA MYERS prays for judgment against the

21  defendants, and each of them, as follows:

22    1.    For general damages in a sum in excess of the minimum

23  jurisdictional limits of this Court;

24    2.    For medical and incidental expenses according to proof;

25    3.    For loss of earnings according to proof;

26    4.    For all costs of suit incurred herein; and

27    5.    For such other and further relief as this Court may deem just and

28  proper.

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

8

1
2

### FOURTH CAUSE OF ACTION
(Intentional Inflection of Emotional Distress)

3      29.    Plaintiff VICTORIA MYERS repleads and realleges paragraphs 1 through

4  5 and the Third Cause of Action as though fully set forth herein.

5      30.    Defendants' conduct was intentional and malicious and done for the

6  purpose of causing Plaintiff VICTORIA MYERS to suffer humiliation, mental anguish,

7  and emotional and physical distress.  It was done with a wanton and reckless disregard

8  of the consequences to Plaintiff.

9      31.    The conduct of Defendants was intended to injure and was done with a

10  reckless disregard to injury to Plaintiff VICTORIA MYERS and with full knowledge of the

11  probable consequences.  Said conduct was extreme, outrageous, despicable, and

12  beyond all bounds of propriety.

13      32.    As a proximate result of the intentional conduct of Defendants herein,

14  Plaintiff VICTORIA MYERS suffered severe emotional distress, psychological and

15  emotional injury, pain and suffering, and continues and will in the future suffer similar

16  injury by reason of the improper intentional infliction of emotional distress upon Plaintiff.

17      33.    The conduct of Defendants herein was intentional, malicious, oppressive,

18  reprehensible, and despicable, and warrants the imposition of exemplary and punitive

19  damages.

20      WHEREFORE, Plaintiff VICTORIA MYERS prays judgment against defendants,

21  and each of them, as follows:

22      1.    For compensatory damages in excess of the jurisdictional minimum

23  of this Court;

24      2.    For special damages according to proof;

25      3.    For punitive damages;

26      4.    For costs of suit; and

27      5.    For such other and further relief as the Court deems just and

28  proper.

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

### FIFTH CAUSE OF ACTION
(Negligence)

34.    Plaintiff GINA SHERROD repleads and realleges paragraphs 1 through 5 as though fully set forth herein.

35.    On or about January 12, 2007, plaintiff GINA SHERROD participated in an on-air radio contest known as "Hold your Wee for a Wii" which was promoted, advertised, created, devised, orchestrated, organized, arranged and publicized by the Defendants, and each of them, wherein Plaintiff competed for the right to receive a Nintendo Wii video gaming system by trying to consume the most water in a three-hour period without urinating.

36.    At no time before the contest did Plaintiff sign a release of liability contractually relieving any Defendants of their duty of care in organizing and running the contest.

37.    At all times, it was foreseeable to Defendants, and each of them, that Plaintiff was at risk for serious illness and/or death as the result of consuming extensive amounts of water in a relatively short period of time.  At all relevant times preceding the contest, Defendants were aware that consumption of water to such an extent could result in physical injury or death.  Defendants had specific knowledge of a relatively recent fraternity hazing incident in Northern California as a result of which a young man died from over-consumption of water.  Defendants had specific knowledge of similar contests at other radio stations in California during which contestants required medical attention as a result of their participation.  Defendants were specifically informed before and/or during the contest that the contestants, including Plaintiff, were subject to the risk of serious illness and/or death as a result of their participation.

38.    Prior to commencement of the contest, Defendants and each of them failed to conduct a reasonable investigation to determine the relative health risks to contest participants, including Plaintiff.  Defendant negligently failed to consult with appropriate health authorities regarding the relative health risks posed by such an

1   enterprise.  Defendants negligently failed to identify specific health risks or inform

2   Plaintiff of any such risks.  Defendants negligently failed to post any health advisories

3   and failed to take any steps to identify prospective participants who might be at risk of

4   injury.  Defendants negligently failed to secure any medical professional or para-

5   professional services during the contest, ever after the contestants, including Plaintiff,

6   began feeling ill, and similarly failed to require an examination by a competent physician

7   of each contest participant prior to the commencement of the contest.  Defendants

8   individually and collectively knew or should have known of the health risks of such a

9   contest, but took no reasonable steps to advise, warn, supervise or otherwise protect

10  contest participants including Plaintiff.

