FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
David P. Barton (CSB No. 221549, dbarton@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiffs ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP., and JOHN GEARY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a California Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; JOHN GEARY, an individual; and on behalf of themselves and all other persons and entities similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,<br><br>Defendant. | Case No. CV 07 6493 JSW<br><br>**REPLY DECLARATION OF DOUGLAS SULLIVAN IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION OF ISSUES WITHOUT CONTROVERSY IN THE FIRST, SECOND, AND THIRD CLAIMS FOR RELIEF**<br><br>Date: April 25, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor<br>Judge: Honorable Jeffrey S. White<br><br>Complaint Filed    December 28, 2007 |

I, Douglas W. Sullivan, declare as follows:

1. I am a partner with the law firm of Folger Levin & Kahn LLP, counsel for Plaintiffs Entercom Sacramento, LLC, Entercom Communications Corp. and John Geary (hereinafter "Plaintiffs" or "the Entercom Parties") in this case and in the case of *William A. Strange, et al. v. Entercom Sacramento, LLC et al.*, Superior Court of California, Sacramento County Case No. 07AS00377 (the "*Strange* lawsuit"). I make this declaration in support of the Entercom

Parties' motion for summary adjudication. I have personal and first-hand knowledge of the facts set forth in this declaration and could and would competently testify thereto under oath if called upon to do so.

2. Attached hereto as Exhibit 1 is a true and correct copy of a "Case of Interest" report from the District Attorney's office dated April 2, 2007 that we received during the course of the *Strange* lawsuit and that was maintained on the Sacramento County District Attorney website.

3. I am one of the lead counsel for the Entercom Parties in the underlying *Strange* lawsuit. I and others in our law firm have kept the American Home claims representatives advised of the depositions that would be taken in the *Strange* lawsuit, including the schedule for the depositions of all of the present and former employees of Entercom Sacramento that were attached as exhibits to the evidence in support of the motion for summary adjudication of issues.

4. American Home requested that the law firm of Carlson, Calladine & Peterson, LLP be associated as counsel for Entercom Sacramento, LLC in the underlying *Strange* lawsuit, which it was. Lawyers at the Carlson firm attended all of the depositions in the *Strange* lawsuit that are cited in the Entercom Parties' motion for summary adjudication.

Under penalty of perjury under the laws of the State of California and the United States of America, I declare that the foregoing is true and correct.

Executed this 14th day of March, 2008 at San Francisco, California.

_____
Douglas W. Sullivan

54007\2009\592860.1

REPLY DECLARATION OF DOUGLAS SULLIVAN IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION; CASE NO. CV 07 6493 JSW

# EXHIBIT 1



**SACRAMENTO COUNTY DISTRICT ATTORNEY**
*Seeking Social Justice. Do Justice*

Skip to Site Navigation

**Press Releases**

Search [___]

○ District Attorney Site  ○ Sacramento County  ■ Advanced Search

**Site Navigation**
- Home
- What's New
- Search
- Press Releases
- Sexual Violent Predator Alert
- Frequently Asked Questions
- Employment Information
- Contact the District Attorney

**Office Information**
- Department Overview
- Attorney Directory
- Office Locations

**The Legal Process**
- Criminal Justice System
- Anatomy of a Prosecution
- Fundamentals of a Jury Trial

**Quick Link to...**
- Community Efforts
- Citizens Academy
- Bad Checks
- Child Abduction
- Consumer Information
- Domestic Violence
- Elder Abuse
- Fraud-Related Pages
- Automobile Insurance Fraud
- Workers' Compensation Fraud
- Family Support
- GIFT Program
- Related Links
- County Home



OFFICE OF THE

# DISTRICT ATTORNEY

SACRAMENTO COUNTY

**JAN SCULLY**
DISTRICT ATTORNEY

**CYNTHIA G. BESEMER**
CHIEF DEPUTY

## CASE OF INTEREST

Date: April 2, 2007

Re: Death of Jennifer Strange

District Attorney Jan Scully announced today no charges will be filed in the death of twenty-eight year old Jennifer Strange on January 12, 2007.

On Friday, January 12, 2007, Jennifer Strange voluntarily participated in a contest on radio station 107.9 KDND (THE END). The name of the contest, "Hold Your Wii", called for contestants to drink a specified amount of water within a specified amount of time. When the contest first began, contestants were asked to drink one 8 ounce bottle of water every 15 minutes. As the contest progressed, they were asked to consume a 16-ounce bottle of water every 10 minutes. The contestant who was able to drink the most water and go the longest amount of time without vomiting or urinating (in the DJs' words, "hold their Wii") would win the prize - a Nintendo Wii Video Game Console.

