1  FOLGER LEVIN & KAHN LLP
   Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
2  Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
   David P. Barton (CSB No. 221549, dbarton@flk.com)
3  Embarcadero Center West
   275 Battery Street, 23rd Floor
4  San Francisco, CA 94111
   Telephone: (415) 986-2800
5  Facsimile: (415) 986-2827

6  Attorneys for Plaintiffs ENTERCOM
   SACRAMENTO, LLC, ENTERCOM
7  COMMUNICATIONS CORP., and
   JOHN GEARY
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13  ENTERCOM SACRAMENTO, LLC, a         | Case No. CV 07 6493 JSW
    California Limited Liability Corporation;
14  ENTERCOM COMMUNICATIONS             | **PLAINTIFFS' RESPONSES TO
    CORP., a Pennsylvania Corporation;  | AMERICAN HOME'S OBJECTIONS TO
15  JOHN GEARY, an individual; and on   | DEPOSITIONS AND DECLARATIONS
    behalf of themselves and all other persons | REGARDING MOTION FOR SUMMARY
16  and entities similarly situated,    | ADJUDICATION OF ISSUES WITHOUT
                                        | CONTROVERSY IN THE FIRST,
17               Plaintiffs,            | SECOND, AND THIRD CLAIMS FOR
                                        | RELIEF**
18        v.
                                        | Date:    April 25, 2008
19  AMERICAN HOME ASSURANCE             | Time:    9:00 a.m.
    COMPANY, a New York Corporation,    | Courtroom: 2, 17th Floor
20                                      | Judge:   Honorable Jeffrey S. White
                 Defendant.
21                                      | Complaint Filed   December 28, 2007

Plaintiffs Entercom Sacramento, LLC, Entercom Communications Corp., and John Geary ("the Entercom Parties" or "Plaintiffs") submit these responses to evidentiary objections raised by Defendant American Home Assurance Company ("Defendant" or "American Home"). American Home has attached to its objections excerpts of those portions of the depositions and declarations to which objections are raised. However, in doing so, American Home has failed (a) to indicate what portion of the deposition was actually designated by the Entercom Parties, (b) to identify what the deposition testimony was offered for, and (c) to include the full portion of the designated testimony which gives context and often addresses the actual objection.

### A.    Masi Deposition (Exs. 8 and 16 to Entercom's Motion).

| Page | Objection | Response |
|---|---|---|
| 348:7-8; 348:23-24 349:8-11 | Testimony refers to an unidentified document that lacks a foundation, has not been authenticated, and constitutes hearsay in violation of FRE 802 and FRE 901. | The document (Depo. Ex. 30) is identified on the prior page. Depo. Ex. 30 is Ex. 8 to the motion and is also authenticated in the excerpts included as part of Ex. 8. The document was prepared and sent by Ms. Masi. The document (Depo. Ex. 30) includes the General Contest Guidelines of Entercom. The General Contest Guidelines are not hearsay; the document is not offered for the truth of the matter stated, and it is an operative fact. |

### B.    Geary Deposition (Ex. 22 to Entercom's Motion).

| Page | Objection | Response |
|---|---|---|
| 97:21-25; 98:14 | Testimony is hearsay prohibited by FRE 802. | The testimony is offered to show that Mr. Geary (an officer of Entercom Sacramento) did not know anything about the Contest, other than that there was a noisy event, until after learning of Ms. Strange's death. The portion objected to is not hearsay because it is not offered for the truth of the |

| | Page | Objection | Response |
|---|---|---|---|
| | | | matter stated. |
| | 121:5-14 | Witness lacks personal knowledge and question calls for speculation prohibited by FRE 602. | The question called for Mr. Geary's state of mind as the market manager for Entercom Sacramento as to when he was aware that the station learned of Ms. Strange's death, and as such there is personal knowledge. |

C.  **Mendoza Deposition (Ex. 19 to Entercom's Motion).**

| Page | Objection | Response |
|---|---|---|
| 13:23-24 | Testimony is hearsay prohibited by FRE 802. | The testimony is about the state of mind of Mr. Mendoza (a contestant) and is not hearsay because it is not offered for the truth of the matter asserted (*i.e.*, that it was a "silly" contest). |
| 33:23-25 | Testimony regards an unidentified photo, which lacks a foundation and authentication per FRE 901. | The portion objected to is merely an introduction to the following question, so that his following testimony is clear that it is about Jennifer Strange. The photograph itself is not relevant to the following testimony, but rather that "she" refers to Jennifer Strange. |

D.  **Robin Pechota Ray Deposition (Ex. 17 to Entercom's Motion).**

| Page | Objection | Response |
|---|---|---|
| 79:22 | Testimony is hearsay prohibited by FRE 802. | The answer was "no" and that does not involve hearsay. The balance of the testimony is not hearsay because it is not offered for the truth of the matter asserted, although the next question and answer proves the truth. |
| 224:20-24; 316:7-15 | Witness lacks personal knowledge and question calls for speculation prohibited by FRE 602. | Ms. Pechota Ray was in charge of the Contest, and the questions call for her state of mind, and, as such involve personal knowledge and are not speculative. Moreover, the |

| | | | question and answer that no one brought up having a nurse present (316:11-12) is not speculative. |
|---|---|---|---|
| | 275:5-276:14; 283:10-284:6 | Testimony refers to an unidentified document, which lacks a foundation, is unauthenticated, and constitutes hearsay in contravention of FRE 901 and FRE 802. | The referenced PowerPoint presentation is Ex. 9 and authenticated in the excerpts attached thereto. The PowerPoint presentation consists of training provided to Ms. Pechota Ray in October 2006, as stated in Ex. 9 and the excerpts. Ms. Pechota Ray agrees with the quoted excerpts as "rules she was to follow" (*see, e.g.*, Ex. 17, 275:6-9). The testimony is not hearsay but rather goes to notice to Ms. Pechota Ray and her state of mind. Moreover, the PowerPoint presentation (Ex. 9) is not hearsay because it is an operative fact (*i.e.*, the training materials provided) and is not offered for the truth of the matter asserted. Depo. Ex. 4 is the same as Depo. Ex. 30, which is Ex. 8 to the motion and authenticated therein. Moreover, the portions quoted are not hearsay but rather are a predicate to the questions that follow concerning Ms. Pechota Ray's state of mind. |

