FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
David P. Barton (CSB No. 221549, dbarton@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiffs ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP., and JOHN GEARY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a California Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; JOHN GEARY, an individual; and on behalf of themselves and all other persons and entities similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOME ASSURANCE COMPANY, a New York Corporation, <br><br> Defendant. | Case No. CV 07 6493 JSW <br><br> **REQUEST FOR JUDICIAL NOTICE REGARDING PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION OF ISSUES** <br><br> Date: April 25, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 2, 17th Floor <br> Judge: Honorable Jeffrey S. White <br><br> Complaint Filed   December 28, 2007 |

Plaintiffs Entercom Sacramento, LLC, Entercom Communications Corp., and John Geary, by and through their attorneys, hereby request that this Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following facts.

1. On October 19, 2007, in *Lenscrafters, Inc. v. Liberty Mutual Fire Insurance Company*, Case No. C-07-2853, United States District Court for the Northern District of California, Oakland Division, defendant United States Fire Insurance Company filed a Motion to

1  Dismiss, excerpts of which are attached hereto as Exhibit 1. The excerpts of the motion to
2  dismiss state that United States Fire Insurance Company is moving to dismiss LensCrafters'
3  "second (breach of contract) and third (tortious breach of the covenant of good faith and fair
4  dealing") causes of action as unripe," and specifically states that the Court should "dismiss
5  LensCrafters' claims of breach and permit this case to continue as the declaratory relief action it
6  is." (Ex. 1 hereto at 1:5-18) (emphasis added.)

8  Dated: March 14, 2008

FOLGER LEVIN & KAHN LLP

Douglas W. Sullivan
Attorneys for Plaintiffs
ENTERCOM SACRAMENTO, LLC, ENTERCOM
COMMUNICATIONS CORP., and JOHN GEARY

13  54007\2009\592728.1

# EXHIBIT 1

1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Mark C. Goodman (Cal. State Bar No. 154692)
2  Amy E. Rose (Cal. State Bar No. 222167)
   One Maritime Plaza, Suite 300
3  San Francisco, CA 94111-3492
   Telephone: +1.415.954.0200
4  Facsimile: +1.415.393.9887
   Email: mgoodman@ssd.com
5  Email: arose@ssd.com

6  Attorneys for Defendant
   UNITED STATES FIRE INSURANCE COMPANY
7

8

9              IN THE UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                     (OAKLAND DIVISION)

12

13 | LENSCRAFTERS, INC.; and EYEXAM | Case No. C-07-2853 SBA
   | OF CALIFORNIA, INC.;           | The Honorable Saundra B. Armstrong
14 |                                |
   |           Plaintiffs,          | **E-FILING**
15 |                                |
   |   vs.                          | **U.S. FIRE INSURANCE COMPANY'S**
16 |                                | **MOTION TO DISMISS LENSCRAFTERS'**
   | LIBERTY MUTUAL FIRE INSURANCE  | **SECOND AND THIRD CAUSES OF**
17 | COMPANY; EXECUTIVE RISK        | **ACTION**
   | SPECIALTY INSURANCE COMPANY;   |
18 | UNITED STATES FIRE INSURANCE   |
   | COMPANY; MARKEL AMERICAN       | DATE:  January 29, 2008
19 | INSURANCE COMPANY; and         | TIME:  1:00 p.m.
   | WESTCHESTER FIRE INSURANCE     | CTRM:  3
20 | COMPANY,                       |
                                    
21 |           Defendants.          |

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on January 29, 2007 at 1:00 p.m., or as soon thereafter as counsel can be heard in the above-entitled Court located at 1301 Clay Street, Courtroom 3, Oakland, California, defendant United States Fire Insurance Company ("U.S. Fire") will and hereby does move to dismiss LensCrafters, Inc.'s and EYEXAM of California, Inc's (collectively, "LensCrafters") second (breach of contract) and third (tortious breach of the covenant of good faith and fair dealing) causes of action as unripe. This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herewith and such other evidence or oral argument as may be presented to the Court at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The claims of "breach" LensCrafters alleges are not ripe and, therefore, its second and third causes of action fail to state claims for which relief can be granted. Allegations of duties that have not yet arisen and a perfunctory recitation of "damages" do not, without facts that LensCrafters neither possesses nor alleges here, state a claim for breach of contract or bad faith. U.S. Fire requests, therefore, that the Court dismiss LensCrafters' claims of breach and permit this case to continue as the declaratory relief action it is.

LensCrafters' Amended Complaint asserts that U.S. Fire breached its contractual obligations by failing to indemnify a proposed settlement of the *Snow* action. There is, however, nothing to indemnify: The *Snow* action has not settled and no judgment has been entered, meaning that LensCrafters has not become "obligated to pay" any amounts that U.S. Fire could indemnify. As LensCrafters admits, the parties are in the exact same position they were in before LensCrafters amended its complaint: No liability has attached and, therefore, neither U.S. Fire nor any other insurer owes a current duty to indemnify LensCrafters. Absent allegations of a ripe duty to indemnify and a present breach of that existing duty, LensCrafters cannot plead a breach of contract claim as a matter of law.

Indeed, LensCrafters' pleading tactically acknowledges as much in its "breach of contract"

- 1 -

1  dependent upon a ripe contract claim -- i.e., an existing contractual duty under the policy that was
2  breached and resulted in damages. *Emerald Bay Community Ass'n*, 130 Cal.App.4th at 1096
3  (affirming dismissal of bad faith claim where the underlying breach of contract cause of action
4  failed to state a claim). *See also Lambert v. Southern Counties Gas Co.*, 52 Cal.2d 347, 353 (1956)
5  (noting that where a cause of action rests on the allegations contained in a separate but related
6  cause of action, it is subject to a demurrer if the allegations in the related cause of action fail to
7  state a claim). Absent factual allegations supporting a currently-viable claim for breach of
8  contract, therefore, LensCrafters cannot state a claim for bad faith as a matter of law.

9  If LensCrafters' breach of contract cause of action fails to allege facts sufficient to state a
10 claim for relief on *either* ground identified above (failure to allege breach of a contractual duty
11 that is currently owed or failure to allege damages at all, let alone legally-cognizable damages),
12 its bad faith claim fails as a matter of law. Because LensCrafters has not stated, and cannot state,
13 a claim for breach of contract, it has not stated, and cannot state, a claim for bad faith.
14 Accordingly, neither of LensCrafters' new "breach" claims is viable and both should be
15 dismissed.

## IV.   CONCLUSION

17  The claims asserted by LensCrafters are legally deficient. LensCrafters must -- but fails to
18 -- allege that U.S. Fire breached an owing contractual duty, which resulted in actual damages to
19 it. It does not, therefore, state a claim for breach of contract as a matter of law. Failing to allege
20 a breach of contract, LensCrafters cannot allege tortious breach of the covenant of good faith and
21 fair dealing. Both of LensCrafters new claims for breach should, therefore, be dismissed.

Dated: October 19, 2007                          SQUIRE, SANDERS & DEMPSEY L.L.P.

                                                 By: _____
                                                     Amy E. Rose

                                                 Attorneys for Defendant
                                                 UNITED STATES FIRE INSURANCE
                                                 COMPANY

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492