FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
David P. Barton (CSB No. 221549, dbarton@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiffs ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP., and JOHN GEARY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a California Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; JOHN GEARY, an individual; and on behalf of themselves and all other persons and entities similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,<br><br>    Defendant. | Case No. CV 07 6493 JSW<br><br>**REQUEST FOR JUDICIAL NOTICE REGARDING THE ENTERCOM PARTIES' OPPOSITION TO THE MOTION TO DISMISS**<br><br>Date:         April 25, 2008<br>Time:        9:00 a.m.<br>Courtroom: 2, 17th Floor<br>Judge:       Honorable Jeffrey S. White<br><br>Complaint Filed:   December 28, 2007 |

      Plaintiffs Entercom Sacramento, LLC, Entercom Communications Corp., and John Geary, by and through their attorneys, hereby request that this Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following facts.

      1.    On October 19, 2007, in *Lenscrafters, Inc. v. Liberty Mutual Fire Insurance Company*, Case No. C-07-2853, United States District Court for the Northern District of California, Oakland Division, defendant United States Fire Insurance Company filed a Motion to

1  Dismiss, excerpts of which are attached hereto as Exhibit 1. The excerpts of the motion to
2  dismiss state that United States Fire Insurance Company is moving to dismiss LensCrafters'
3  "second (breach of contract) and third (tortious breach of the covenant of good faith and fair
4  dealing") causes of action as unripe," and specifically states that the Court should "dismiss
5  LensCrafters' claims of breach and <u>permit this case to continue as the declaratory relief action it
6  is.</u>" (Ex. 1 hereto at 1:5-18) (emphasis added.)

Dated: March 21, 2008

FOLGER LEVIN & KAHN LLP

Douglas W. Sullivan
Attorneys for Plaintiffs
ENTERCOM SACRAMENTO, LLC, ENTERCOM
COMMUNICATIONS CORP., and JOHN GEARY

54007\2009\593753.1

# EXHIBIT 1

SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Goodman (Cal. State Bar No. 154692)
Amy E. Rose (Cal. State Bar No. 222167)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: mgoodman@ssd.com
Email: arose@ssd.com

Attorneys for Defendant
UNITED STATES FIRE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| LENSCRAFTERS, INC.; and EYEXAM OF CALIFORNIA, INC.;<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; MARKEL AMERICAN INSURANCE COMPANY; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No. C-07-2853 SBA<br>The Honorable Saundra B. Armstrong<br><br>**E-FILING**<br><br>**U.S. FIRE INSURANCE COMPANY'S MOTION TO DISMISS LENSCRAFTERS' SECOND AND THIRD CAUSES OF ACTION**<br><br>DATE: January 29, 2008<br>TIME: 1:00 p.m.<br>CTRM: 3 |

## NOTICE OF MOTION AND MOTION

ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on January 29, 2007 at 1:00 p.m., or as soon thereafter as counsel can be heard in the above-entitled Court located at 1301 Clay Street, Courtroom 3, Oakland, California, defendant United States Fire Insurance Company ("U.S. Fire") will and hereby does move to dismiss LensCrafters, Inc.'s and EYEXAM of California, Inc's (collectively, "LensCrafters") second (breach of contract) and third (tortious breach of the covenant of good faith and fair dealing) causes of action as unripe. This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities included herewith and such other evidence or oral argument as may be presented to the Court at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The claims of "breach" LensCrafters alleges are not ripe and, therefore, its second and third causes of action fail to state claims for which relief can be granted. Allegations of duties that have not yet arisen and a perfunctory recitation of "damages" do not, without facts that LensCrafters neither possesses nor alleges here, state a claim for breach of contract or bad faith. U.S. Fire requests, therefore, that the Court dismiss LensCrafters' claims of breach and permit this case to continue as the declaratory relief action it is.

LensCrafters' Amended Complaint asserts that U.S. Fire breached its contractual obligations by failing to indemnify a proposed settlement of the *Snow* action. There is, however, nothing to indemnify: The *Snow* action has not settled and no judgment has been entered, meaning that LensCrafters has not become "obligated to pay" any amounts that U.S. Fire could indemnify. As LensCrafters admits, the parties are in the exact same position they were in before LensCrafters amended its complaint: No liability has attached and, therefore, neither U.S. Fire nor any other insurer owes a current duty to indemnify LensCrafters. Absent allegations of a ripe duty to indemnify and a present breach of that existing duty, LensCrafters cannot plead a breach of contract claim as a matter of law.

Indeed, LensCrafters' pleading tactically acknowledges as much in its "breach of contract"

- 1 -

dependent upon a ripe contract claim -- i.e., an existing contractual duty under the policy that was breached and resulted in damages. *Emerald Bay Community Ass'n*, 130 Cal.App.4th at 1096 (affirming dismissal of bad faith claim where the underlying breach of contract cause of action failed to state a claim). *See also Lambert v. Southern Counties Gas Co.*, 52 Cal.2d 347, 353 (1956) (noting that where a cause of action rests on the allegations contained in a separate but related cause of action, it is subject to a demurrer if the allegations in the related cause of action fail to state a claim). Absent factual allegations supporting a currently-viable claim for breach of contract, therefore, LensCrafters cannot state a claim for bad faith as a matter of law.

If LensCrafters' breach of contract cause of action fails to allege facts sufficient to state a claim for relief on *either* ground identified above (failure to allege breach of a contractual duty that is currently owed or failure to allege damages at all, let alone legally-cognizable damages), its bad faith claim fails as a matter of law. Because LensCrafters has not stated, and cannot state, a claim for breach of contract, it has not stated, and cannot state, a claim for bad faith. Accordingly, neither of LensCrafters' new "breach" claims is viable and both should be dismissed.

## IV.   CONCLUSION

The claims asserted by LensCrafters are legally deficient. LensCrafters must -- but fails to -- allege that U.S. Fire breached an owing contractual duty, which resulted in actual damages to it. It does not, therefore, state a claim for breach of contract as a matter of law. Failing to allege a breach of contract, LensCrafters cannot allege tortious breach of the covenant of good faith and fair dealing. Both of LensCrafters new claims for breach should, therefore, be dismissed.

Dated: October 19, 2007

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
Amy E. Rose

Attorneys for Defendant
UNITED STATES FIRE INSURANCE COMPANY