SUSAN K. SULLIVAN (SBN 156418)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 18th Floor
Los Angeles, CA 90017
Telephone: (213)-426-6900
Facsimile: (213) 426-6921
E-mail: susan.sullivan@sdma.com

MARY P. McCURDY (SBN 116812)
CHRISTINA M. LAVANIER (233335)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599
E-mail: mary.mccurdy@mccurdylawyers.com
        christina.lavanier@mccurdylawyers.com

Attorneys for Defendant
AMERICAN HOME ASSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a Delaware Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; and JOHN GEARY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,<br><br>Defendant. | CASE NO. CV 07-06493 JSW<br><br>**DEFENDANT AMERICAN HOME ASSURANCE COMPANY'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY**<br><br>Hearing Date: April 25, 2008<br>Hearing Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor<br>Hon. Judge Jeffrey S. White<br><br>**Complaint Filed:** December 28, 2007 |

27671

# TABLE OF CONTENTS

|    |    |    | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | LEGAL ANALYSIS | | 2 |
| | A. | Entercom Fails To State Facts Sufficient To Support A Claim For Declaratory Relief | 2 |
| | B. | Entercom Fails To State Facts Sufficient To Support A Cause Of Action For Breach Of Contract Or The Implied Covenant | 6 |
| | | 1. There Is No Present Duty Between The Parties That Has Been Breached | 6 |
| | | 2. Entercom Has Not Incurred Any Recoverable Damages | 8 |
| | C. | Entercom Fails To Allege Facts Sufficient To Support A Claim For Injunctive Relief | 8 |
| | D. | In The Alternative Entercom's Action Should Be Stayed | 9 |
| III. | CONCLUSION | | 10 |

27671    -i-

**Defendant American Home Assurance Company's Reply to Plaintiffs' Opposition to the Motion to Dismiss**
CV 07-06493 JSW

# TABLE OF AUTHORITIES

**Cases** — **Page**

*Abbott Laboratories v. Gardner*
(1967) 387 U.S. 136 .................................................................................................. 6

*Allen v. Allstate Ins. Co.*
(1981) 656 F.2d 487 .................................................................................................. 5

*Archdale v. American International Specialty Lines Ins. Co.*
(2007) 154 Cal.App.4th 449 ..................................................................................... 5

*Armstrong World Industries, Inc. v. Aetna Cas. & Surety Co.*
(1996) 45 Cal.App.4th 1, 108 ................................................................................... 3

*Arpin v. Santa Clara Valley Transp. Agency*
(9th Cir. 2001) 261 F.3d 912 .................................................................................... 1

*Beacon Theatres, Inc. v. Westover*
(1959) 359 U.S. 500 .................................................................................................. 9

*Bodenhamer v. Superior Court*
(1987) 192 Cal.App.3d 1472 .................................................................................... 5

*Buss v. Superior Court*
(1997) 16 Cal.4th 35 ................................................................................................ 10

*Califano v. Sanders*
(1977) 430 U.S. 99 .................................................................................................... 6

*David Kleis, Inc. v. Superior Court*
(1995) 37 Cal.App.4th 1035 ................................................................................... 10

*Doser v. Middlesex Mutual Ins. Co.*
(1980) 101 Cal.App.3d 883 ................................................................................. 3, 7

*Finkelstein v. 20th Century Ins. Co.*
(1992) 11 Cal.App.4th 926 ....................................................................................... 7

*Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A.G.*
(1970) 3 Cal.3d 434 .................................................................................................. 7

*Hamilton v. Maryland Cas. Co.*
(2002) 27 Cal.4th 718 ....................................................................................... 1, 4, 7

*Haskel, Inc. v. Superior Court*
(1995) 33 Cal.App.4th 963 ..................................................................................... 10

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

27671 -ii-

**Defendant American Home Assurance Company's Reply to Plaintiffs' Opposition to the Motion to Dismiss**
**CV 07-06493 JSW**

*Hulteen v. AT&T Corp.*
(9th Cir. 2007) 498 F.3d 1001 ............................................................................. 2

*Iolab Corp. v. Seaboard Surety Co.*
(9th Cir. 1994) 15 F.3d 1500 ............................................................................... 6

*Jamestown Builders, Inc. v. Gen. Star Indem. Co.*
(1999) 77 Cal.App.4th 341 .................................................................................. 8

