SUSAN K. SULLIVAN (SBN 156418)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 18th Floor
Los Angeles, CA 90017
Telephone: (213)-426-6900
Facsimile: (213) 426-6921
E-mail: susan.sullivan@sdma.com

MARY P. MCCURDY (SBN 116812)
CHRISTINA M. LAVANIER (SBN 233335)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599
E-mail: mary.mccurdy@mccurdylawyers.com
        christina.lavanier@mccurdylawyers.com

Attorneys for Defendant
AMERICAN HOME ASSURANCE COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTERCOM SACRAMENTO, LLC, a Delaware Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; and JOHN GEARY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,<br><br>Defendant. | CASE NO. CV 07-06493 JSW<br><br>**REQUEST FOR JUDICIAL NOTICE REGARDING AMERICAN HOME'S REPLY IN SUPPORT OF THE MOTION TO DISMISS**<br><br>**Date:** **April 25, 2008**<br>**Time:** **9:00 a.m.**<br>**Courtroom:** **2, 17th Floor**<br>**Judge:** **Honorable Jeffrey S. White**<br><br>**Complaint Filed: December 28, 2007** |

Defendant American Home Assurance Company, hereby request that this Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following:

1.    On October 19, 2007, in *Lenscrafters, Inc. v. Liberty Mutual Fire Insurance Company* Case No. C-07-2853, United States District Court for the Northern District of California, Oakland Division, defendant United States Fire Insurance Company filed a Motion to Dismiss, attached hereto as Exhibit 1.

27777                                         - 1 -



1   Dated:  March 28, 2008                          McCURDY & FULLER, LLP

2                                                   /Mary P. McCurdy/

3                                                   MARY P. McCURDY
                                                    CHRISTINA M. LAVANIER
4                                                   Attorneys for Defendant
                                                    AMERICAN HOME ASSURANCE
5                                                   COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025
(650) 618-3500

27777

**Request For Judicial Notice Regarding American Home's Reply In Support Of The Motion To Dismiss
CV 07-06493 JSW**

# EXHIBIT 1

1   SQUIRE, SANDERS & DEMPSEY L.L.P.
    Mark C. Goodman (Cal. State Bar No. 154692)
2   Amy E. Rose (Cal. State Bar No. 222167)
    One Maritime Plaza, Suite 300
3   San Francisco, CA  94111-3492
    Telephone:  +1.415.954.0200
4   Facsimile:   +1.415.393.9887
    Email:  mgoodman@ssd.com
5   Email:  arose@ssd.com

6   Attorneys for Defendant
    UNITED STATES FIRE INSURANCE COMPANY
7

8

9                  IN THE UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                      (OAKLAND DIVISION)

12

13  LENSCRAFTERS, INC.; and EYEXAM          Case No.  C-07-2853 SBA
    OF CALIFORNIA, INC.;                    The Honorable Saundra B. Armstrong
14
                  Plaintiffs,               **E-FILING**
15
            vs.                             **U.S. FIRE INSURANCE COMPANY'S**
16                                          **MOTION TO DISMISS LENSCRAFTERS'**
    LIBERTY MUTUAL FIRE INSURANCE           **SECOND AND THIRD CAUSES OF**
17  COMPANY; EXECUTIVE RISK                 **ACTION**
    SPECIALTY INSURANCE COMPANY;
18  UNITED STATES FIRE INSURANCE            DATE:      January 29, 2008
    COMPANY; MARKEL AMERICAN                TIME:      1:00 p.m.
19  INSURANCE COMPANY; and                  CTRM:      3
    WESTCHESTER FIRE INSURANCE
20  COMPANY,

21                  Defendants.

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492      U.S. FIRE'S MOTION TO DISMISS SECOND AND THIRD CAUSES OF ACTION – CASE NO. C-07-2853 SBA

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND...................................... 3

    A.    LensCrafters' Primary And Excess Policies ..................................... 3

    B.    The Snow Action And The Prior Coverage Action ........................... 3

    C.    LensCrafters Files And Amends This Lawsuit .................................. 4

III.    DISCUSSION ............................................................................................. 5

    A.    Standards Governing A Rule 12(b)(6) Motion To Dismiss ................ 5

    B.    LensCrafters' Breach Of Contract Claim Is Not Ripe ....................... 5

        1.    LensCrafters Cannot Allege Breach of the Duty to Indemnify................ 6

        2.    LensCrafters Cannot Allege Breach of the Duty to Settle ........................ 8

        3.    LensCrafters Cannot Allege "Damages" Flowing From Any
            Alleged Breach.................................................................................... 9

    C.    Having Failed To Plead A Cause Of Action For Breach Of Contract,
        LensCrafters Cannot Maintain Its Claim For Bad Faith As A Matter
        of Law ............................................................................................. 12

IV.     CONCLUSION ......................................................................................... 13

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

- i -

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,*
459 U.S. 519 (1983) .................................................................. 5

*Bernhardt v. County of Los Angeles,*
279 F.3d 862 (9th Cir. 2002) .................................................... 11

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) ....................................................... 5

*County of Santa Clara v. U. S. Fid. Guar. Co.,*
868 F. Supp. 274 (N.D. Cal. 1994) ............................................ 7

*Guebara v. Allstate Ins. Co.,*
237 F.3d 987 (9th Cir. 2001) .................................................... 12

*Ileto v. Glock, Inc.,*
349 F.3d 1191 (9th Cir. 2003) ................................................... 5

