FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
David P. Barton (CSB No. 221549, dbarton@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiffs ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP., and JOHN GEARY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ENTERCOM SACRAMENTO, LLC, a California Limited Liability Corporation; ENTERCOM COMMUNICATIONS CORP., a Pennsylvania Corporation; JOHN GEARY, an individual; and on behalf of themselves and all other persons and entities similarly situated,

Plaintiffs,

v.

AMERICAN HOME ASSURANCE COMPANY, a New York Corporation,

Defendant.

Case No. CV 07 6493 JSW

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Date: April 25, 2008
Time: 9:00 a.m.
Courtroom: 2, 17th Floor
Judge: Honorable Jeffrey S. White

Complaint Filed December 28, 2007

Plaintiffs Entercom Sacramento LLC, Entercom Communications Corp. and John Geary (collectively "Plaintiffs" or "the Entercom Parties"), and Defendant American Home Assurance Company ("American Home" or "Defendant") (collectively, "the Parties") hereby submit this Joint Case Management Conference Statement.

## I. JURISDICTION AND SERVICE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

All parties have been served, and no issues exist regarding personal jurisdiction or venue.

## II. FACTS

The Chubb Group Of Insurance Companies ("Chubb") issued a primary commercial liability policy under which the Entercom Parties are insureds, with policy limits of $1,000,000. Defendant American Home issued an excess Commercial Umbrella Liability Policy ("the Excess Policy") under which the Entercom Parties are insureds, with policy limits of $25,000,000. The American Home Excess Policy provides coverage for bodily injury cased by an "Occurrence." "Occurrence" is defined to include "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

On January 25, 2007, the Entercom Parties were sued in a lawsuit entitled *William Strange, individually and Guardian ad litem for Ryland Strange and Juorie Strange, minors, et al. v. Entercom Sacramento, LLC et al.* (the "the Strange lawsuit"). The lawsuit arose out of the death of Jennifer Strange (a wife and mother of three children) after she participated in a "Hold Your Wee for a Wii" contest run by one of the radio stations owned by Entercom Sacramento (a Plaintiff herein). The Entercom Parties tendered the Strange lawsuit to their insurance carriers, Chubb and American Home. Chubb, as the primary carrier, accepted the tender and began defending the Entercom Parties without a reservation of rights. American Home assigned counsel to assist in the defense of the lawsuit as a part of a reservation of rights letter.

After the Strange lawsuit was tendered, American Home assigned a claims representative, Leonard Romeo, to monitor and handle the matter. The Entercom Parties contend that Mr.

Romeo made numerous representations to them concerning the reservation of rights, American Home's settling of the Strange lawsuit, and American Home's claim's procedures. American Home contends that the Entercom Parties are incorrect in their position on these alleged representations.

On July 12, 2007, after some discovery in the Strange lawsuit, counsel for the Strange family made a Settlement Demand for $13 million that was open for thirty days. The Entercom Parties forwarded the Settlement Demand to Chubb and American Home. Chubb responded by agreeing to contribute the Chubb Primary Policy limits of $1,000,000 toward settlement. American Home did not respond to the Entercom Parties (or to the plaintiffs in the underlying Strange lawsuit) prior to the date on which the Settlement Demand lapsed.

On February 14, 2008 a settlement demand of $10M was made in the *Strange* action. The demand was made to Entercom Sacramento, LLC, and American Home contends that the release was for all claims, including uncovered punitive damage claims. The Entercom Parties contend that punitive damages are unavailable as a matter of law, and that the demand was unrelated to punitive damages. The Entercom Parties also contend that American Home did not discuss potential settlement with the plaintiffs in the Strange lawsuit prior to expiration of the demand. American Home contends that it has engaged in numerous discussions throughout the pendency of the Strange lawsuit regarding potential resolution of claims. The demand was not accepted. The parties agreed to mediate this matter on June 9, 2008.

As set forth in greater detail in their Complaint and in the motion for summary adjudication, the Entercom Parties contend that, in August 2007 and thereafter, American Home communicated with the Entercom Parties, contending that, although the Entercom Parties did not intend any harm, the death of Jennifer Strange was not an "Occurrence" so as to trigger coverage under the Excess Policy. American Home disputes the Entercom's Parties interpretation of prior communications. The Entercom Parties contend, that it was a violation of California law for American Home to take coverage issues into account in determining whether to respond to a settlement demand.