11      39.    Plaintiff GINA SHERROD complained of feeling ill while in-studio.

12  Defendants negligently failed to provide any assistance, medical or otherwise, to

13  Plaintiff.

14      40.    As a proximate result of the said negligence and carelessness of the

15  Defendants, and each of them, plaintiff GINA SHERROD was hurt and injured in her

16  health, strength and activity, sustaining injury to her body and shock and injury to her

17  nervous system and person, all of which said injuries have caused and continue to

18  cause Plaintiff great mental, physical and nervous pain and suffering.  Plaintiff is

19  informed and believes and therefore alleges that said injuries will result in some

20  permanent disability to her all to her general damage in an amount in excess of the

21  minimum jurisdictional limits of this Court.

22      41.    As a further proximate result of the negligence of Defendants, and each of

23  them, Plaintiff was required to and did employ, physicians and surgeons to examine,

24  treat and care for her and did incur, and will in the future incur, medical and incidental

25  expenses.  The exact amount of such expense is unknown to Plaintiff at this time, and

26  Plaintiff shall seek leave to amend this pleading when the same has been ascertained

27  by her.

28  ///

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

1    42.    As a further proximate result of the said negligence of the Defendants,

2  and each of them, Plaintiff GINA SHERROD was prevented from attending to her usual

3  occupation, all to Plaintiff's further damage in an amount unknown at this time, and

4  Plaintiff will ask leave to amend her complaint to show the exact amount when

5  determined.

6    WHEREFORE, Plaintiff GINA SHERROD prays for judgment against the

7  defendants, and each of them, as follows:

8    1.    For general damages in a sum in excess of the minimum

9  jurisdictional limits of this Court;

10    2.    For medical and incidental expenses according to proof;

11    3.    For loss of earnings according to proof;

12    4.    For all costs of suit incurred herein; and

13    5.    For such other and further relief as this Court may deem just and

14  proper.

15    ### SIXTH CAUSE OF ACTION
    (Intentional Infliction of Emotional Distress)

16

17    43.    Plaintiff GINA SHERROD repleads and realleges paragraphs 1 through 5

18  and the Fifth Cause of Action as though fully set forth herein.

19    44.    Defendants' conduct was intentional and malicious and done for the

20  purpose of causing Plaintiff GINA SHERROD to suffer humiliation, mental anguish, and

21  emotional and physical distress.  It was done with a wanton and reckless disregard of

22  the consequences to Plaintiff.

23    45.    The conduct of Defendants was intended to injure and was done with a

24  reckless disregard to injury to Plaintiff GINA SHERROD and with full knowledge of the

25  probable consequences.  Said conduct was extreme, outrageous, despicable, and

26  beyond all bounds of propriety.

27    46.    As a proximate result of the intentional conduct of Defendants herein,

28  Plaintiff GINA SHERROD suffered severe emotional distress, psychological and

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)

1   emotional injury, pain and suffering, and continues and will in the future suffer similar

2   injury by reason of the improper intentional infliction of emotional distress upon Plaintiff.

3       47.    The conduct of Defendants herein was intentional, malicious, oppressive,

4   reprehensible, and despicable, and warrants the imposition of exemplary and punitive

5   damages.

6       WHEREFORE, Plaintiff GINA SHERROD prays judgment against defendants,

7   and each of them, as follows:

8       1.    For compensatory damages in excess of the jurisdictional minimum

9   of this Court;

10      2.    For special damages according to proof;

11      3.    For punitive damages;

12      4.    For costs of suit; and

13      5.    For such other and further relief as the Court deems just and

14  proper.

15

16  Dated: May 17, 2007                          POSWALL, WHITE & CUTLER

17

18                                               By
                                                    B. PARKER WHITE
19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES (Personal Injury - Negligence; Intentional Infliction of Emotional Distress)