Case of Interest: Jennifer Strange

Page 2 of 3

**Missing Person**
**Victim Witness**

There were originally eighteen (18) contestants vying to win the Wii. The contest was held in an employee break room at the radio station on Madison Avenue in Sacramento County. The contest began sometime between 6:00 and 6:30 am the morning of January 12th. Jennifer Strange, along with the other seventeen contestants and some of their friends and/or supporters were together during the duration of the contest. Towards the end of the contest Ms. Strange expressed some level of discomfort. When asked by a DJ, she complained somewhat jokingly, that her head hurt and she felt lightheaded. However, she evidenced no symptoms which would lead a reasonable person to conclude that she was seriously ill or in danger of dying.

The last two contestants to remain in the competition were Jennifer Strange and the Lucy Davidson. Towards the end of the contest, DJs interviewed Jennifer Strange on the radio and offered her two tickets to a Justin Timberlake show at Arco Arena for that evening if she dropped out of the competition. After discussing the choice with the DJs, she elected to drop out of the contest and take the Justin Timberlake tickets. The contest ended at that point and Ms. Davidson was declared the winner. Shortly thereafter Jennifer Strange collected her prize, left the radio station under her own power, and drove home.

She was found unresponsive in her home later that afternoon by her mother. The Rancho Cordova Police Department was called to her home and arrived there at approximately 2:15 p.m. The Sacramento Metropolitan Fire Department pronounced her dead at the scene. Preliminary autopsy results indicate she died of water poisoning.

Her death was investigated by the Sacramento Sheriff's Department Homicide Bureau and submitted to the District Attorney's office for the possible filing of criminal charges. Based on the facts and circumstances in this case, the only criminal charge considered was involuntary manslaughter because of possible criminal negligence by the radio station and/or its employees. Further, the only criminal case supporting such a theory of prosecution is People v. Carol Ann Oliver (1989) 210 CAL APP 3D 138, 143-145.

In the Oliver case, the defendant first met her victim in a bar; he was extremely intoxicated. She took the victim to her home. At her house, the victim told her he wanted to inject dope, so she supplied him a spoon. He went into the bathroom and shot up. As he exited the bathroom he collapsed and was unresponsive. The defendant then left her home and went back to the bar. She returned sometime later and, with help from others, dragged the victim outside and placed him behind a shed away from public view. The victim was heard snoring at that time.

In the morning, defendant went out to check on him and found him dead. He died as a result of morphine poisoning. In Oliver, the court ruled that the conduct of the defendant created a special relationship and a duty of care as a result of her conduct. Thus, she had a duty to summon medical aid because by her conduct that evening she placed the decedent in a position where she alone could provide medical care.

That is clearly not the situation in the death of Jennifer Strange. No special duty or relationship was created by virtue of the radio station offering the "Hold Your Wii" contest. Jennifer Strange was an adult who was voluntarily participating in the radio contest. She knew what the contest involved when she entered it, and had the option to stop or discontinue her participation in the contest at any time. In addition, the location where the contest took place, while not in a public area, was in an area from which she was free to leave at any time; she was constantly observed by other people including contestants, family members/supporters of the contestants and radio employees. Ms. Strange also was interviewed twice on air by the DJs during the contest with no apparent difficulty.

The facts and circumstances of this ill-fated event do not support the filing of criminal charges against the radio station or any of its employees. Based on the evidence, no duty or special relationship existed or was created between the radio station and/or its employees and Jennifer Strange because of the contest. Finally, and most importantly in our decision not to file involuntary manslaughter charges, there were no observable indications or symptoms that Jennifer Strange was experiencing a serious medical emergency which would have required station employees to seek or administer medical aid to her.

This case is distinguishable from the hazing death of a Chico State fraternity pledge who died of water poisoning during "Hell Week" because of drinking a large quantity of water. The "hazing death" case was prosecuted under the misdemeanor manslaughter rule, where an inherently dangerous misdemeanor results in death. In the Chico case, the underlying charge was hazing, a violation of Penal Code Section 245.6. No such "inherently dangerous misdemeanor resulting in death" was present in the facts surrounding the death of Ms. Strange.

Contact: Lana Wyant, Special Assistant Deputy District Attorney
Telephone: (916) 874-5907

Back to Top

Back to Press Releases Index

© 2007, Sacramento County District Attorney | 901 G Street, Sacramento, CA 95814 | Disclaimer
(916) 874-6218 | Fax (916) 874-5340 | dawebmail@saccounty.net | California Relay Service (800) 735-2929 TDD