E.   **William Strange Deposition (Ex. 21 to Entercom's Motion).**

| Page | Objection | Response |
|---|---|---|
| 128:24-129:2 | Testimony is hearsay prohibited by FRE 802. | This testimony is offered for the fact that Ms. Strange called her husband while driving home, not for the truth of what she told him, and as such is not hearsay. |

F.   **Sweet Deposition (Ex. 20 to Entercom's Motion).**

| Page | Objection | Response |
|---|---|---|
| 300:2-301:15; 307:1-5 | Alleged content of an audio transcript that lacks a | Ms. Sweet authenticates the portion of the audio of the |

| | | foundation, has not been authenticated, and constitutes hearsay in violation of by FRE 802 and FRE 901. | show that is quoted on p. 301:11-15. It is not hearsay because it is an operative fact (verbal act) of what actually was stated in the show, namely that Ms. Strange was offered tickets for a show that evening. (In addition, there is other testimony in this same deposition on this topic, to which there was no objection. Ex. 20, 314:19-316:19.) |
|---|---|---|---|
| G. | Weed Deposition (Ex. 18 to Entercom's Motion). | | |
| | **Page** | **Objection** | **Response** |
| | 143:8-17 | Witness lacks personal knowledge and question calls for speculation in violation of FRE 602. | The testimony on pp. 142:19-143:22 is offered to show that Mr. Weed does not set policy for Entercom and, hence, is not a "managing agent." (No "managing agent" of Entercom was involved in the Contest and, hence, punitive damages are not available against Entercom. See Opening Brief, footnote 2.) The portion objected to – concerning whether Mr. Geary might state that the policies came either from corporate or from him – are not hearsay because the statements go to Mr. Weed's state of mind and are not offered for whether in fact the policies came from corporate, as distinct from Mr. Geary. |
| | 203:18-20 | Testimony refers to an unidentified document that lacks a foundation, has not been authenticated, and constitutes hearsay in violation of FRE 802 and FRE 901. | The designated testimony should have ended at 203:17. |
| H. | Dash Declaration (Ex. 1 to Entercom's Motion). | | |
| | **Page** | **Objection** | **Response** |
| | ¶9:23-25 | Witness lacks personal knowledge and question calls for speculation in violation of FRE 602. | The foundation for Mr. Dash's testimony is set forth in Paragraph 3; he oversees the litigation, including payment |

| | | | |
|---|---|---|---|
| | | | of legal fees, such that he has personal knowledge and this testimony is not speculative. |
| | ¶10:27-3 (next page) | Witness lacks personal knowledge and question calls for speculation in violation of FRE 602. | There is a foundation for the testimony because Mr. Dash personally spoke with Mr. Romeo, as indicated, and, therefore, the testimony is based on personal knowledge and is not speculative. |
| | ¶20:14-21 | Witness lacks personal knowledge and question calls for speculation in violation of FRE 602. | There is foundation and personal knowledge since Mr. Dash was part of the conference call with Mr. Fredette. (¶20:13-14.) hence, the testimony is not speculative. |
| | ¶11:8-11; ¶12:14-18; ¶16:11 | Testimony is hearsay prohibited by FRE 802. | The testimony is not hearsay because it constitutes admissions of American Home's claims representative, and in any event is not offered for the truth of what Mr. Romeo actually asserted. |
| | ¶17:27-28 | Testimony is hearsay prohibited by FRE 802. | This is not hearsay because it is an admission of American Home and an operative fact, namely that American Home removed Mr. Romeo as its claims representative. |
| | ¶19:6-8 | Testimony is hearsay prohibited by FRE 802. | This is not hearsay because it is not offered for the truth of the matter asserted but rather as notice to American Home. (In any event, the pertinent response of American Home is contained in ¶19:8-12 and Ex. 15, to which there were no objections.) |
| | ¶20:14-21 | Testimony is hearsay prohibited by FRE 802. | This is not hearsay because it is an admission of American Home's coverage counsel and because it is an operative fact. |

I.  Ayus Declaration (Ex. 4 to Entercom's Motion).

| **Page** | **Objection** | **Response** |
|---|---|---|

| | | |
|---|---|---|
| ¶12 | Improper expert testimony in violation of FRE 703, because no indication this is the type of inference reasonably relied on by similarly situated experts. | The foundation for this opinion is set forth in Paragraphs 2-5 of the declaration as well as in the attached resume. Dr. Ayus is not relying on an inference for his opinion but rather on the fact that the decedent's urine osmolality was 467 as stated in the Coroner's Report. FRE 703 has no application. |

Dated: March 14, 2008

FOLGER LEVIN & KAHN LLP

Douglas W. Sullivan
Attorneys for Plaintiffs
ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP., and JOHN GEARY

54007\2009\592748.1