*Kinder v. Western Pioneer Ins. Co*
(1965) 231 Cal.App.2d 894 ................................................................................ 5

*LensCrafters, Inc. v. Liberty Mutual Fire Insurance Co.*
(N.D.Cal. 2008) 2008 WL 410243 .................................................................. 4, 5

*Lockheed Corp. v. Continental Insurance Co.*
(2007) 134 Cal.App.4th 187 ................................................................................ 4

*Ludgate Ins. Co. v. Lockheed Martin Corp.*
(2000) 82 Cal.App.4th 592 .................................................................................. 4

*Madrid v. Perot Systems Corporation*
(2005) 130 Cal.App.4th 440 ................................................................................ 9

*Mariscal v. Old Republic Life Ins. Co.*
(1996) 42 Cal.App.4th 1617 ................................................................................ 5

*Mercado v. Allstate Ins. Co.*
(9th Cir. 2003) 340 F.3d 824 ............................................................................... 1

*Montrose Chemical Corp. v. Admiral Ins. Co.*
(1995) 10 Cal.4th 645 ....................................................................................... 10

*Montrose Chemical Corp. v. Superior Court*
(1993) 6 Cal.4th 287 ......................................................................................... 10

*Pacific Pine Lumber Co. v. Western Union Telegraph Co.*
(1899) 123 Cal. 428 ............................................................................................ 3

*Qualcomm, Inc., v Certain Underwriters at Lloyd's, London*
(Cal. Ct. App. 2008) 08 C.D.O.S 3354 .......................................................... 2, 10

*Rondeau v. Mosinee Paper Corp.*
(1975) 422 U.S. 49 .............................................................................................. 9

*Safeco Ins. Co. v. Superior Court*
(1999) 71 Cal.App.4th 782 ........................................................................... 3, 7, 10

27671                                    -iii-

**Defendant American Home Assurance Company's Reply to Plaintiffs' Opposition to the Motion to Dismiss**
**CV 07-06493 JSW**

*Santa Monica Food Not Bombs v. City of Santa Monica*
(9th Cir. 2006) 450 F.3d 1022 .................................................................................. 5

*Societe de Conditionnement en Aluminum v Hunter Engineering*
(9th Cir. 1981) 655 F.2d 938 ................................................................................. 2, 6

*Thomas v. Union Carbide Agr. Prods. Co.*
(1985) 473 U.S. 568 .................................................................................................. 6

*Van Buskirk v. Cable News Network, Inc.*
(9th Cir. 2002) 284 F.3d 977 .................................................................................... 1

*Walker v. Pacific Indemnity Co.*
(1960) 183 Cal.App.2d 513 ....................................................................................... 3

**Statutes**

28 U.S.C. § 2201 ........................................................................................................ 2

Federal Rule of Evidence 201 ................................................................................... 5

27671                                      -iv-

**Defendant American Home Assurance Company's Reply to Plaintiffs' Opposition to the Motion to Dismiss**
**CV 07-06493 JSW**

## I.

## INTRODUCTION

Entercom Sacramento, LLC, Entercom Communication Corp and John Geary's (collectively referred to as "Entercom") opposition to American Home's motion to dismiss does nothing to cure the fatal flaws inherent in its original pleading.[1] Entercom cannot presently, under any circumstances, state a valid cause of action against American Home. Accordingly, Entercom's complaint should be dismissed.

Entercom's opposition acknowledges that its action only has merit if American Home denied coverage, and then incorrectly states that American Home denied coverage for the *Strange* action. However, the fallacy of this position is shown by a review of Entercom's complaint. For example, Entercom's complaint at 13:6-7 states: "American Home responded, advising that American Home had not declined coverage." (See also, Entercom complaint 3:21-22; 6:23-24; 11:2-4; 11:5-10.) Entercom cannot validly claim that American Home has denied coverage because that has not taken place, as acknowledged several times in Entercom's complaint.

Without a denial of coverage, Entercom cannot meet the elements necessary to plead its causes of action for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing and injunctive relief. Since Entercom admits there has been no denial of coverage, there is no valid case or controversy or alleged breach of policy conditions, as the case law makes clear. *Hamilton v. Maryland Casualty Co.* (2002) 27 Cal. 4th 718, 726; *Mercado v. Allstate Insurance Co.* (9th Cir. 2003) 340 F.3d 824, 827. Entercom acknowledges that without a denial of coverage, the *Hamilton* case precludes the relief it seeks. (Entercom opposition at 8:1-11.)