*Keams v. Tempe Tech. Inst.,*
110 F.3d 44 (9th Cir. 1996) ...................................................... 11

*Mercado v. Allstate Ins. Co.,*
340 F.3d 824 (9th Cir. 2003) .................................................... 11

*No. 84 Employer-Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp.*
320 F.3d 920 (9th Cir. 2003) ..................................................... 5

*Papasan v. Allain,*
478 U.S. 265 (1986) ................................................................. 5

*Provident Life & Accident Ins. Co. v. Brenner,*
2002 U.S. LEXIS 13379 (9th Cir. 2002) .................................. 12

*Thomas v. Union Carbide Agr. Prods. Co.,*
473 U.S. 568 (1985) ................................................................. 5

*United States v. Ritchie,*
342 F.3d 903 (9th Cir. 2003) ..................................................... 5

## STATE CASES

*Bell Atlantic Corp. v. Twombly,*
__ U.S. __; 127 S.Ct. 1955 (2007) ...................................... 5, 10

*Bramalea California, Inc. v. Reliable Interiors, Inc.,*
119 Cal.App.4th 468 (2004) ...................................................... 9

*Buss v. Superior Court,*
16 Cal.4th 35 (1997) ............................................................... 12

*California State Auto Assn. Inter-Ins. Bureau v. Superior Court,*
184 Cal.App.3d 1428 (1986) .................................................... 12

*Communale v. Traders & General Ins. Co.,*
50 Cal.2d 654 (1958) ................................................................ 8

- ii -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

**TABLE OF AUTHORITIES**
*(continued)*

Page

*Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp.,*
130 Cal.App.4th 1078 (2005) ......................................................................... 9, 10, 13

*Erikson v. Pardus,* __ U.S. __,
127 S.Ct. 2197 (2007) .................................................................................... 5

*FourStar Elec., Inc. v. F&H Constr.,*
7 Cal.App.4th 1375 (1992) ............................................................................ 6

*Gribaldo, Jacobs, Jones & Assocs. v. Agrippina Versicherunges A.G.,*
3 Cal.3d 434 (1970) ....................................................................................... 6, 7

*Hamilton v. Maryland Cas. Co.,*
27 Cal.4th 718 (2002) .................................................................................... 11

*Haskel, Inc. v. Superior Court,*
33 Cal.App.4th 963 (1995) ............................................................................ 12

*Iolab Corp. v. Seaboard Sur. Co.,*
15 F.3d 1500 (9th Cir. 1994) ......................................................................... 8

*J.B. Aguerre, Inc. v. American Guarantee & Liability Ins. Co.,*
59 Cal.App.4th 6 (1997) ................................................................................ 11

*Johansen v. California State Auto. Ass'n Inter-Insurance Bureau,*
15 Cal.3d 9 (1975) ......................................................................................... 8

*Kopczynski v. Prudential Ins. Co.,*
164 Cal.App.3d 846 (1985) ........................................................................... 12

*Lambert v. Southern Counties Gas Co.,*
52 Cal.2d 347 (1956) ..................................................................................... 13

*Olympic Inc. Co. v. Employers Surplus Lines Ins. Co.,*
126 Cal.App.3d 593 (1981) ........................................................................... 8

*Patent Scaffolding Co. v. William Simpson Constr. Co.,*
256 Cal.App.2d 506 (1967) ........................................................................... 9

*PPG Indus. v. Transamerica Ins. Co.,*
30 Cal.4th 310 (1999) .................................................................................... 8

*Regan Roofing Co. v. Superior Court,*
24 Cal.App.4th 425 (1994) ............................................................................ 6

*Signal Companies, Inc v. Harbor Ins. Co.,*
27 Cal.3d 359 (1980) ..................................................................................... 8

*St. Paul Fire & Marine Ins. Co. v. American Dynasty Surplus Lines Ins.*
*Co.,*
101 Cal.App.4th 1038 (2002) ........................................................................ 9

*Treloar v. Keil & Hannon,*
36 Cal.App. 159 (1918) ................................................................................. 7

*Weaver v. Grunbaum,*
31 Cal.App.2d 42 (1939) ............................................................................... 7

*Pacific Indemnity Co. v. Fireman's Fund Ins. Co.,*
175 Cal.App.3d 1191 (1985) ......................................................................... 8

- iii -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

1

**TABLE OF AUTHORITIES**
*(continued)*

2

3
**Page**

*Careau & Co. v. Security Pac. Bus. Credit, Inc.,*

4
    222 Cal.App.3d 1371 (1990)..................................................................................... 6

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

1    **NOTICE OF MOTION AND MOTION**

2    ALL PARTIES AND THEIR COUNSEL OF RECORD:

3            PLEASE TAKE NOTICE that, on January 29, 2007 at 1:00 p.m., or as soon thereafter as

4    counsel can be heard in the above-entitled Court located at 1301 Clay Street, Courtroom 3,

5    Oakland, California, defendant United States Fire Insurance Company ("U.S. Fire") will and

6    hereby does move to dismiss LensCrafters, Inc.'s and EYEXAM of California, Inc's (collectively,

7    "LensCrafters") second (breach of contract) and third (tortious breach of the covenant of good faith

8    and fair dealing) causes of action as unripe.  This motion is based upon this Notice of Motion and

9    Motion, the Memorandum of Points and Authorities included herewith and such other evidence or

10   oral argument as may be presented to the Court at the hearing on this motion.