The Entercom Parties further contend that, in subsequent communications, American

Home advised the Entercom Parties that American Home would not "take action on its own to settle the Strange lawsuit" because there was no "occurrence" so as to trigger coverage. American Home disputes this contention. American Home continues to be willing to discuss settlement of the Strange action and mediation will take place on June 9, 2008. (The Entercom Parties dispute American Home's willingness and contend that American Home no longer has the right to control settlement.) Given this representation, the Entercom Parties asked American Home to confirm that the Entercom Parties could take control of the settlement negotiations and attempt to settle the Strange lawsuit on their own. American Home responded by stating that the Entercom Parties could not attempt to settle the case on their own without running afoul of the "no voluntary payments" provision in the Excess Policy. The Entercom Parties contend that American Home's position has placed the Entercom Parties in a Catch-22 position, under which American Home is refusing to take action to attempt to resolve the Strange lawsuit, while at the same time preventing the Entercom Parties from attempting to settle the case.

As set forth in greater detail in the Complaint and the motion for summary adjudication, the Entercom Parties contend that there is coverage under the Excess policy for the Strange lawsuit, and that American Home breached the Excess Policy and the covenant of good faith and fair dealing by, among other things, denying coverage; failing to acknowledge or respond in a timely manner to the Settlement Demand; failing to take actions to attempt to negotiate a reasonable settlement; failing and refusing to cooperate in attempting to settle the Strange lawsuit; failing and refusing to conduct a reasonable investigation of facts relevant to its coverage analysis; failing to give proper consideration to the interests of the Entercom Parties; and failing and refusing to consult with the Entercom Parties and their counsel concerning the Settlement Demand. The Entercom Parties believe that the material facts underlying these claims are undisputed, with one exception: with respect to some of the bases for the bad faith claim, the Entercom Parties understand that Mr. Romeo of American Home (who was replaced as the claims representative in August 2007) denies various representations made by American Home to representatives of the Entercom Parties.

American Home disagrees with the foregoing and contends that:

- This action is premature because there is no justiciable case or controversy between the Entercom Parties and American Home unless and until there is a settlement or judgment in excess of the primary policy limits.
- The Entercom Parties cannot obtain any rulings relevant to the duty to indemnify, including a ruling that there has been an occurrence, because the Entercom Parties' liability, and the basis therefore, has not been established in the underlying action.
- Proceeding with the coverage action might result in inconsistent rulings leading to a situation in which the Entercom Parties could be held liable for intentional conduct in the underlying action, but claim coverage nonetheless due to the premature rulings it seeks here.
- American Home is entitled to conduct discovery as no discovery has been conducted in this case.
- The Entercom Parties are not entitled to a ruling that would eliminate the no voluntary payment provision from the policy because American Home is participating in the defense (even though as an excess carrier it is not legally obligated to do so at this point) and it has not breached any policy provisions.
- There can be no waiver of any policy provision absent a showing of a failure to accept a reasonable settlement demand and entry of an excess judgment and the Entercom Parties have not demonstrated that they have received a reasonable settlement demand.

The Entercom Parties disagree with American Home's contentions for the reasons set forth in their motion for summary adjudication and opposition to the motion to dismiss.

## III. LEGAL ISSUES

The following principal legal issues are in dispute between the parties:

1. Are the Entercom Parties' claims ripe? (This issue has been briefed in connection with the Entercom Parties' motions for summary adjudication and American Home's motion to dismiss or in the alternative to stay.)

2. In light of American Home's reservation of rights letter and the terms of the Excess Policy, are the Entercom Parties entitled to a declaration that the American Home Excess Policy provides coverage for the Strange lawsuit (exclusive of claims for punitive damages)?

(This issue has been briefed by the parties in connection with the Entercom Parties' motion for summary adjudication and American Home's motion to dismiss or in the alternative to stay.)

3. Are the Entercom Parties entitled to a declaration that, given American Home's alleged conduct, the Entercom Parties may control the settlement negotiations and attempt to settle the Strange lawsuit without violating the "no voluntary payments" and "cooperation" provisions in the Excess Policy? (This issue has been briefed by the parties in connection with the Entercom Parties' motion for summary adjudication and American Home's motion to dismiss or in the alternative to stay.)