Entercom is asking this Court to ignore established California case authority and the American Home policy terms and rule that an excess carrier owes and has breached a present duty

---

[1] Entercom's opposition violates Civil Standing Order No. 6 in that it is over 15 pages in length. Further, Entercom's opposition is improper in that it asks the Court to rely on Entercom's motion for summary adjudication in ruling on the motion to stay. "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.* (9th Cir. 2002) 284 F.3d 977, 980. "[E]vidence outside the complaint . . . should not be considered in ruling on a [12(b)(6)] motion to dismiss." *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 925.

27671
- 1 -

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

to indemnify and settle in connection with an underlying lawsuit that is ongoing. No such present obligation exists under the American Home policy or case law. Entercom's position is contrary to California case law, which has "consistently protected the limited and shielded position of the excess carrier." (Citations omitted.) *Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London* (Cal.Ct.App. 2008) 08 C.D.O.S 3354, 3357.

## II.

## LEGAL ANALYSIS

### A. Entercom Fails To State Facts Sufficient To Support A Claim For Declaratory Relief

In its attempt to state a cause of action for declaratory relief, Entercom is forced to rely on conjecture regarding the course of future events. However, it has never been the purpose of the Declaratory Relief Act to charge courts with seeing into the future. Rather, declaratory relief is a mechanism for establishing the rights of parties facing an actual and immediate controversy. *Societe de Conditionnement en Aluminum v. Hunter Engineering* (9th Cir. 1981) 655 F.2d 938, 942-943.

To state a cause of action for declaratory relief, Entercom must establish that: (1) an actual controversy exists between the parties; and (2) such controversy is ripe for adjudication. *See*, 28 U.S.C. §2201; *Hulteen v. AT&T Corp.* (9th Cir. 2007) 498 F.3d 1001. Entercom has not alleged facts sufficient to establish an actual, ripe controversy for several reasons.

Initially, Entercom has failed to properly plead coverage under the insuring agreement of the American Home policy. The insuring agreement, states in relevant part: "[American Home] will pay on behalf of the insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages."[2] (Entercom complaint 9:1-5.)

Under this language, Entercom must allege that American Home has failed to pay on Entercom's behalf sums in excess of the underlying coverage that Entercom is *legally obligated to pay as damages*. Entercom does not, and cannot, allege any facts showing that it is *legally*

---

[2] Contrary to Entercom's contention, the American Home policy does not provide the same coverage as Chubb. (Entercom complaint 8:1-16.)

27671

- 2 -

**Defendant American Home Assurance Company's Reply to Plaintiffs' Opposition to the Motion to Dismiss**
**CV 07-06493 JSW**

*obligated to pay any money as damages* within the meaning of the American Home policy. To the contrary, Entercom has acknowledged that no legal obligation to pay damages has been assessed. (Entercom complaint 16:19-20.) The mere possibility, or even probability, that an event causing damage will result from a wrongful act does not render the act actionable. *Walker v. Pacific Indemnity Co.* (1960) 183 Cal.App.2d 513, 517; *Pacific Pine Lumber Co. v. Western Union Telegraph Co.* (1899) 123 Cal. 428; *Doser v Middlesex Mutual Ins. Co.* (1980) 101 Cal.App.3d 883, 892.

The question of whether an insurer has a duty to indemnify the insured is ripe for consideration only if the insured has already incurred liability in the underlying action. *Armstrong World Industries, Inc. v. Aetna Cas. & Surety Co.* (1996) 45 Cal.App.4th 1, 108. In *Safeco Ins. Co. v Superior Court* (1999) 71 Cal.App.4th 782, 788, the Court held that "until a litigated excess judgment is obtained, Safeco's refusal to settle is not actionable." *Id.* at 789. "If the insurer declines to settle and decides to go to trial and then obtains a judgment below the settlement offer or obtains a complete defense verdict, then the insured would have no cause to complain, and the insurer would have no liability. Until judgment is actually entered, the mere possibility or probability of an excess judgment does not render the refusal to settle actionable." *Id.* at 788. Like the insured in *Safeco*, Entercom has no present cause to complain.