11           **MEMORANDUM OF POINTS AND AUTHORITIES**

12                          **I.    INTRODUCTION**

13           The claims of "breach" LensCrafters alleges are not ripe and, therefore, its second and third

14   causes of action fail to state claims for which relief can be granted.  Allegations of duties that

15   have not yet arisen and a perfunctory recitation of "damages" do not, without facts that

16   LensCrafters neither possesses nor alleges here, state a claim for breach of contract or bad faith.

17   U.S. Fire requests, therefore, that the Court dismiss LensCrafters' claims of breach and permit

18   this case to continue as the declaratory relief action it is.

19           LensCrafters' Amended Complaint asserts that U.S. Fire breached its contractual

20   obligations by failing to indemnify a proposed settlement of the *Snow* action.  There is, however,

21   nothing to indemnify: The *Snow* action has not settled and no judgment has been entered,

22   meaning that LensCrafters has not become "obligated to pay" any amounts that U.S. Fire could

23   indemnify.  As LensCrafters admits, the parties are in the exact same position they were in before

24   LensCrafters amended its complaint:  No liability has attached and, therefore, neither U.S. Fire

25   nor any other insurer owes a current duty to indemnify LensCrafters.  Absent allegations of a ripe

26   duty to indemnify and a present breach of that existing duty, LensCrafters cannot plead a breach

27   of contract claim as a matter of law.

28           Indeed, LensCrafters' pleading tactically acknowledges as much in its "breach of contract"

- 1 -

1    claim. To get around the "problem," LensCrafters tries to claim that it is really alleging breach of

2    the duty to settle. However, the duty to settle arises from the duty to defend and the resulting

3    control an insurer has over its insured's defense and ability to settle. As a non-defending, excess

4    carrier, U.S. Fire does not automatically owe a general "duty to settle" like a defending primary

5    insurer does. To allege a breach of the duty to settle here, LensCrafters must allege facts showing

6    that U.S. Fire currently has "control" over its insured's ability to settle that rises to the level a

7    defending insurer would exercise. Such facts are not alleged and do not exist: U.S. Fire is an

8    excess carrier whose obligations are not triggered until underlying coverage has been properly

9    exhausted and LensCrafters alleges no such exhaustion here. Nor could it.

10         In any event -- and regardless of whether the Court determines that LensCrafters has

11    adequately alleged breach of either the duty to indemnify or the duty to settle -- LensCrafters fails

12    to allege any damages arising from either supposed breach. And it cannot cure this deficiency

13    either. LensCrafters' conclusory allegations of damages "in an amount to be proven" cannot

14    change the fact that other allegations in the Amended Complaint demonstrate that it has suffered no

15    such damages and may never do so. LensCrafters has not become obligated to pay any amounts to

16    settle or fund a judgment in the *Snow* action, and has not, therefore, alleged damages from any

17    supposed breach of the duty to indemnify. LensCrafters also admits that the Court ordered Liberty

18    Mutual and ERSIC to defend LensCrafters against the *Snow* action and that it is being defended in

19    that action. Therefore, LensCrafters not only fails to allege any damages flowing from the breach

20    of the duty to settle but it admittedly is not suffering any. As a result, LensCrafters' Amended

21    Complaint alleges no damages and, to the contrary, acknowledges that LensCrafters has not

22    suffered (and may never incur) damages flowing from its insurers' alleged breaches of contract.

23         LensCrafters' other "breach" claim -- tortious breach of the implied covenant arising from

24    its insurers' "unreasonable" breach of their contractual duties -- requires a ripe allegation of breach of

25    contract. Absent a claim of breach for which the Court may grant relief, an allegation that the

26    alleged breach was "unreasonable" is, obviously, premature. Because LensCrafters' breach claims

27    are not ripe, its bad faith claim is also unripe. Accordingly, U.S. Fire requests that the Court

28    dismiss LensCrafters' second and third causes of action.

- 2 -

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    LensCrafters' Primary And Excess Policies

Liberty Mutual Insurance Company issued to Luxottica U.S. Holdings, Corp. ("Luxottica") eight primary layer CGL policies from 1998 to 2006. (Amended Complaint at ¶ 16.) Each policy provides coverage in the amount of $3 million per occurrence and $6 million in the aggregate for "personal injury," claims, including the "[o]ral or written publication of material that violates a person's right of privacy." (*Id.* at ¶ 17.) Executive Risk Specialty Insurance Company ("ERSIC") issued a primary layer claims-made, Managed Care Organization Errors & Omissions Liability Policy to Eyemed Vision Care, LLC for the period from November 2001 to November 2002, which provides $3 million in coverage for "any actual or alleged act, error or omission in the performance of, or any failure to perform, Medical Information Protection by any Insured Entity." (*Id.* at ¶ 19.) Thus, according to its own allegations, LensCrafters' primary layer of insurance represents at least $51 million in available coverage. (*See id.* at ¶¶ 16-19.)

U.S. Fire issued to Luxottica three excess policies from 1998 to 2001, each of which provides a $25 million limit of liability per occurrence and in the aggregate. (*Id.* at ¶ 20.) Markel American Insurance Company ("Markel") issued to Luxottica a single excess policy providing $15 million in coverage for the February 2001 to February 2002 policy period. (*Id.* at ¶ 22.) Westchester Fire Insurance Company issued to Luxottica five excess policies from 2001 to 2007, one of which provides $10 million in coverage in excess of Markel's policy and the other four of which provide a $25 million limit of liability per occurrence and in the aggregate. (*Id.* at ¶ 24-25.)