4. Has American Home breached the Excess Policy? (The breaches alleged with respect to coverage and the obligations to cooperate in settlement have been briefed by the parties in connection with the Entercom Parties' motion for summary adjudication and American Home's motion to dismiss or in the alternative to stay.)

5. Has American Home breached the implied covenant of good faith and fair dealing? (The papers submitted in connection with the Entercom Parties' motion for summary adjudication and American Home's motion to dismiss or in the alternative to stay discuss legal authorities addressing some of the alleged bad faith conduct alleged in the Complaint .)

6. What damages, if any, did the Entercom Parties sustain as a result of the alleged breaches of contract and breaches of the implied covenant of good faith and fair dealing?

7. Are the Entercom Parties entitled to recover attorneys fees and costs?

8. Are the Entercom Parties entitled to punitive damages and, if so, in what amount?

9. Are the Entercom Parties entitled to an injunction barring American Home from raising the "no voluntary payment," "cooperation," or other provisions in the Excess Policy in response to attempts by the Entercom Parties to enter into a reasonable settlement of the Strange lawsuit?

## IV. MOTIONS

The Court previously denied: (1) Plaintiffs' Application for an Order Shortening time for Hearing on Plaintiffs' Motion for Summary Adjudication; and (2) Defendant's Motion for Administrative Relief to Extend Time to Respond to Plaintiffs' Motion for Summary

Adjudication.

Currently pending before the Court are (1) Plaintiffs' Motion for Summary Adjudication of Issues Without Controversy in the First, Second, and Third Claim for Relief, and (2) Defendant's Motion to Dismiss Pursuant to F.R.C.P 12(b)(6), or in the Alternative, Motion To Stay.

Should this Court allow the Entercom Parties to pursue their bad faith claim, American Home will request that this Court bifurcate the discovery and trial of the bad faith claim. American Home contends (and the Entercom Parties dispute) that bifurcation will serve the interests of judicial economy, since resolution of the coverage issues may obviate the need to litigate the bad faith claim. American Home also anticipates bringing motions for summary adjudication or summary judgment, after it has been allowed an opportunity to conduct discovery and resolution of the underlying Strange action.

## V. AMENDMENT OF PLEADINGS

Plaintiffs have no present intention to amend the pleadings (unless the Court, in connection with American Home's pending motion to dismiss, has concerns with the sufficiency of any particular allegations, in which case the Entercom Parties would request leave to amend).

## VI. EVIDENCE PRESERVATION

The Parties have been advised of their obligations to preserve documents and electronic evidence relevant to the issues reasonably evident in this matter.

## VII. DISCLOSURES

The Parties are serving the required initial disclosures under Federal Rule of Civil Procedure Section 26 concurrently with this Case Management Conference Statement. Those initial disclosures identify the witnesses with knowledge regarding this case, documents relevant to the dispute between the parties, and a calculation of damages.

## VIII. DISCOVERY

The parties have not taken any discovery to date in this case, but if this action proceeds after the Court's ruling on American Home's motion to dismiss or stay, the parties will conduct

written discovery as well as depositions on the matters remaining to be resolved. The parties anticipate that they will meet and confer regarding a discovery plan and preparation of a stipulated protective order, to protect against disclosure of attorney-client privileged and work-product communications. Substantial discovery has been undertaken in the underlying Strange lawsuit, and that discovery has been made available to the parties to this case.

American Home contends that it has not had an opportunity to conduct any discovery in this matter. American Home also contends that it is entitled to discover, among other things, what the insured intended with regard to the Contest preparation and execution, the basis for Entercom's contention that an occurrence took place and the basis for Entercom's position that it is entitled to waiver of the policy provisions. The Entercom Parties contend that additional discovery is unnecessary with respect to the issues briefed in the motion for summary adjudication.

Pursuant to Federal Rule of Civil Procedure 32 ("Rule 32"), American Home contends (and the Entercom Parties dispute) that American Home is entitled to conduct independent discovery. American Home also contends that it needs to depose a number of individuals who have not already been deposed in the *Strange* action regarding their knowledge of the facts underlying Ms. Strange's death. (The need for discovery is briefed in the summary adjudication papers.)

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

The underlying Strange lawsuit – *William Strange, individually and Guardian ad litem for Ryland Strange and Juorie Strange, minors, et al. v. Entercom Sacramento, LLC et al.* (Case No. 07AS00377) – is currently pending in the Superior Court for the State of California, County of Sacramento.