Entercom makes no allegations that declaratory relief is necessary because there is a judgment or settlement. Instead, it argues that there is a "case or controversy" because some day in the future a judgment **may** be entered against it, that **may** be in excess of primary limits, and American Home **may** deny coverage for such claim. These **"maybes"** do not meet the standard necessary to plead a valid declaratory judgment cause of action.

Entercom cites no relevant case law to support its position that it is entitled to some type of relief, prior to the entry of judgment or settlement, when the carrier is participating in the defense of the action. To the contrary, Entercom ignores the clear holding of the California Supreme Court in *Hamilton*. In *Hamilton,* the carrier was defending the insured. The insured, without the insurer's consent, entered into a settlement. The insured then sought reimbursement from the carrier for the

27671                                    - 3 -

**Defendant American Home Assurance Company's Reply to Plaintiffs' Opposition to the Motion to Dismiss**
**CV 07-06493 JSW**

settlement. The Court held that until judgment is actually entered, following trial, the mere possibility or even probability of an excess judgment does not render the insurer's refusal to settle actionable. *Hamilton, supra,* 27 Cal.4th at 726.

Entercom argues that *Lockheed Corp. v. Continental Insurance Co.* (2007) 134 Cal.App. 4th 187, supports its position that there is a case or controversy, prior to a denial of coverage and a final judgment or settlement in the underlying case. Entercom's reliance on *Lockheed* is misplaced.[3] In *Lockheed*, unlike in the present action, there was no outstanding issue regarding liability. In 1986, 20 years prior to the *Lockheed* opinion, the EPA classified the Burbank site as a Superfund site. *Id.,* 134 Cal.App.4th at 212. Contrary to Entercom's contention that there was a "pending claim" similar to the underlying *Strange* action, liability was certain in the *Lockheed* matter, having been previously determined by the EPA, and the only issue in dispute was the amount of future damages. *Id.* There is no present finding of liability in the *Strange* action and therefore, there is no certainty, as in the *Lockheed* case.

Moreover, in *Lockheed,* the excess carrier had "wrongfully refused, failed or disclaimed any responsibility to fulfill its obligations under its respective Policies to completely indemnify Lockheed against those Underlying Claims concerning the Burbank site." *Id.,* at 219. In the present matter, American Home has not "wrongfully refused, failed or disclaimed any responsibility." Instead, American Home is participating in Entercom's defense under a reservation of rights. (Entercom complaint 11:5-10.)

American Home did not incorrectly cite to the holding in *Lenscrafters, Inc. v Liberty Mutual Fire Insurance Co.* (N.D.Cal. 2008) 2008 WL 410243. American Home correctly cited to *Lenscrafters* for the proposition at issue in this case, i.e. whether a claim is ripe for adjudication in the absence of a judgment or settlement of the underlying action. The *Lenscrafters* court soundly rejected the policyholder's attempt to circumvent well-established California case law on the issue.[4]

---

[3] Entercom's reliance on *Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 606, also is misplaced as *Ludgate* involved whether the carrier had a duty to defend and American Home has not conceded an actual case or controversy, as did the insurer in *Ludgate.*

[4] Entercom's request for judicial notice of the notice of motion of U.S. Fire in the *Lenscrafters* action is not proper or

27671

- 4 -

Entercom also argues that there is a "case or controversy" regarding Entercom's right to settle the *Strange* lawsuit. American Home does not dispute that Entercom may settle the *Strange* action without recourse to the American Home policy and without contribution by American Home. If Entercom settles the lawsuit, requests that American Home reimburse it for same and American Home refuses, there might be an issue ripe for adjudication.[5] At this point, however, there is no valid claim for declaratory relief.

To support its theory that there is an issue ripe for adjudication regarding the duty to settle, Entercom provides a laundry list of "wrongdoings" by American Home, with case law which supposedly supports Entercom's position that these "wrongdoings" are presently actionable. The problem with Entercom's position is that, even if all the allegations regarding the "wrongdoings" were true, which American Home denies, the case law does not make such "wrongdoings" actionable, as the cases cited by Entercom arose either after a denial of coverage or an excess judgment. *Allen v. Allstate Ins. Co.* (9th Cir. 1981) 656 F.2d 487, 490 (excess judgment); *Archdale v. Am. Int'l Specialty Lines Ins. Co.* (2007) 154 Cal.App.4th 449, 464 (excess judgment); *Bodenhamer v. Superior Court* (1987) 192 Cal.App.3d 1472, 1475-1479 (admission of liability by insured and insurer and denial of coverage); *Mariscal v. Old Republic Life Ins. Co.* (1996) 42 Cal.App.4th 1617, 1620 (denial of coverage); *Kinder v. Western Pioneer Ins. Co* (1965) 231 Cal.App.2d 894 (excess judgment). Without a denial of coverage or an excess judgment, there can be no action for declaratory relief.