### B.    The *Snow* Action And The Prior Coverage Action

On March 12, 2002, Melvin Snow, on behalf of a purported class of similarly-situated Californians, filed suit against LensCrafters, EYEXAM of California, Inc. ("EYEXAM") and other Luxottica-related entities in *Melvin Gene Snow, et at. v. LensCrafters, Inc., et at.,* San Francisco Superior Court Case No. CGC-02-40554 (the "*Snow* action"). (*Id.* at ¶ 27.) The *Snow* plaintiffs allege, among other things, that optometrists and ophthalmologists hired by EYEXAM and located in LensCrafters' stores in California disclosed to LensCrafters employees (i.e., opticians)

- 3 -

1    private, individually-identifiable medical information in violation of California's Confidentiality

2    of Medical Information Act. (*Id.* at ¶ 26.)

3        In March 2004, LensCrafters filed suit in this Court, seeking a declaration that Liberty

4    Mutual (and, later, also ERSIC) owed a duty to defend the *Snow* action. (*Id.* at ¶ 30.) The Court,

5    in an order dated January 20, 2005, held that the *Snow* action alleged the publication of material

6    that potentially violated a person's right of privacy under both Liberty Mutual's and ERSIC's

7    policies, triggering those insurers' duty to defend. (*Id.* at ¶ 31.)

8    **C.    LensCrafters Files And Amends This Lawsuit**

9        On May 31, 2007, LensCrafters filed this declaratory relief lawsuit. This suit initially

10   requested only a declaration regarding Luxottica's insurers' obligations to provide coverage for

11   the *Snow* action under its insurance policies. On July 18, U.S. Fire moved to dismiss or stay this

12   declaratory relief action in favor of a declaratory relief action it had previously filed in New York,

13   the jurisdiction where the policies had been issued, on the ground that federal law required the

14   Court to presumptively decline to exercise its discretionary jurisdiction over declaratory relief

15   actions where, as here, there is a prior-filed state court action involving the same parties and the

16   same, purely state-law issues.

17       On August 6, in an attempt to avoid application of the so-called *Brillhart* presumption,

18   LensCrafters sought to amend its complaint and add as-yet unripe breach of contract and bad faith

19   claims. U.S. Fire opposed LensCrafters' motion for leave to amend on the basis that (1) its

20   purported breach of contract and bad faith claims were not ripe and (2) its attempt to amend was

21   prompted by its improper motive to ensure this action was no longer solely a declaratory relief

22   action in order to defeat U.S. Fire's motion to dismiss.

23       On September 18, this Court denied U.S. Fire's Motion to Dismiss, determining that other

24   considerations overcame the *Brillhart* presumption that it should decline its discretionary

25   jurisdiction over declaratory relief actions where the same state law action is already pending

26   between the same parties in state court.

27       On September 28, the Court granted LensCrafters' Motion for Leave to file its Amended

28   Complaint, which it filed on October 2.

- 4 -

# III.   DISCUSSION

**A.    Standards Governing A Rule 12(b)(6) Motion To Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1199-120 (9th Cir. 2003).[1]  In determining whether the complaint's allegations are sufficient to state a claim for relief, all allegations of material fact are taken as true. *Erikson v. Pardus,* __ U.S. __, 127 S.Ct. 2197, 2200 (2007).  Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Moreover, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A plaintiff's obligation to provide the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" -- rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* __ U.S. __; 127 S.Ct. 1955, 1964-65 (2007).

**B.    LensCrafters' Breach Of Contract Claim Is Not Ripe**

LensCrafters' breach of contract claim is not ripe for adjudication.  An action has not matured into a proper subject for adjudication when it involves contingent future events that are not certain to occur. *Thomas v. Union Carbide Agr. Prods. Co.,* 473 U.S. 568, 580-81 (1985).  The ripeness doctrine's rationale "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreement[.]" *Abbott Laboratories v. Gardner,* 387 U.S. 136 (1967).  The breach of contract claims brought by LensCrafters turn on contingent, future events that may never occur and a future potential for damages

---

[1] Although its review is generally limited to the contents of the complaint, the Court may also consider documents referenced that form a basis of a plaintiff's claim. *United States v. Ritchie*, 342 F. 3d 903, 908-09 (9th Cir. 2003); *see also No. 84 Employer-Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp.,* 320 F. 3d 920, 925 n.2 (9th Cir. 2003).

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

U.S. FIRE'S MOTION TO DISMISS SECOND AND THIRD CAUSES OF ACTION -- CASE NO. C-07-2853 SBA

1   that LensCrafters may never incur. As such, they are precisely the type of premature causes

2   of action the courts cannot adjudicate.[2]

3       Under California law, the elements of a cause of action for breach of contract are:

4   (1) a contract, (2) plaintiff's performance or excuse for nonperformance of that contract,

5   (3) breach of a contractual obligation by the defendant and (4) damages to the plaintiff

6   resulting from the defendant's breach. *Regan Roofing Co. v. Superior Court*, 24 Cal.App.4th

7   425, 434-35 (1994); *FourStar Elec., Inc. v. F&H Constr.*, 7 Cal.App.4th 1375, 1380 (1992);

8   *Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1388 (1990).