## XI. RELIEF SOUGHT

The Entercom Parties seek the following relief:

1. A declaration that the Excess Policy affords coverage for the Strange lawsuit

(exclusive of punitive damages).

2. A declaration that the Entercom Parties have the right to attempt to enter into a settlement of the Strange lawsuit on their own, without regard to the "no voluntary payment," "cooperation" or other provisions of the American Home Excess Policy.

3. Compensatory damages for American Home's breaches of the Excess Policy and breaches of its covenant of good faith and fair dealing consisting of the attorneys' fees and expenses the Entercom Parties are being forced to pay for the continuing defense of the Strange lawsuit in excess of amounts reimbursed by Chubb; attorneys' fees and expenses incurred in pursuing their rights under the Excess Policy and prosecuting this action; and the amount of any reasonable settlement or judgment in the Strange lawsuit that the Entercom Parties are forced to pay. To date, the Entercom Parties have incurred in excess of $400,000 in damages that the Entercom Parties claim are recoverable.

4. Exemplary damages to be proven at trial for American Home's bad faith breaches of the covenant of good faith and fair dealing.

5. An injunction prohibiting American Home from objecting to any attempt by the Entercom Parties to enter into a settlement with the plaintiffs in the Strange lawsuit based on alleged failures to comply with the "no voluntary payment," "cooperation," or other provisions in the Excess Policy.

American Home seeks dismissal of this action, or in the alternative stay of the action until resolution of the underlying action.

## XII. SETTLEMENT AND ADR

The parties filed their joint ADR certification on April 7, 2008. Mediation is scheduled for June 9, 2008 in the underlying Strange lawsuit, in which the settlement of this action will likewise be addressed.

## XIII. MAGISTRATE JUDGES

The Parties do not consent to have a magistrate judge conduct all further proceedings in this matter.

## XIV. OTHER REFERENCES

Not applicable.

## XV. NARROWING OF ISSUES

American Home believes that the case can be dismissed based on its currently pending motion to dismiss, or in the alternative the case should be stayed pending resolution of the underlying action. The Entercom Parties believe that the case can be substantially narrowed if their pending motion for summary adjudication is granted. American Home believes that discovery and trial of the bad faith claims should be bifurcated.

## XVI. EXPEDITED SCHEDULE

Whether the Entercom Parties will request an expedited schedule depends on the Court's rulings on the pending motions. American Home contends that this case is not appropriate for expedited scheduling.

## XVII. SCHEDULING

The parties respectfully submit that, until the Court rules on the pending motions, it is not reasonably practicable to determine what discovery will be necessary and what scheduling dates are appropriate. Accordingly the parties respectfully request that a Case Management Conference be set for 45 days after the Court rules on the pending motions, which should allow the parties sufficient time to evaluate the rulings and meet and confer on proposed case deadlines. If the Court desires tentative dates at this stage, the parties propose the following scheduling deadlines, subject to change for good cause:

| | | |
|---|---|---|
| A. | Non-Expert Discovery Cut-off: | January 30, 2009 |
| B. | Designation of Experts: (Parties shall conform to Fed.R.Civ.P. 26(a)(2)) | February 13, 2009 |
| C. | Expert Discovery Cut-off: | March 6, 2009 |
| D. | Dispositive Motions (Last Day for Hearing): | April 10, 2009 |
| E. | Pre-Trial Conference: | April 24, 2009 |
| F. | Trial: | May 8, 2009 |

**XVIII. TRIAL**

In the event that the case is not narrowed via motion practice, the Parties anticipate that the claims for breach of contract and breach of the covenant of good faith and fair dealing, will be tried to a jury, that the claim for declaratory relief (to the extent not yet resolved) would be tried to the Court, and that the claim for injunctive relief will be tried to the Court. The parties respectfully submit that, until the Court rules on the pending motions, it is not reasonably practicable to determine how long the trial in this actions may take. However, the Parties tentatively anticipate that the trial will likely last 2-3 weeks.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Not Applicable.

Dated: April 18, 2008

FOLGER LEVIN & KAHN LLP

Andrew J. Davis
Attorneys for Plaintiffs
ENTERCOM SACRAMENTO, LLC, ENTERCOM COMMUNICATIONS CORP., and JOHN GEARY

Dated: April 18, 2008

MCCURDY & FULLER LLP

Mary P. McCurdy
Attorneys for American Home Assurance Company

54007\2009\597436.1