Without pleading facts establishing a ripe case or controversy, Entercom cannot support a claim for declaratory relief. A declaratory judgment is not appropriate when there is a "dispute of a hypothetical or abstract character" or when a party seeks "an opinion advising what the law would be in a hypothetical state of fact." *Societe, supra*, at 943; *See also, Iolab Corp. v. Seaboard Surety*

---

relevant to the present action. Federal Rule of Evidence § 201; *Santa Monica Food Not Bombs v. City of Santa Monica* (9th Cir. 2006) 450 F.3d 1022. At most, the notice of motion in *Lenscrafters* simply indicates that the Court did not consider a motion with respect to the declaratory relief claim, not, as Entercom suggests, that there was a contrary ruling. If the Court allows judicial notice of the *Lenscrafters* pleadings, then American Home requests judicial notice of all the pleadings in the *Lenscrafters* matter, including U.S. Fire's motion to dismiss Lenscrafters' second and third causes of action.

[5] Entercom incorrectly argues that adopting American Home's position means that an action would never be ripe. (Entercom Complaint 4:11-15.) The above cited example is just one scenario when the action would be ripe.

27671

- 5 -

*Co.* (9th Cir. 1994) 15 F.3d 1500. The claim for declaratory relief should be dismissed.

### B. Entercom Fails To State Facts Sufficient To Support A Cause Of Action For Breach Of Contract Or Of The Implied Covenant

For the same reasons that Entercom's claim for declaratory relief is not ripe, Entercom's breach of contract and implied covenant claims are not ripe for adjudication. An action has not matured into a proper subject for adjudication when it involves contingent future events that are not certain to occur. *Thomas v. Union Carbide Agr. Prods. Co.* (1985) 473 U.S. 568, 580-581. The ripeness doctrine's rationale "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreement." *Abbott Laboratories v. Gardner* (1967) 387 U.S. 136, abrogated on separate grounds by *Califano v. Sanders* (1977) 430 U.S. 99, 105. Entercom's breach of contract and implied covenant claims turn on liability for damages that Entercom may never incur and contingent, future events that may never occur. These are precisely the type of premature causes of action that courts cannot adjudicate.

In order to state facts sufficient to support a cause of action for breach of contract or of the implied covenant, Entercom must show that: (1) a present contractual duty exists between the parties; (2) American Home has breached that contractual duty; and (3) Entercom has incurred recoverable damages as a result. Entercom fails on each count.

#### 1. There Is No Present Duty Between The Parties That Has Been Breached

American Home cannot breach an obligation it does not yet, and may never, owe. To allege breach of contract or of the implied covenant, Entercom must allege that American Home has breached a contractual duty it presently owes, not a duty it **may** possibly owe someday, depending upon the happening of a future event. A claim for indemnity is not ripe until the liability has actually been incurred, i.e. a judgment has been entered or a settlement has been reached. *Gribaldo, Jacobs, Jones & Assocs. v Agrippina Versicherunges A.G.* (1970) 3 Cal.3d 434, 446-47. Entercom does not allege that it has incurred any liability that can be indemnified. To the contrary, Entercom admits that judgment has not been entered in the *Strange* action and the case has not settled. Since by Entercom's own admission, American Home does not owe a present duty to

- 6 -

indemnify any settlement or judgment, Entercom cannot allege that American Home has breached a duty to indemnify.

In addition to alleging that American Home has breached a non-existent duty to indemnify, Entercom also alleges that American Home has breached the duty to settle. These allegations also fail to set forth facts showing that such a duty exists because the insured's action for breach of the contractual duty to settle . . . "does not mature, until a judgment in excess of the policy limits has been entered against the insured." *See, Hamilton, supra,* at 725; *Safeco, supra* at 782, 788; *Finkelstein v. 20th Century Ins. Co.* (1992) 11 Cal.App.4th 926, 929.