9   LensCrafters cannot allege either breach of any presently-owed contractual obligation or any

10   damages flowing from an alleged breach. Instead, LensCrafters alleges breaches of duties that

11   have yet to arise (and may never arise) and perfunctorily recites that it has sustained damages,

12   which assertion its other allegations contradict. Accordingly, LensCrafters' claims for breach are

13   not ripe, do not state a claim for which relief can currently be granted and should be dismissed.

14      **1.    LensCrafters Cannot Allege Breach of the Duty to Indemnify**

15       U.S. Fire simply cannot have breached an obligation it does not yet -- and may never --

16   owe. To allege breach of contract against U.S. Fire, LensCrafters must allege that U.S. Fire

17   breached a contractual duty it owes now to indemnify a loss actually incurred by LensCrafters --

18   not a duty it may possibly owe someday, depending upon the happening (or not) of an event or

19   series of events. A claim for indemnity is not ripe, however, until *liability has actually occurred*

20   -- i.e., a judgment has been entered or a settlement paid. *Gribaldo, Jacobs, Jones & Assocs. v.*

21   *Agrippina Versicherunges A.G.*, 3 Cal.3d 434, 446-47 (1970) (a claim seeking indemnity accrues

22   only when the indemnitee pays a legal obligation). Absent a ripe claim for indemnity, U.S. Fire

23   cannot owe a duty to indemnify. But LensCrafters does not allege that it has incurred any

24   liability that can be indemnified. To the contrary, LensCrafters admits that no settlement or

25   judgment has been entered in the *Snow* action. Because, according to LensCrafters' own

26   allegations, U.S. Fire does not owe a duty to indemnify any settlement or judgment at this time,

27   [2] U.S. Fire does not dispute that LensCrafters' declaratory relief claim -- which is virtually identical to U.S.
Fire's declaratory relief claim in the New York Action -- is ripe.

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

U.S. FIRE'S MOTION TO DISMISS SECOND AND THIRD CAUSES OF ACTION -- CASE NO. C-07-2853 SBA

1    LensCrafters cannot allege U.S. Fire breached such a duty.

2        The law is clear: "[A]n indemnitor is not liable for a claim made against the indemnitee

3    until the indemnitee suffers *actual loss* by being compelled to pay the claim." *Gribaldo*, 3 Cal.3d

4    434 at 446-47(emphasis added). Neither *a contingent* settlement nor the *risk* of a possible future

5    judgment can support LensCrafters' breach of contract claim. *See County of Santa Clara v. U. S.*

6    *Fid. Guar. Co.,* 868 F. Supp. 274, 277 (N.D. Cal. 1994); *Weaver v. Grunbaum,* 31 Cal.App.2d 42,

7    79-50 (1939); *Treloar v. Keil & Hannon,* 36 Cal.App. 159, 168-69 (1918). LensCrafters'

8    purported contingent settlement -- that, by definition, is dependent on conditions and events that

9    have not yet, and may never, occur -- and the possibility of a future judgment are only

10    speculation. Simply put, the duty to indemnify will only attach when LensCrafters becomes

11    obligated to pay an outstanding and then-owing settlement or judgment. *See id.* LensCrafters'

12    inability to allege such a settlement or judgment is fatal to its ability to allege breach of an

13    existing duty to indemnify, which, in turn, is fatal to its breach of contract claim for breach of the

14    duty to indemnify.

15        Although LensCrafters purports to allege a breach of its insurers' "duty to indemnify,"

16    LensCrafters fails to identify any loss it has incurred, any liability it has sustained or any amount

17    of damages for which its insurers are allegedly obligated to pay. (*See* Amended Complaint at

18    ¶¶ 43-45 ("Breach of Contract Re Defendants' Duty to Indemnify and Duty to Settle").)

19    LensCrafters admits that no judgment or settlement has been entered in the *Snow* action. (*Id.* at

20    ¶ 36 ("The mediation on July 26 was unsuccessful").) Thus, instead of supporting its bald

21    assertion that its insurers have breached a "duty to indemnify," LensCrafters concedes that there

22    is presently nothing for its insurers to indemnify. (*Id.* at ¶ 37 ("Defendants . . . ha[ve] prevented

23    the settlement of the *Snow* action").)

24        LensCrafters' claim for breach of the duty to indemnify is clearly not ripe: There is

25    nothing that this Court can order LensCrafters' insurers to indemnify because there is nothing *to*

26    indemnify. (*See id.* at ¶ 38.) Having failed to allege that it has sustained a monetary loss or owes

27    a current obligation to pay, LensCrafters cannot allege an existing duty to indemnify or a

28    "breach" of that duty.

- 7 -

1    **2.    LensCrafters Cannot Allege Breach of the Duty to Settle**

2    In addition to alleging that its insurers have breached an as-yet non-existent duty to

3    indemnify, LensCrafters also asserts that U.S. Fire has breached a "duty to settle" the *Snow*

4    action. (Amended Complaint at ¶¶ 43-45.)  These allegations likewise fail to set forth facts

5    demonstrating that such a duty exists.  Neither U.S. Fire nor LensCrafters' other excess insurers

6    owe any such duty with regard to the *Snow* action. *PPG Indus. v. Transamerica Ins. Co.*, 30

7    Cal.4th 310, 321 (1999) ("Pursuant to the covenant of good faith and fair dealing . . . the insurer

8    has a duty to make reasonable efforts to settle a claim against its insured by the insured's victim

9    . . . *The insurer's duty to settle arises from its interrelated duty to defend*") (emphasis added).