In *Doser, supra,* the liability insurer refused the wrongful death claimants' demand for settlement of the policy limits of $100,000. The claimants and the insured then "compromised" the suit, which had sought $1 million in damages, for $980,000, with the claimants taking an assignment of insured's claim against the insurer "in full and final" satisfaction of the agreed payment. *Id.* at 888. The claimants, as the insured's assignees, then filed a suit for bad faith breach of contract against the insurer. *Id.* at 889.

The Court held that judgment was properly entered for the insurer. "In the instant case, the breach of duty to settle within policy limits presented only the possibility that a judgment might be rendered in excess of policy limits." *Id.* at 891-892. As the Court stated:

> Had the underlying wrongful death case been prosecuted to judgment and had that judgment been in excess of the $100,000 policy limit... a cause of action in the [insured] for Middlesex's alleged bad faith refusal to settle would have arisen and that mature cause of action could have been assigned to the claimants. At the time the settlement and assignment were actually made, however, it was possible Middlesex would successfully defend the underlying litigation, resulting in a defense judgment or a judgment for the claimants lower than the policy limits settlement offer. As it stood, then, the assignment and suit were based on a "mere possibility" that damage would result from the breach of contract.

As with *Doser,* it is possible that Entercom will successfully defend the underlying action, and therefore, there would be no breach of contract for failure to indemnify or settle.

Entercom relies on *Jamestown Builders, Inc. v. Gen. Star Indem. Co.* (1999) 77

Cal.App.4th 341, 348, to support its position that American Home has breached a duty to settle which entitles Entercom to a waiver of the voluntary payment and cooperation provisions of the policy. To the contrary, *Jamestown* stands for the proposition that Entercom cannot obtain the relief it seeks. "It is only when the insured has requested and been denied a defense by the insurer that the insured may ignore the policy provisions…" *Id.* at 346-347. While American Home, as an excess carrier, has no obligation to provide a defense, it is participating in the defense of Entercom (Entercom complaint 3:21-22.) Thus, Entercom cannot allege that there has been any breach of the duty to settle.

### 2. Entercom Has Not Incurred Any Recoverable Damages.

Entercom fails to allege any facts that establish it has actually been damaged by American Home. A showing of damage is a prerequisite for a breach of contract claim. Entercom now contends it is not seeking, at this time, to recover damages for any future judgment or settlement. (Entercom complaint 13:17-17.) Instead, Entercom contends it is seeking reimbursement of defense fees not reimbursed by Chubb. (Entercom opposition 13:20-21.) As an excess carrier, without a defense obligation, American Home is not responsible for any failure by Chubb to reimburse defense fees. Entercom does not allege any facts establishing that American Home has a present duty to defend in the absence of exhaustion of underlying insurance.

Entercom also alleges that it is entitled to "additional fees" for the defense and *Brandt* fees. (Entercom opposition 14:2-8.) However, as Entercom acknowledges, there is no entitlement to such fees without a denial of coverage. (Entercom complaint 14:4-13.) As there has been no denial of coverage, only participation in the defense under a reservation of rights, Entercom has no potential recoverable damages.

### C. Entercom Fails To Allege Facts Sufficient To Support A Claim For Injunctive Relief

To state a claim for injunctive relief, a party is required to identify a legal right that is, or will be, imperiled by the conduct of the party against whom the injunction is sought. *Madrid v. Perot Systems Corporation* (2005) 130 Cal.App.4th 440, 463. Furthermore, the party seeking an injunction must show that without the protection of an injunction they will suffer irreparable harm,

27671                                   - 8 -

**Defendant American Home Assurance Company's Reply to Plaintiffs' Opposition to the Motion to Dismiss
CV 07-06493 JSW**

and that there is no alternative legal remedy that will adequately address such harm. *Rondeau v. Mosinee Paper Corp.* (1975) 422 U.S. 49, 57; *Beacon Theatres, Inc. v. Westover* (1959) 359 U.S. 500, 506-507.

Entercom alleges continuing harm because Entercom will lose a "unique opportunity" to settle with Strange. (Entercom complaint 15:8-10).[6] However, as previously stated, Entercom may settle the case if it wishes to do so, without recourse to the American Home policy. Entercom also cannot allege "irreparable harm" and that legal monetary remedies would be inadequate.