10    The good faith duty to settle stems from the fact that a defending insurer controls its insured's

11    defense and ability to settle. *Id. Where such control over the defense and ability to settle does*

12    *not exist, neither does the insurer's duty to settle. Id.*  As a non-defending, excess insurer on a

13    claim currently being defended by primary carriers, U.S. Fire has no duty to defend, no "control"

14    over LensCrafters' ability to settle and, therefore, no current duty to settle. *See, e.g., Johansen v.*

15    *California State Auto. Ass'n Inter-Insurance Bureau,* 15 Cal.3d 9, 15-16 (1975) (holding that *a*

16    *defending insurer* owes a duty to accept a reasonable settlement within policy limits where there

17    is a substantial risk of an excess judgment); *Communale v. Traders & General Ins. Co.,* 50

18    Cal.2d 654, 658 (1958) (holding that *an insurer that breaches its duty to defend* and refuses to

19    accept a settlement offer within policy limits may breach the duty to settle).

20    U.S. Fire undisputedly does not owe a duty to defend and, thus, does not control

21    LensCrafters' defense or ability to settle the *Snow* action.  It is axiomatic that "[a]ll primary

22    insurance must be exhausted before liability attaches under a secondary policy." *Iolab Corp. v.*

23    *Seaboard Sur. Co.,* 15 F.3d 1500, 1505 (9th Cir. 1994) (quoting *Olympic Inc. Co. v. Employers*

24    *Surplus Lines Ins. Co.,* 126 Cal.App.3d 593, 599 (1981)).  As interpreted by California courts,

25    this means that an excess insurer has no duty to defend until primary limits are exhausted in

26    resolution of third-party claims against the insured. *Signal Companies, Inc v. Harbor Ins. Co.,*

27    27 Cal.3d 359, 369 (1980); *Pacific Indemnity Co. v. Fireman's Fund Ins. Co.,* 175 Cal.App.3d

28    1191, 1196-97 (1985).  U.S. Fire is such an "excess" insurer and, therefore, owes no current

- 8 -

1   obligation to defend LensCrafters. (Amended Complaint at ¶ 21). Absent allegations of a current

2   duty to defend or current ability to "control" LensCrafters' defense and ability to settle,

3   LensCrafters fails to allege that U.S. Fire -- or any other "excess" insurer -- owes a "duty to

4   settle" the *Snow* action.

5       LensCrafters fails to allege that U.S. Fire currently owes either a duty to indemnify or a

6   duty to settle, because it does not. As such, LensCrafters does not -- and cannot -- allege

7   "breach" of an existing contractual duty. Accordingly, it cannot state a claim for breach of

8   contract and its second cause of action should be dismissed.

9       **3.    LensCrafters Cannot Allege "Damages" Flowing From Any Alleged Breach**

10      Regardless of whether LensCrafters adequately alleges breach of contract, it fails to allege

11  damages and, accordingly, its breach of contract claim fails to state a claim for which relief may

12  be granted. To support an action for breach of contract, a plaintiff must allege damages.

13  *Bramalea California, Inc. v. Reliable Interiors, Inc.*, 119 Cal.App.4th 468, 473 (2004). Without

14  a factual allegation (as opposed to a conclusory recitation) that it suffered monetary loss,

15  LensCrafters cannot allege a viable breach of contract claim. *See Emerald Bay Community Ass'n*

16  *v. Golden Eagle Ins. Corp.*, 130 Cal.App.4th 1078, 1088 (2005) (recognizing that an insured

17  cannot maintain a cause of action for breach of contact absent resulting damages). Simply put,

18  a "breach of contract without damage is not actionable." *Patent Scaffolding Co. v. William*

19  *Simpson Constr. Co.*, 256 Cal.App.2d 506, 511 (1967); BAJI 10.85; CACI 303 (requiring a

20  plaintiff to show, as one of the essential elements of a cause of action for breach of contract,

21  "damages to plaintiff caused by the breach"). If LensCrafters cannot allege *facts* showing that

22  it has sustained actual monetary loss, it cannot maintain a claim for breach of contract. *See St.*

23  *Paul Fire & Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.*, 101

24  Cal.App.4th 1038, 1060 (2002) ("An essential element of a claim for breach of contract is

25  damages resulting from the breach").

26      As already discussed, LensCrafters does not allege that it has paid or has even become

27  obligated to pay any money to settle or fund a judgment in the *Snow* action. (*See* Amended

28  Complaint at ¶ 38.) Accordingly, in addition to failing to allege breach of a contractual duty, it

- 9 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

1  also alleges no damages flowing from any alleged breach of the duty to indemnify.  Similarly,

2  because (as LensCrafters alleges) Liberty Mutual is obligated to provide it a complete defense in

3  the *Snow* action, it cannot allege any damages arising from the alleged breach of the duty to

4  settle (even assuming U.S. Fire owes such a duty here).  Therefore, LensCrafters' breach

5  claims must fail.

6        LensCrafters' only allegation of damages flowing from its insurers' alleged breach of

7  contract -- that they deprived it of the "benefit of their policies, for which substantial amounts

8  in premiums were paid" -- is a non-starter.  (Amended Complaint at ¶ 45).  LensCrafters'

9  allegation is merely a formulaic recitation of the damages element without a single *fact*

10  alleging the basis for its claim of actual harm.  *See Bell Atlantic Corp.*, __ U.S. __, 127

11  S.Ct. at 1964-65 (2007) (requiring a plaintiff to provide "more than labels and conclusions" and

12  holding that "a formulaic recitation of the elements of a cause of action will not do").