### D. In The Alternative Entercom's Action Should Be Stayed

Contrary to Entercom's assertion, this Court has not yet ruled on American Home's motion for a stay of the action. The Court's February 29, 2008 order on the motion for administrative relief addressed the briefing schedule for the motion for summary adjudication and the motion to dismiss or stay the action. It did not address the merits of the motion to stay.[7]

The underlying *Strange* action has not been resolved. If this Court were to proceed with this action, without a final determination in the underlying action as to Entercom's liability, there exists the possibility of inconsistent rulings. For example, if punitive damages are awarded in the underlying action this would have a bearing on the intentional nature of Entercom's conduct and would be relevant to the insurance coverage determination of whether there was an occurrence. However, it also would be inconsistent with the ruling that Entercom seeks here that its conduct constitutes an occurrence.

This potential for inconsistent findings is what has lead California courts to hold that an action for declaratory relief, the outcome of which is determined by findings in an ongoing underlying action, cannot proceed. *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, *David Kleis, Inc. v. Superior Court* (1995) 37 Cal.App.4th 1035, *Haskel, Inc. v. Superior Court* (1995) 33 Cal.App.4th 963. The fact that in some of the cases cited by American Home, the stay was sought by the insured, as opposed to the carrier, is irrelevant to their application to this

---

[6] In that the *Strange* action is still pending, there is no way to know whether there was a unique opportunity to settle.
[7] To the extent the Court believes that the motion to stay is procedurally inadequate, American Home requests leave to file a revised motion.

27671

- 9 -

matter. The potential for inconsistency and prejudice is present, regardless of which party raises the issue.

The importance of a finding of liability in the underlying action, prior to a finding of coverage for indemnity, was recently summarized in *Qualcomm, supra*:

> "The obligation to indemnify must be distinguished from the duty to defend.... 'The obligation to indemnify...arises when the insured's underlying liability is established.... Although an insurer may have a duty to defend, it ultimately may have no obligation to indemnify, either because no damages were awarded in the underlying action against the insured, or because the actual judgment was for damages not covered under the policy.' [Citation.] 'Whether coverage is ultimately established in any given case may [also] depend on...the existence of express conditions or exclusions in the particular contract of insurance under scrutiny, the availability of certain defenses that might defeat coverage, and a determination of whether the facts of the case will support a finding of coverage.'" (*Safeco Ins. Co. of America v. Fireman's Fund Ins. Co.* (2007) 148 Cal.App.4th 620, 630, quoting *Montrose Chemical Corp. v. Admiral Ins. Co.* (1995) 10 Cal.4th 645, 655, fn. 2.). " 'The insurer's duty to indemnify runs to claims that are actually covered, in light of the facts proved.... By definition, it entails the payment of money in order to resolve liability.' " [Citation.] 'Both the duty to indemnify and the duty to defend are in fact dependent on coverage – the former on actual coverage, the latter on at least potential coverage.'" (*Safeco Ins. Co. of America v. Fireman's Fund Ins. Co.*, at p. 630, quoting *Buss v. Superior Court* (1997) 16 Cal.4th 35, 46.)

*Qualcomm* succinctly summarizes why this coverage action should not proceed before the resolution of liability in the underlying action.

## III.
## CONCLUSION

Entercom's action is premised upon an unsupported theory, i.e. that an insured is entitled to proceed against a carrier that is participating in its defense, prior to entry of a judgment or settlement. Entercom provides no case authority to support this position. Instead, the case authority and policy language clearly establish that there is no present case or controversy, breach of contract or of the implied covenant, or a right to injunctive relief. For this reason, American Home requests dismissal of this action. In the alternative, American Home requests stay of this action

27671 - 10 -

1 | until after resolution of the underlying *Strange* action.

2 | Dated: March 28, 2008                                    McCURDY & FULLER, LLP

/Mary P. McCurdy/
MARY P. McCURDY
CHRISTINA M. LAVANIER
Attorneys for Defendant
AMERICAN HOME ASSURANCE
COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

27671

- 11 -

**Defendant American Home Assurance Company's Reply to Plaintiffs' Opposition to the Motion to Dismiss**
**CV 07-06493 JSW**