13  LensCrafters' conclusory allegations are insufficient to support its claim for breach,

14  particularly where, as here, those allegations are contradicted by facts alleged elsewhere in its

15  pleading.

16        As discussed, the duty to indemnify LensCrafters is inextricably tied to and cannot

17  arise without a settlement or a judgment in the *Snow* action for which LensCrafters is liable.

18  For the same reasons that it cannot allege breach of an existing contractual obligation --

19  because there is nothing for U.S. Fire to indemnify and, therefore, no "duty" to indemnify that

20  U.S. Fire could have possibly breached -- LensCrafters also cannot allege damages arising

21  from the alleged breach of the duty to indemnify.  LensCrafters does not allege that it has

22  become liable for or paid a settlement or a judgment in the *Snow* action -- because it has not.

23  (*See* Amended Complaint at ¶ 37.)  Instead, as it admits, it continues to defend that action and

24  faces the potential *risk* of a judgment at some future date. (*Id.* at ¶ 38.)  But the *risk* of damage

25  is not compensable damages.  *See, e.g., Emerald Bay Community Ass'n,* 130 Cal.App.4th at 1096

26  ("[P]laintiff needed to establish actual financial loss, not merely a potential that it may suffer

27  a loss sometime in the future").

28        Similarly, LensCrafters fails to allege damages to support its breach of the duty to

- 10 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

1    settle. *See, e.g., Hamilton v. Maryland Cas. Co.,* 27 Cal.4th 718, 725 (2002) (requiring entry of

2    an actual judgment in excess of policy limits following trial as prerequisite in California to

3    action for breach of the duty to settle); *J.B. Aguerre, Inc. v. American Guarantee & Liability*

4    *Ins. Co.,* 59 Cal.App.4th 6, 13 (1997) (noting that an insurer's alleged "breach" of the duty to

5    settle may ultimately prove to have been correct if a defense verdict in the underlying action

6    results). *See also Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 827 (9th Cir. 2003) (applying

7    California law and stating that the insured only has the remedy of pursuing an action against its

8    insurer for bad faith duty to settle if trial results in an excess judgment). LensCrafters does not

9    allege that, following its insurers' alleged failure to settle the *Snow* action, it settled the claim

10   at some higher amount or currently faces an adverse judgment in excess of the amount of the

11   proposed settlement amount. Nor could it so allege: It admits that the *Snow* action is still

12   being litigated and that no judgment or settlement has been entered at all -- let alone one in

13   excess of its available primary limits or the proposed settlement amount. (Amended

14   Complaint at ¶¶ 37, 38.)

15          To protect its premature claims from dismissal, however, LensCrafters has claimed, in

16   writings other than its Amended Complaint, that it is paying some portion of its defense costs in

17   the *Snow* action. (*See, e.g.,* LensCrafters' Reply in support of Motion for Leave to File

18   Amended Complaint at 7.) First of all, because allegations of such damages are not pled in its

19   Amended Complaint, they are not relevant to the Court's analysis of U.S. Fire's motion to

20   dismiss. *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 869 (9th Cir. 2002) (permitting

21   district court to "consider only the facts alleged in the complaint and in any documents appended

22   thereto" when reviewing a motion to dismiss); *see, e.g., Kearns v. Tempe Tech. Inst.,* 110 F.3d

23   44, 46 (9th Cir. 1996).

24          But even if LensCrafters amended its complaint (again) to add such allegations, the

25   amounts it is contributing to its defense in the *Snow* action are not cognizable or recoverable

26   damages against U.S. Fire (or any other excess insurer) for breach of the duty to settle. It is

27   unclear why those amounts are being funded by LensCrafters and whether the arrangement was

28   voluntarily agreed to or the result of a disagreement with Liberty Mutual. But, regardless of the

- 11 -

1    reason, LensCrafters admits that Liberty Mutual owes it a complete defense in the *Snow* action.

2    (Amended Complaint at ¶ 31); *see, e.g., Buss v. Superior Court*, 16 Cal.4th 35, 49 (1997) ("To

3    defend meaningfully, the insurer must defend immediately . . . to defend immediately, it must

4    defend entirely"); *Haskel, Inc. v. Superior Court*, 33 Cal.App.4th 963, 976 (1995) (holding that if

5    a primary insurer "owes any defense burden, it must be fully borne").  If LensCrafters voluntarily

6    relinquished its right to a full and complete defense from Liberty Mutual and agreed to another

7    arrangement -- one in which it pays some portion of its defense to retain counsel of its choice -- it

8    cannot now claim those amounts as "damages" flowing from any alleged breach by its excess

9    carriers.  Or, if LensCrafters disputes Liberty Mutual's only partial payment of fees and expenses

10   for the *Snow* action, that dispute is with Liberty Mutual and not with LensCrafters' excess

11   insurers, which undisputedly do not owe it a defense.  In either event, LensCrafters has not

12   alleged -- and could not allege -- such defense amounts as "damages" against U.S. Fire to support

13   its "breach" of the duty to settle claim.

14       LensCrafters' alleged "damages" are non-existent, speculative and contingent -- not the

15   sort of actual damages required to support a claim for breach.  It has neither paid money nor

16   incurred an obligation to pay money to settle or fund a judgment in the *Snow* action.  It admits

17   that it continues to defend against the *Snow* action -- a defense that Liberty Mutual is obligated to

18   provide.  Accordingly, it has not sustained any monetary damages.  Absent damages,

19   LensCrafters' breach of contract claim fails and should be dismissed.

20   **C.    Having Failed T o Plead A Cause Of Action For Breach Of Contract, LensCrafters
21          Cannot Maintain Its Claim For Bad Faith As A Matter of Law**

22       To allege a claim for tortious breach of the implied covenant of good faith and fair

23   dealing, LensCrafters must adequately allege that: (1) benefits due under the policy have been

24   withheld (i.e., breach of contract); and (2) withholding policy benefits was unreasonable or

25   without proper cause.  *See California State Auto Assn. Inter-Ins. Bureau v. Superior Court*, 184

26   Cal.App.3d 1428, 1433 (1986); *Kopczynski v. Prudential Ins. Co.*, 164 Cal.App.3d 846, 849 (1985);

27   *Provident Life & Accident Ins. Co. v. Brenner*, 2002 U.S. LEXIS 13379, *56 (9th Cir. 2002);

28   *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001).  A bad faith claim is, therefore,

- 12 -

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

1   dependent upon a ripe contract claim -- i.e., an existing contractual duty under the policy that was

2   breached and resulted in damages. *Emerald Bay Community Ass'n,* 130 Cal.App.4th at 1096

3   (affirming dismissal of bad faith claim where the underlying breach of contract cause of action

4   failed to state a claim). *See also Lambert v. Southern Counties Gas Co.,* 52 Cal.2d 347, 353 (1956)

5   (noting that where a cause of action rests on the allegations contained in a separate but related

6   cause of action, it is subject to a demurrer if the allegations in the related cause of action fail to

7   state a claim). Absent factual allegations supporting a currently-viable claim for breach of

8   contract, therefore, LensCrafters cannot state a claim for bad faith as a matter of law.

9          If LensCrafters' breach of contract cause of action fails to allege facts sufficient to state a

10  claim for relief on *either* ground identified above (failure to allege breach of a contractual duty

11  that is currently owed or failure to allege damages at all, let alone legally-cognizable damages),

12  its bad faith claim fails as a matter of law. Because LensCrafters has not stated, and cannot state,

13  a claim for breach of contract, it has not stated, and cannot state, a claim for bad faith.

14  Accordingly, neither of LensCrafters' new "breach" claims is viable and both should be

15  dismissed.

16                          **IV.    CONCLUSION**

17         The claims asserted by LensCrafters are legally deficient. LensCrafters must -- but fails to

18  -- allege that U.S. Fire breached an owing contractual duty, which resulted in actual damages to

19  it. It does not, therefore, state a claim for breach of contract as a matter of law. Failing to allege

20  a breach of contract, LensCrafters cannot allege tortious breach of the covenant of good faith and

21  fair dealing. Both of LensCrafters new claims for breach should, therefore, be dismissed.

22  Dated: October 19, 2007                    SQUIRE, SANDERS & DEMPSEY L.L.P.

23

24                                            By:_____

25                                                    Amy E. Rose

26                                            Attorneys for Defendant
                                              UNITED STATES FIRE INSURANCE
                                              COMPANY
27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

1

**PROOF OF SERVICE**

2

     I am employed in the County of San Francisco, State of California.  I am over the age of

3

18 and not a party to the within action; my business address is One Maritime Plaza, Third Floor, San Francisco, California 94111-3492.

4

     On October 19, 2007, I served the following document described as:

5

**U.S. FIRE INSURANCE COMPANY'S MOTION TO DISMISS LENSCRAFTERS'**

6

**SECOND AND THIRD CAUSES OF ACTION**

7

     ☒     VIA THE UNITED STATES DISTRICT COURT ELECTRONIC FILING SERVICE on

8

     interested parties in this action as set forth below:

9

Richard DeNatale, Esq.                   Terrence R. McInnis, Esq.
Celia M. Jackson, Esq.                  Ross, Dixon & Bell, LLP

10

Heller Ehrman LLP                     5 Park Plaza, Suite 1200
333 Bush Street                         Irvine, CA 92614

11

San Francisco, CA 94104-2878       Telephone:   (949) 622-2700
Telephone:   (415) 772-6000       Facsimile:   (949) 622-2739

12

Facsimile:   (415) 772-6268        *tmcinnis@rdblaw.com*
*richard.denatale@hellerehrman.com*

13

*celia.jackson@hellerehrman.com*

14

Robert D. Dennison, Esq.             Alex F. Stuart, Esq.
Harris, Green & Dennison           Willoughby, Stuart & Bening

15

5959 W. Century Blvd., Suite 1100    Fairmont Plaza
Los Angeles, CA 90045             50 West San Fernando, Suite 400

16

Telephone:   (310) 665-8656       San Jose, CA 95113
Facsimile:   (310) 665-8659       Telephone:   (408) 289-1972

17

*rdd@h-glaw.net*                        Facsimile:   (408) 295-6375
                                 *afs@wsblaw.net*

18

Chip Cox, Esq.

19

Long & Levitt
465 California Street, 5th Floor

20

San Francisco, CA 94104
Telephone:   (415) 438-4413

21

Facsimile:   (415) 397-6392
*chipc@longlevit.com*

22

23

     Executed on October 19, 2007, at San Francisco, California.  I declare under penalty of

24

perjury under the laws of the State of California that the above is true and correct.

25

26

                                _____

27

                                       Amy E. Rose

28