1   FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)

2   Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
David P. Barton (CSB No. 221549, dbarton@flk.com)

3   Embarcadero Center West
275 Battery Street, 23rd Floor

4   San Francisco, CA 94111
Telephone: (415) 986-2800

5   Facsimile: (415) 986-2827

6   Attorneys for Plaintiffs ENTERCOM
SACRAMENTO, LLC, ENTERCOM

7   COMMUNICATIONS CORP., and
JOHN GEARY

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13   ENTERCOM SACRAMENTO, LLC, a
California Limited Liability Corporation;

14   ENTERCOM COMMUNICATIONS
CORP., a Pennsylvania Corporation;

15   JOHN GEARY, an individual; and on
behalf of themselves and all other persons

16   and entities similarly situated,

17              Plaintiffs,

18      v.

19   AMERICAN HOME ASSURANCE
COMPANY, a New York Corporation,

20             Defendant.

21

Case No. CV 07 6493 JSW

**The Entercom Parties' Motion for
Administrative Relief Seeking Leave To File
Brief In Opposition To Motion To Dismiss In
Excess Of 15 Pages Or, In The Alternative,
To Substitute Attached Memorandum For
Previously Filed Brief**

**Declaration in Support Thereof**

Date:      April 25, 2008
Time:     9:00 a.m.
Courtroom: 2, 17th Floor
Judge:    Honorable Jeffrey S. White

Complaint Filed   December 28, 2007

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

1    TO DEFENDANT AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE

2    THAT, Plaintiffs Entercom Sacramento LLC, Entercom Communications Corp., and John Geary

3    ("the Entercom Parties") hereby respectfully submit this motion for administrative relief, pursuant

4    to Local Rule 7-11, for an order allowing the Entercom Parties retroactive leave to file its

5    Opposition to Defendant's Motion to Dismiss in excess of 15 pages (i.e., 18 pages), or, in the

6    alternative, to substitute the opposition brief attached as Exhibit A to replace the brief previously

7    filed on March 21, 2008. (The attached brief is 15 pages in length and includes only deletions to

8    the language from the original submission. The attached opposition includes no statements that

9    were not included in the previously filed brief, but includes the exact same arguments.)

10    **I.    MEMORANDUM OF POINTS AND AUTHORITIES**

11    On March 21, 2008, in opposing the motion to dismiss of Defendant American Home

12    Assurance Company ("American Home"), the Entercom Parties submitted a memorandum of

13    approximately 17 and one-half pages in the mistaken belief that Local Rule 7-11 (which

14    authorizes opposition briefs of up to 25 pages) controlled the page length for the opposition brief.

15    Counsel for the Entercom Parties overlooked this Court's Standing Order No. 6 limiting such

16    briefs to 15 pages, until this morning (when the error was brought to counsel's attention through

17    its review of American Home's Reply Brief in anticipation of hearing on this matter scheduled for

18    April 25, 2008).

19    Counsel for the Entercom Parties apologizes to the Court, its staff, and to American Home

20    for this error.

21    In an attempt to rectify this error, the Entercom Parties submit this motion for

22    administrative relief, by which the Entercom Parties respectfully request one of the following two

23    forms of relief:

24    First, the Entercom Parties' respectfully request that the Court permit the Entercom Parties

25    retroactive leave to file the original opposition brief, filed on March 21, 2008 in excess of the

26    Court's normal 15 page limit.

27    Second, in the alternative, the Entercom Parties respectfully request leave to substitute the

28    opposition brief attached hereto as Exhibit A to replace the opposition brief filed on March 21,

1  2008. The attached opposition complies with the 15 page requirement set forth in the Standing

2  Order. *See Smith v Frank*, 923 F.2d 139, 142 (9th Cir. 1991) ("pleadings which are timely filed,

3  but overly long under local rules should not be rejected without a reasonable, even if conditional,

4  opportunity to conform to the local rules"). The attached Opposition merely deletes some of the

5  language included in the earlier memorandum (but does not include any changes or additions to

6  any language. Furthermore, no arguments have been altered.)

7  The Entercom Parties respectfully submit that good cause exists to grant this motion so as

8  to ensure that the papers comply with this Court's Standing Order and because American Home

9  will not be prejudiced by the requested relief (insofar as American Home has already replied to

10  the Entercom Parties original papers, and the proffered substitute papers include no additional

11  information).

12  Again, the Entercom Parties and their counsel apologize for this error.

13

Dated: April 23, 2008

14

15

16

17

FOLGER LEVIN & KAHN LLP

Douglas W. Sullivan
Attorneys for Plaintiffs
ENTERCOM SACRAMENTO, LLC, ENTERCOM
COMMUNICATIONS CORP., and JOHN GEARY

18

19

20

21

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

MOTION FOR ADMINISTRATIVE RELIEF; CASE
NO. CV 07 6493 JSW

# DECLARATION OF DOUGLAS W. SULLIVAN

I, Douglas W. Sullivan, declare:

1.      I am a partner with the law firm of Folger Levin & Kahn LLP, counsel of record for the Entercom Parties . I have personal knowledge of the matters discussed in this declaration, and could, if called upon, competently testify to them.

2.      On March 21, 2008, the Entercom Parties filed an Opposition to American Home's motion to dismiss which exceeded fifteen pages.

3.      This morning, I reviewed American Home's Reply to the Entercom Parties motion to dismiss in anticipation of the hearing scheduled on this matter for April 25, 2008.  A footnote in that reply memorandum alerted my office to the fact that this Court's standing order limits the length of opposition papers to 15 pages.

4.      Thereafter, I left a voicemail message and sent an email to counsel for American Home, Mary McCurdy, acknowledging our error, and alerting her that we intended to file this motion for administrative relief seeking retroactive leave to file our original opposition brief in excess of the 15 page limit or, in the alternative, leave to file a substitute brief that complies with the fifteen page limit.  I asked her to advise whether she would stipulate to either alternative.  As of the time of this filing, I have not yet heard back from Ms. McCurdy.

5.      Attached hereto as Exhibit A is a copy of the Entercom Parties' proposed replacement opposition brief.  The attached opposition brief complies with the Court's Order limiting briefs to 15 pages, and merely eliminates some of the material included in March 21, 2008 opposition.

6.      Attached hereto as Exhibit B is a true and correct copy of my e-mail to Ms. McCurdy of April 23, 2008 (without the enclosure).

I declare under penalty or perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 23th day of April, 2008 at San Francisco, California.

_____
Douglas W. Sullivan

54007\2009\598189.1

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-3-

MOTION FOR ADMINISTRATIVE RELIEF; CASE
NO. CV 07 6493 JSW

# EXHIBIT A

1  FOLGER LEVIN & KAHN LLP
   Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
2  Douglas W. Sullivan (CSB No. 088136, dsullivan@flk.com)
   David P. Barton (CSB No. 221549, dbarton@flk.com)
3  Embarcadero Center West
   275 Battery Street, 23rd Floor
4  San Francisco, CA  94111
   Telephone: (415) 986-2800
5  Facsimile: (415) 986-2827

6  Attorneys for Plaintiffs ENTERCOM
   SACRAMENTO, LLC, ENTERCOM
7  COMMUNICATIONS CORP., and
   JOHN GEARY

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13  ENTERCOM SACRAMENTO, LLC, a          Case No. CV 07 6493 JSW
    California Limited Liability Corporation;
14  ENTERCOM COMMUNICATIONS             PLAINTIFFS' OPPOSITION TO THE
    CORP., a Pennsylvania Corporation;    MOTION TO DISMISS
15  JOHN GEARY, an individual; and on
    behalf of themselves and all other persons  Date:       April 25, 2008
16  and entities similarly situated,          Time:       9:00 a.m.
                                              Courtroom: 2, 17th Floor
17            Plaintiffs,                      Judge:      Honorable Jeffrey S. White

18        v.

19  AMERICAN HOME ASSURANCE            Complaint Filed:   December 28, 2007
    COMPANY, a New York Corporation,
20
              Defendant.
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................................... 1

    A.    The Underlying Strange Lawsuit .................................................................. 1

    B.    This Lawsuit.................................................................................................. 2

    C.    American Home's Motion To Dismiss .......................................................... 3

II.   ARGUMENT ............................................................................................................ 5

    A.    The Declaratory Relief Cause Of Action Is Ripe; An Insured Is Not
        Required To Delay Seeking A Declaration Of Rights Until After The
        Underlying Dispute Is Resolved .................................................................... 5

        1.    The Complaint Alleges A Ripe Controversy Regarding Whether
            The Excess Policy Covers The Strange Lawsuit ................................ 7

        2.    The Complaint Alleges A Separate, Ripe Controversy Regarding
            The Entercom Parties' Right, Under The Excess Policy, To Settle
            The Underlying Strange Lawsuit ...................................................... 7

        3.    American Home's Position, If Adopted, Would Lead To
            Incongruous Results .......................................................................... 9

        4.    American Home's Position Is Contrary To Public Policy ...................... 10

    B.    The Entercom Parties Have Stated Ripe And Cognizable Claims For
        Breach Of Contract And Breach Of The Implied Covenant Of Good Faith
        And Fair Dealing.......................................................................................... 10

    C.    The Entercom Parties Allege Facts Supporting Their Claim For
        Preliminary And Permanent Injunctive Relief............................................. 12

    D.    American Home's Request For An Indefinite Stay Of These Proceedings
        Should Be Rejected ...................................................................................... 14

III.  CONCLUSION.......................................................................................................... 15

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

PLAINTIFFS' OPPOSITION TO THE MOTION TO
DISMISS; CASE NO. CV 07 6493 JSW

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

4      *All World Prof. Travel Servs. v. Am. Airlines, Inc.,*
           282 F. Supp. 2d 1161 (C.D. Cal. 2003)........................................................ 13
5
       *Allen v. Allstate Ins. Co.,*
6          656 F. 2d 487 (1981)................................................................................. 8

7      *Archdale v. Am. Int'l Specialty Lines Ins. Co.,*
           154 Cal. App. 4th 499 (2007)................................................................ 8, 11
8      *Bodenheimer v. Superior Court,*
           192 Cal. App. 3d 1472 (1987).................................................................. 8
9      *Brandt v. Superior Court,*
           37 Cal. 3d 813 (1985) ............................................................................. 12
10
       *Colo. River Water Conservation Dist. v. United States,*
11         424 U.S. 800 (1976) ................................................................................ 14

12     *Crisci v. Security Ins. Co.,*
           66 Cal. 2d 425 ..................................................................................... 8, 10
13     *Critz v. Farmers Ins. Group, 230 Cal. App.*
           2d 788 (1964) ...................................................................................... 8, 10
14     *Finkelstein v. 20th Century Ins. Co.,*
           11 Cal. App. 4th 926 (1992).................................................................... 11
15
       *Hamilton v. Maryland Cas. Co,*
16         27 Cal. 4th 718 (2002) ............................................................................ 11

17     *Hartford v. Superior Court,*
           23 Cal. App. 4th 1774 (1994)................................................................... 11
18     *Haskel, Inc. v. Superior Court,*

           33 Cal. App. 4th 963 (1995) .................................................................... 14
19
       *Jafari v. EMI Ins. Cos.,*
20         155 Cal. App. 4th 855 (2007)................................................................... 15

21     *Jamestown Builders, Inc. v. Gen. Star Indem. Co.,*
           77 Cal. App. 4th 341 (1999).................................................................... 8
22     *Kinder v. Western Pioneer Insurance Co.,*
           231 Cal. App. 2d 894 (1965).................................................................... 9
23     *David Kleis, Inc. v. Superior Court,*

24         37 Cal. App. 4th 1035 (1995).................................................................. 14

       *Lenscrafters, Inc. v. Liberty Mutual Fire Ins. Co.,*
25         2008 WL 410243 (N.D. Cal. 2008)....................................................... 6, 11

26     *Lockheed Corp. v. Continental Ins. Co.,*
           134 Cal. App. 4th 187 (2005)................................................. 1, 3, 5, 6, 7, 14
27     *Ludgate Insurance Co., Ltd. v. Lockheed Martin Corp.,*
           82 Cal. App. 4th 592 (2000)................................................................... 5

28

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    *Madrid v. Perot Sys. Corp.,*
          130 Cal. App. 4th 440 (2005)................................................................. 13

4    *Mariscal v. Old Republic Life Ins. Co.,*
          42 Cal. App. 4th 1617(1996)................................................................. 9

5

*Montrose Chemical Corp. v. Superior Court,*
6          25 Cal. App. 4th 287 (1993)................................................................. 14

7    *Otworth v. S. Pac. Transp. Co.,*
          166 Cal. App. 3d 452 (1985)................................................................. 11

8
*Pareto v. F.D.I.C.,*
9          139 F. 3d 696 (9th Cir. 1998 ................................................................. 10

*Phillips v. Isham,*
10          11 Cal. App. 2d 537 (1952)................................................................. 13

11   *Samson v. Transamerica Ins. Co.,*
          30 Cal. 3d 220 (1981) ................................................................. 8

12   *Schwartz v. State Farm Fire & Cas. Co.,*
          88 Cal. App. 4th 1329 (2001)................................................................. 3

13
*Soceite de Conditionnement en Aluminum v. Hunter Engineering,*
14          655 F.2d 938 (9th Cir. 1981)................................................................. 6

*Stanley v. Univ. of S. Cal.,*
15          13 F. 3d 1313 (9th Cir. 1994)................................................................. 12

16   *Weinberger v. Romero-Barcelo,*
          456 U.S. 305 (1982) ................................................................. 12, 13

17   *Wolkowitz v. Redland Ins. Co.,*
          111 Cal. App. 4th 154 (2003)................................................................. 11

18

19

20

21

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-iii-

PLAINTIFFS' OPPOSITION TO THE MOTION TO
DISMISS; CASE NO. CV 07 6493 JSW

## I.    INTRODUCTION

In its motion to dismiss, Defendant American Home Assurance Company ("American Home") primarily asserts – incorrectly – that an insured can never establish a ripe controversy against an excess insurer, unless an excess judgment or settlement has been reached in the underlying lawsuit.  American Home contends that no ripe claim for declaratory or other relief can be stated even where, as here, the excess insurer has denied coverage, refused to even attempt to settle the lawsuit, and simultaneously refused to allow the insured to attempt to settle the lawsuit on its own.  American Home's argument is contrary to applicable law, which provides that a ripe dispute exists whenever the insured and excess insurer have a disagreement regarding the parties' respective rights and obligations under the excess insurance policy, even if the underlying action has not yet been resolved.  *See, e.g., Lockheed Corp. v. Continental Ins. Co.,* 134 Cal. App. 4th 187 (2005).  Accordingly, and as described in greater detail below, the motion to dismiss should be denied.

### A.    The Underlying *Strange* Lawsuit.

The Entercom Parties promptly tendered the *Strange* lawsuit to their insurance carriers – Chubb (which issued a Primary Policy with policy limits of $1 million), and American Home (which issued an Excess Policy with policy limits of $25 million).  (Compl. ¶¶ 9-10, 33-34.)  As the primary carrier, Chubb promptly accepted the tender of defense, without a reservation of rights, in recognition of coverage.  (*Id.*)  Despite the fact that its Excess Policy provided for the identical coverage, American Home issued a reservation of rights letter.  (Compl. ¶¶ 10, 34-36.)

After significant discovery in the *Strange* lawsuit, the Strange Plaintiffs made a Settlement Demand (dated July 12, 2007) that was open for thirty (30) days.  (Compl. ¶¶ 12, 39-40.)  As the primary carrier, Chubb promptly agreed to contribute its primary policy limits toward a settlement.  (Compl. ¶¶ 12, 43.)  American Home, however, refused to take any action.  (Compl. ¶¶ 12, 44-47.)  In fact, American Home refused even to respond to the Settlement Demand before its expiration (despite repeated requests by the Entercom Parties), and then sought to justify its failure to respond by contending that there was no coverage under the Excess Policy, because the death allegedly did not constitute an "occurrence" (as that term is used in the Excess Policy) so as

1    to trigger coverage.  (Compl. ¶¶ 11, 13, 45-48.)  Thereafter, American Home reiterated its

2    position that there was no coverage and, on that basis, advised that it would not take action to

3    attempt to settle the *Strange* lawsuit on its own.  (Compl. ¶¶ 15, 50:12-15, 55a, 63.)

4           American Home also took the position that the Entercom Parties could not attempt to

5    settle the lawsuit on their own, asserting that such efforts would violate a "no voluntary payment"

6    provision in the policy (and thereby preclude the Entercom Parties from seeking reimbursement

7    from American Home).  (Compl. ¶¶ 17, 50.)  American Home's conduct placed the Entercom

8    Parties in a Catch-22 position:  American Home was refusing to take action to attempt to settle

9    the case based on its contention that there was no coverage, while at the same time refusing to

10   allow the Entercom Parties to do so.  (Compl. ¶¶ 17, 51.)

11          **B.     This Lawsuit.**

12          The Entercom Parties brought the instant lawsuit seeking two declarations:  First, the

13   Entercom Parties seek a declaration of coverage, given American Home's erroneous assertion that

14   "the death of Jennifer Strange was allegedly not an 'occurrence' (as that term is used in the . . .

15   Excess Policy) so as to trigger coverage," and given American Home's refusal to acknowledge or

16   provide coverage.  (Compl., ¶¶ 13, 55a).  Second, the Entercom Parties seek a declaration that

17   they have a right to attempt to settle the *Strange* lawsuit on their own, given American Home's

18   denial of coverage and other breaches of its express and implied duties.  (Compl. ¶¶ 17, 18a, 62-

19   66.)

20          In addition, the instant lawsuit seeks damages for the detriment caused by American

21   Home's breach of its obligations under the Excess Policy and breach of its covenant of good faith,

22   including attorneys' fees incurred by the Entercom Parties that are attributable to American

23   Home's breaches.  (Compl. ¶ 18b-c, 52-61.)  Finally, the instant lawsuit seeks preliminary and

24   permanent injunctive relief against American Home, enjoining them from objecting to any

25   attempts by the Entercom Parties to enter into a reasonable settlement of the *Strange* lawsuit on

26   their own (with contribution from Chubb) and enjoining them from seeking to enforce the "no

27   voluntary payment" or "cooperation" provisions (or any other related provisions) in the Excess

28   Policy with respect to any settlement of the *Strange* lawsuit that the Entercom Parties may enter

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-2-

1    into.  (Compl. ¶ 18d, 67-70.)

2        **C.    American Home's Motion To Dismiss.**

3        American Home's motion to dismiss (a) mischaracterizes the Complaint, by contending

4    that the Complaint merely asserts claims for a breach of the "duty to settle" (Def.'s Br. 4:20-21);

5    (b) improperly attempts to contradict central allegations in the Complaint (which establish that

6    American Home denied coverage and on that basis refused to provide coverage or engage in any

7    settlement discussions) (Def.'s Br. 3:4-6); and (c) virtually ignores the declaratory relief claim,

8    mentioning it only in passing.  (Def.'s Br. 7:13-19.)  American Home argues that there can be no

9    adjudication of the Entercom Parties' claims unless and until an "excess judgment or settlement

10   has been reached" in the underlying *Strange* lawsuit.  (Def.'s Br. 2:4-5, 7:13-14.)

11       American Home's motion to dismiss should be rejected for the following <u>five</u> reasons.

12       <u>First,</u> a dispute regarding the parties' rights and obligations under an excess insurance

13   policy is sufficient to establish a ripe declaratory relief cause of action, even if the underlying

14   action has not yet been resolved.  *See, e.g., Lockheed Corp. v. Continental Ins. Co.*, 134 Cal. App.

15   4th 187 (2005) (sustaining a declaratory relief action while underlying claims were ongoing).

16   Here, the Complaint alleges the existence of two independent, ripe disputes regarding the terms of

17   the Excess Policy: (a) the Complaint alleges that the parties have taken conflicting positions

18   regarding whether the Excess Policy covers the *Strange* lawsuit and seeks a declaration resolving

19   that conflict (Compl. ¶¶ 63, 65); and (b) the Complaint alleges a ripe dispute regarding whether

20   the Entercom Parties are entitled to attempt to settle the *Strange* lawsuit on their own,

21   notwithstanding the "no voluntary payment" and "cooperation" provisions in the Excess Policy,

22   given American Home's denial of coverage and other breaches of its obligations.  (Compl. ¶¶ 11,

23   50-51, 64.)

24       <u>Second,</u> an excess insurer's implied and express duties "exist from the inception of the

25   agreement with the insured."  *Schwartz v. State Farm Fire & Cas. Co.*, 88 Cal. App. 4th 1329,

26   1335 (2001).  The Complaint alleges that American Home breached its duties by, *inter alia,* (a)

27   improperly denying coverage (Compl. ¶¶ 11, 13, 14, 46, 50:12-15, 63); (b) failing to cooperate in

28   attempting to settle the *Strange* lawsuit (*Id.* at ¶¶ 11, 13, 38, 44, 48); (c) failing even to respond to

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

PLAINTIFFS' OPPOSITION TO THE MOTION TO
DISMISS; CASE NO. CV 07 6493 JSW

a settlement demand prior to its expiration based on American Home's assertion that there was no coverage, even though American Home had previously acknowledged that American Home would pay "100% of any settlement" (*Id.*); (d) failing to conduct a reasonable and proper investigation so as to determine if there was coverage (*Id.* at ¶¶ 15, 48, 59); (e) failing to and refusing to consult with the Entercom Parties and their counsel concerning the Settlement Demand and instead ignoring the Demand (*id.* at ¶¶ 11, 15, 50-51, 64.); and (f) prohibiting the Entercom Parties from attempting to settle the case on their own, notwithstanding the foregoing breaches. (*Id.*) As discussed in the Argument section below, applicable law provides that such conduct constitutes a breach of the insurer's express and implied duties.

Furthermore, American Home's argument that the breach of contract claims are not ripe really boils down to the contention that until such time as a final judgment or settlement is reached in the underlying *Strange* case, Entercom's only damages would be speculative, future damages, such that no claim for breach of contract can be stated. However, the Entercom Parties properly allege current damages resulting from American Home's breach of the Excess Policy and breach of the implied covenant of good faith and fair dealing.

Third, the Complaint properly pleads grounds for injunctive relief. The Entercom Parties properly plead facts demonstrating irreparable harm and inadequacy of legal remedy. Furthermore, although American Home is incorrect in contending that the Entercom Parties must also plead that the equities favor its request, the allegations nonetheless establish that the equities favor the Entercom Parties.

Fourth, under California law, this action should not be stayed pending resolution of the underlying action: American Home's request for a stay has already been rejected in connection with the Court's ruling on American Home's earlier request for administrative relief.

* * * *

Under applicable law, the existing disputes regarding the parties' rights under the Excess Policy are ripe, and American Home's efforts to delay resolution of the disputes are effectively preventing anyone from attempting to resolve the underlying *Strange* lawsuit. Thus, American Home's position not only undermines the rights of the Entercom Parties, but also undermines

1  public policy favoring settlement, as well as the interests of the *Strange* Plaintiffs, who –

2  whatever the merits of their lawsuit against the Entercom Parties – have undeniably suffered a

3  tragic loss and have had their settlement demands ignored by American Home.  This Court can

4  and should resolve the ripe controversies presented in the Complaint.

## II.    ARGUMENT

### A.    The Declaratory Relief Cause Of Action Is Ripe; An Insured Is <u>Not</u> Required To Delay Seeking A Declaration Of Rights Until After The Underlying Dispute Is Resolved.

8  American Home's argument – that there can be "no actual controversy between Entercom

9  and American Home until there is a final judgment or settlement" (Def.'s Br. 7:13-14) – is

10  contrary to applicable law.  Under California law, a declaratory relief action seeking adjudication

11  of the rights and obligations of parties to an excess insurance policy is ripe as soon as an actual

12  dispute has arisen, <u>even if no final judgment or settlement of the underlying case has occurred.</u>

13  For example, in *Lockheed Corp. v. Continental Insurance Co.*, 134 Cal. App. 4th 187 (2006), the

14  insured sought a declaration that certain <u>pending claims</u> by third parties were covered by excess

15  insurance policies.  The excess insurers filed demurrers, contending that no present controversy

16  existed because the outcome of the underlying action was unknown, so plaintiffs could "not

17  adequately allege actual exhaustion of the primary policies or that it was reasonably likely [the

18  insured] would exhaust its primary coverage, which it would have to do in order to reach the

19  excess policies." *Id.* at 219.  The Court of Appeal rejected this argument, holding that it was

20  "unnecessary and improper for the excess insurer to insist that [the insured] plead exhaustion in

21  order to state a cause of action for declaratory relief":

22  
> It is the general rule that in an action for declaratory relief <u>the complaint is sufficient if it sets forth facts showing the existence of an actual controversy</u> relating to the legal rights and duties of the respective parties under a contract and requests that the rights and duties be adjudged.

25  *Id.* at 221 (emphasis added and internal citation omitted).  In so ruling, the *Lockheed* court relied

26  upon a related opinion, *Ludgate Insurance Co., Ltd. v. Lockheed Martin Corp.*, 82 Cal. App. 4th

27  592, 606 (2000), in which the Court held that "exhaustion of the underlying limits, while

28  necessary to entitle the insured to recover on the excess policy, is not necessary to create an actual

controversy" for purposes of a declaratory relief claim. Therefore, in order to establish a viable declaratory relief cause of action, the Entercom Parties must merely allege that a dispute has arisen regarding the parties' respective rights under the Excess Policy. The fact that the outcome of the underlying action is unknown (in this case, whether there will ultimately be an judgment adverse to the Entercom Parties) does not alter the fact that there is a current, ripe dispute regarding the Excess Policy, which can be resolved by declaratory relief. *See Lockheed Corp.*, 134 Cal. App. 4th at 221.

The cases cited by American Home do not involve lawsuits in which an insured is seeking declaratory relief. American Home incorrectly suggests that *Lenscrafters, Inc. v. Liberty Mutual Fire Insurance Co.*, 2008 WL 410243 (N.D. Cal. 2008) involved a motion to dismiss a "declaratory relief" claim. (Def.'s Br. 4.) In fact, the *Lenscrafters* decision did not address the insured's claim for declaratory relief, and the insurer specifically acknowledged that it was only requesting that the court "dismiss LensCrafters' claims of breach and permit this case to continue as the declaratory relief action it is." (*See* U.S. Fire Ins. Mot. to Dismiss at 1:16-18) (emphasis added.)[1] Similarly, *Hamilton v. Maryland Casualty Co.*, 27 Cal. 4th 718 (2002), did not involve an action for declaratory relief, but instead a claim for damages for breach of contract. In *Hamilton*, unlike this case, an insurer accepted coverage without reservation of rights and unsuccessfully attempted to settle the case. *Id.* at 723. Subsequently, the insured entered into a settlement with the plaintiff in the underlying case (without the insurer's involvement) and then assigned claims against the insurer to the plaintiff. *Id.* at 722. Not surprisingly, the court held that the plaintiff could not recover for breach of contract from the insurer. *Id.* It further stated, however, that where there is "a denial of coverage," as there is here, the policyholder is entitled "to make a reasonable non-collusive settlement without the insurer's consent and to seek reimbursement of the settlement amount." *Id.* at 728.[2] Here, the allegations of the Complaint

---

[1] The Entercom Parties request that the Court take judicial notice of the motion filed in the *LensCrafters* case. *See* Exhibit 1 to Request for Judicial Notice, filed concurrently herewith.

[2] American Home also cites *Soceite de Conditionnement en Aluminum v. Hunter Engineering*, 655 F.2d 938 (9th Cir. 1981). However, that case involved a patent dispute, not a dispute regarding rights and duties under an insurance policy.

1   establish such a denial of coverage.  (*See e.g.,* Complaint, ¶¶ 11, 13, 46, 50: 12-15, 63.)

### 1.    The Complaint Alleges A Ripe Controversy Regarding Whether The Excess Policy Covers The *Strange* Lawsuit.

The Entercom Parties have stated a ripe declaratory relief claim regarding coverage issues. The Complaint specifically and repeatedly alleges that American Home erroneously took the "position that the Excess Policy somehow does not afford coverage for the *Strange* lawsuit (contrary to the position of the primary carrier, Chubb)," and that, based on its "no coverage" determination, "American Home refused to respond to a Settlement Demand that was open for thirty (30) days."  (Compl. ¶ 11; *see also id.* at ¶¶ 13, 15, 46, 50:12-15, 55a, 59a, 63.)  On that basis, the Complaint seeks a declaration concerning the Entercom Parties' right to "coverage under the Excess Policy."  *Id.* at ¶¶ 63, 65.  Thus, the Entercom Parties have stated a ripe claim for declaratory relief.  *Lockheed Corp.,* 134 Cal. App. 4th at 221 (a complaint for declaratory relief "is sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract").

### 2.    The Complaint Alleges A Separate, Ripe Controversy Regarding The Entercom Parties' Right, Under The Excess Policy, To Settle The Underlying *Strange* Lawsuit.

As alleged in the Complaint, American Home refused even to respond to the Settlement Demand in the *Strange* lawsuit on the ground that there was no coverage for that lawsuit. (Compl. ¶¶ 11, 41-48.)  After American Home denied coverage, the Entercom Parties requested confirmation that, consistent with California law, the Entercom Parties could take control of the settlement negotiations and seek to settle the *Strange* lawsuit on their own.  (*Id.* at ¶¶ 11, 49-50.) Notwithstanding its denial of coverage, American Home nonetheless asserted that "the Entercom Parties could not resolve the *Strange*  lawsuit without running the risk that American Home would not have to reimburse the Entercom Parties because of the 'no voluntary payment' provision" in the Excess Policy.  *Id.*  Later, American Home again asserted that it would not attempt to settle the matter based on its position that there was no "occurrence" so as to trigger coverage.  (*Id.* at ¶ 50:12-15.)

American Home's assertion that the "no voluntary payment" provision remained in effect

1    after its denial of coverage (and refusal to respond to a settlement demand on that basis) is

2    directly contrary to California law, under which the insured is relieved of its contractual

3    obligations – including its obligation even to notify the insurer of settlement discussions – once

4    the insurer declines coverage. *See, e.g., Samson v. Transamerica Ins. Co.*, 30 Cal. 3d 220, 238

5    (1981) ("[I]f an insurer denies coverage to the insured, the insured's contractual obligation to

6    notify the insurer ceases.").

7        The Entercom Parties are also entitled to control settlement in the underlying *Strange*

8    action for an additional, independent reason. Under California law, where an insurer breaches its

9    duties to the insured, the insured is entitled to attempt to settle the lawsuit, notwithstanding any

10   "no voluntary payment" provision in the contract. *See Jamestown Builders, Inc. v. Gen. Star*

11   *Indem. Co.*, 77 Cal. App. 4th 341, 348 (1999) (a "no-voluntary payment provision is superseded

12   by an insurer's antecedent breach of its coverage obligation"); *Critz v. Farmers Ins. Group*, 230

13   Cal. App. 2d 788, 801 (1964) ("The requirement of cooperation by the policyholder assumes that

14   the insurer has complied in good faith with the conditions of the policy," including "its obligation

15   of good faith settlement.") (disapproved on other grounds in *Crisci v. Sec. Ins. Co.*, 66 Cal. 2d

16   425, 433). Here, the Complaint alleges that American Home breached the Excess Policy and the

17   covenant of good faith and fair dealing in numerous ways, including the following:

18

19   • Failing even to respond to a settlement demand prior to its expiration. (Compl. ¶
     59b-c.) *See also Allen v. Allstate Ins. Co.*, 656 F. 2d 487, 490 (1981) (breach of
20   duties for an insurer to "ignore" a settlement demand).

21   • Basing its failure even to respond to the settlement solely on the assertion that
     there was no coverage. (Compl. ¶¶ 13, 45-48.) *See also Archdale v. Am. Int'l*
22   *Specialty Lines Ins. Co.*, 154 Cal. App. 4th 499, 464 (2007) (holding that "the
     existence of a coverage dispute, however meritorious the insurer's position, is
23   simply not a proper consideration in deciding whether to accept an offer to settle
24   the claim against the insured.").

25   • After first representing to the Entercom Parties that American Home would pay
     "100% of any settlement" (*Id.* at ¶¶ 11, 38, 59a) American Home sought to
26   justify its failure even to respond to the Settlement Demand by denying coverage,
     thereby delaying any settlement. *Id.* at ¶¶ 55, 59; *see Bodenheimer v. Superior*
27   *Court*, 192 Cal. App. 3d 1472, 1475-79 (1987) (rejecting assertion that "no cause
28   of action arises as to these matters unless and until third party claims against

Plaintiffs have resulted in a final determination of liability against them," where the insured contended that the insurer "deliberately delayed settlement" and thereby breached its duty to "process the claims in a manner which will not injure the insured").

- Failing to investigate reasonably the claim and making its "no coverage" determination based solely on a selective and inaccurate reading of the allegations in the *Strange* complaint. (Compl. ¶¶ 15, 48, 59e-f.) *See also Mariscal v. Old Republic Life Ins. Co.*, 42 Cal. App. 4th 1617, 1620 (1996) (stating that good faith requires that "[w]hen investigating a claim, an insurance company has a duty to diligently search for evidence which supports the insured's claim")

- Failing to consult with the Entercom Parties and their counsel in connection with the settlement demand. (Compl. ¶ 38.) *See also Kinder v. Western Pioneer Insurance Co.*, 231 Cal. App. 2d 894 (1965) (holding that the insurer has a "duty of consulting qualified persons on the matter of settlement," including the attorney handling the litigation).

Having alleged these breaches, the Entercom parties have established a ripe dispute regarding whether they are entitled to attempt to settle the *Strange* lawsuit on their own.

### 3. American Home's Position, If Adopted, Would Lead To Incongruous Results.

Adoption of American Home's position would mean that the Entercom Parties' declaratory relief cause of action regarding their right to settle the *Strange* action would <u>never</u> be ripe. While the Entercom Parties "seek declarations concerning their right to try to settle the *Strange* lawsuit" (Compl. ¶ 65), American Home contends that the case must be "stayed until the underlying action against the policyholder is resolved." (Def.'s Br. 8:22-23.) But, of course, by the time the "underlying action against the policyholder is resolved," there will be no need for a declaration regarding the Entercom Parties' right to settle.

In addition, American Home's position that the Entercom Parties are not entitled to declaratory relief until there is a judgment against it would also severely prejudice the Entercom Parties in the event that they were ultimately held liable in the *Strange* lawsuit. Under those circumstances, the Entercom Parties might potential have to try to find funding (including liquidating assets) for the judgment or risk execution against operating assets, and only then pursue recovery against American Home.

4.    **American Home's Position Is Contrary To Public Policy.**

American Home's position is contrary to California public policy, which encourages settlements of disputes. *See e.g., Critz v. Farmers Ins. Group*, 230 Cal. App. 2d 788, 800-01 (1964) (disapproved on other grounds in *Crisci v. Sec. Ins. Co.*, 66 Cal. 2d 425, 433). One of the benefits of requiring insurers to attempt to settle claims against policyholders (and subsequently litigate coverage disputes) is to facilitate settlement.

B.    **The Entercom Parties Have Stated Ripe And Cognizable Claims For Breach Of Contract And Breach Of The Implied Covenant Of Good Faith And Fair Dealing.**

In asserting that these claims are not ripe, American Home makes <u>two</u> general arguments, both of which are without merit.

<u>First</u>, American Home's alleged breach of the duty to settle." (Def.'s Br. 4:20-21.) In fact, as discussed above, the Complaint alleges that American Home breached its express and implied duties by, *inter alia,* (a) improperly denying coverage; (b) failing even to respond to a settlement demand prior to its expiration based on the assertion that there was no coverage, even though American Home had previously acknowledged that American Home would pay "100% of any settlement;" (c) failing to conduct a reasonable and proper investigation so as to determine if there was coverage; (d) failing to cooperate with the Entercom Parties in attempting to settle the *Strange* lawsuit; (e) failing to and refusing to consult with the Entercom Parties and their counsel concerning the Settlement Demand; and (f) prohibiting the Entercom Parties from attempting to settle the case on their own, notwithstanding the foregoing breaches. (*See e.g.,* Comp., ¶¶ 13, 17, 45-48, 55, 59.)[3]

Furthermore, in mischaracterizing the Entercom Parties' claims, American Home improperly contradicts the factual allegations of the Complaint, contrary to the standard governing motions to dismiss. *See Pareto v. F.D.I.C.*, 139 F. 3d 696, 699 (9th Cir. 1998). In particular, American Home inaccurately asserts "that American Home has not declined coverage .

---

[3] Legal authorities establishing that such conduct breached American Home's duties to the Entercom Parties are set forth in section II(A)(2), *supra*.

-10-

1    . . ." (Def.'s Br. 3:5-6.)  The Complaint, however, <u>repeatedly</u> asserts that American Home denied

2    coverage.  (*See e.g.,* Complaint, ¶¶ 11, 13, 46, 50:12-15, 63.)[4]

3        <u>Second</u>, American Home incorrectly contends that the Entercom Parties have not alleged

4    the existence of cognizable damages.  In making this argument, American Home relies

5    exclusively on cases involving <u>not</u> the type of breaches discussed above (and alleged in the

6    Complaint), but rather breaches of the duty to settle, in which the only claimed damages consisted

7    of amounts that the insured claimed should be devoted to settlement and/or unknown amounts by

8    which a potential future judgment could exceed a settlement demand.[5]

9        Here, the Entercom Parties are <u>not</u>, at this time, seeking to recover damages for the

10   amount of any future settlement or the amount by which a potential future judgment may exceed

11   the settlement demand.  Rather, the Entercom Parties allege that it "has incurred and continues to

12   incur" legal fees "in defending the *Strange* lawsuit, <u>above the amounts reimbursed by Chubb</u>,"

13   the primary insurer.  (Compl. ¶ 18b.) (Emphasis added).

14       American Home is aware that the primary insurer, Chubb, is only paying a portion of the

15   attorneys' fees paid to the Entercom Parties' counsel in the underlying action, and that Entercom

16   is paying the remainder of the fees.  Under California law, additional fees incurred by the insured

17   in defending against a claim against a policy holder by reason of the insurer's breach of contract

18   are recoverable.  *See Archdale,* 154 Cal. App. 4th at 465 ("an "insurer who denies coverage . . . is

19   liable for the full amount which will compensate the insured for the detriment caused by the

20   insurer's breach of the express and implied obligation s of the contract").[6]

21

22   [4] American Home also incorrectly states that "[n]owhere in Entercom's complaint does it
     state a specific provision of the policy which it believes was violated." (Def.'s Br. 4:4-5.) In fact,
23   the Complaint quotes the relevant portions of the Excess Policy at length (Compl., ¶¶ 23-27), and
     further attaches the entire Excess Policy to the Complaint. *See Otworth v. S. Pac. Transp. Co.,*
24   166 Cal. App. 3d 452, 458-59 (1985).

25   [5] *See Lenscrafters, Inc.,* 2008 WL 410243 at *5; *Hamilton,* 27 Cal. 4th at 718; *Finkelstein
     v. 20th Century Ins. Co.,* 11 Cal. App. 4th 926 (1992); *Wolkowitz v. Redland Ins. Co.,* 111 Cal.
26   App. 4th 154 (2003).

27   [6] This distinguishes this case from the case cited by American Home, in which <u>all</u> of the
     insured's litigation expenses were being paid by an insurer. *See Hartford v. Superior Court,* 23
     Cal. App. 4th 1774, 1781 (1994) (cited at page 6 of American Home's brief).

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

1    In addition, the Entercom Parties have alleged that they are suffering damages in the form

2    of the attorneys' fees and costs incurred in pursuing this lawsuit against American Home.

3    (Compliant, ¶¶ 18b, 56, 60.)  Again, such attorneys' fees constitute cognizable consequential

4    damages. *Brandt v. Superior Court*, 37 Cal. 3d 813, 817-18 (1985) (holding that "when an

5    insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the

6    benefits due under a policy, it follows that the insurer should be liable in a tort action for that

7    expense").[7]

8    **C.    The Entercom Parties Allege Facts Supporting Their Claim For Preliminary**
     **And Permanent Injunctive Relief.**

9

10    The Entercom Parties plead sufficient facts to support a claim for preliminary and

11    permanent injunctive relief.  To state a claim for injunctive relief, the plaintiff must plead facts

12    satisfying just two elements, "irreparable injury and the inadequacy of legal remedies."

13    *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, (1982) (emphasis added) ("The Supreme

14    Court has repeatedly held that the basis for injunctive relief in the federal courts has always been

15    irreparable injury and the inadequacy of legal remedies"); *see also Stanley v. Univ. of S. Cal.*, 13

16    F. 3d 1313, 1320 (9th Cir. 1994).  The Entercom Parties have alleged facts supporting both

17    elements, and American Home's argument to the contrary should be rejected for <u>two</u> reasons:

18    <u>First</u>, contrary to American Home's claim that "Entercom fails to allege any facts

19    establishing that American Home is involved in harmful conduct," the Entercom Parties plead

20    specifically that "[a]bsent such injunctive relief, there will be irreparable harm in that the

21    Entercom Parties will lose unique opportunities to reach a reasonable settlement with the Strange

22    family and the reputations of the Entercom Parties will be further damaged in the community."

23    (Compl. ¶ 70.) (emphasis added.)  The Complaint not only alleges that American Home has

24    breached its duties by improperly ignoring settlement demands in the past (Compl. ¶¶ 11, 50-51),

25    but also that as a result of American Home's actions, the Entercom Parties "will lose unique

26    ⁷ American Home argues that the Entercom Parties have not sufficiently specified
     consequential damages attributable to the breaches of American Home's duties.  However, the
27    Complaint specifically alleges that the Entercom Parties have incurred the additional attorneys'
     fees described above as a consequence of American Home's breaches.

28

1  opportunities to reach a reasonable settlement with the Strange family" in the future (given that

2  the *Strange* lawsuit is ongoing). (Compl. ¶ 70.) Thus, the Complaint alleges continuing harm.

3  *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 463 (2005) (stating that "[i]njunctive relief is

4  appropriate only when there is a threat of continuing misconduct."). Here, it is alleged that

5  American Home refuses to attempt to settle the *Strange* lawsuit. (Compl. ¶¶ 50:12-15, 59a-d.)

6  Furthermore, the alleged facts—loss of opportunity to settle and harm to reputation—show that

7  legal, monetary remedies would be inadequate to compensate the Entercom Parties. *All World*

8  *Prof. Travel Servs. v. Am. Airlines, Inc.*, 282 F. Supp. 2d 1161, 1176 (C.D. Cal. 2003) (denying

9  defendant's motion to dismiss because facts alleged in Complaint established insufficiency of

10  legal remedies).

11       <u>Second</u>, American Home's position that the Entercom Parties must plead that the balance

12  of the equities favors the Entercom Parties' position is contrary to applicable law. As noted

13  above, to state a claim for injunctive relief, a plaintiff must allege only irreparable injury and facts

14  showing the inadequacy of legal remedies. *See Weinberger*, 456 U.S. at 312. American Home

15  confuses the <u>pleading requirements</u> for an injunction with factors considered by the court in

16  deciding whether to actually issue an injunction. Indeed, the case cited by American Home,

17  *Phillips v. Isham*, 11 Cal. App. 2d 537 (1952), did not involve the adequacy of the pleading, but

18  rather whether the lower court properly granted an injunction. *Id.* (Stating, "It is the general rule

19  in this state that while the right to injunctive relief under proper circumstances is well established,

20  its issuance is largely discretionary with the court and depends upon a consideration of all the

21  equities between the parties."). Moreover, even though the Entercom Parties were not required to

22  plead facts regarding the "balance of the equities," the Complaint does in fact show that the

23  equities favor the Entercom Parties, stating, for example, that "American Home's assertion of the

24  'no voluntary payment' provision, while at the same time contending there was no coverage,

25  put[s] the Entercom Parties in a 'Catch-22': American Home [refuses] to take action to resolve

26  the *Strange* lawsuit and at the same time prevent[s] the Entercom Parties from doing so either."

27  (Compl. ¶ 51.)

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

PLAINTIFFS' OPPOSITION TO THE MOTION TO
DISMISS; CASE NO. CV 07 6493 JSW

1

2

### D.    American Home's Request For An Indefinite Stay Of These Proceedings Should Be Rejected.

This Court has already rejected American Home's request for a stay in denying American Home's Motion for Administrative Relief.  (Order Denying Motions for Administrative Relief, 1-2.)  The Court should again refuse to stay this action for the following <u>four</u> reasons.

<u>First</u>, the request for a stay disregards authorities providing that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them, and may only abstain from hearing an action for damages (by, for example, issuing a stay) under "exceptional circumstances."  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).  Furthermore, American Home's request for a stay is procedurally improper insofar as does not establish that "extraordinary circumstances" support such a stay.  As noted in BENDER'S FEDERAL PRACTICE FORMS (2007), a motion to stay a state court proceeding should be accompanied by an "Affidavit in Support of Motion to Stay." *Id.* at 12-231.

<u>Second</u>, the authorities relied upon by American Home are inapplicable.   In each of the cases cited by American Home, the <u>insured</u>, not the insurer, requested a stay of the declaratory relief proceedings. *Montrose*, 25 Cal. App. 4th at 906-07; *David Kleis, Inc.*, 37 Cal. App. 4th at 1035; *Haskel, Inc.*, 33 Cal. App. 4th at 1038.  Those courts explicitly acknowledged that the stay was intended to <u>protect the insured</u> from prejudice. *Montrose*, 25 Cal. App. 4th at 909-10.  Here, the insured has not requested a stay, and the key depositions have already been taken in the underlying *Strange* lawsuit.  American Home contends that the case must be "stayed until the underlying action against the policyholder is resolved." (Def.'s Br. 8:22-23.)  But by the time the "underlying action against the policyholder is resolved," there will be no need for a declaration regarding the Entercom Parties' right to settle.

<u>Third</u>, in recognition of these different policy considerations, California courts resolve coverage disputes prior to resolution of the underlying claim where the <u>insured</u> seeks a declaration of rights. *See generally Lockheed Corp.*, 134 Cal. App. 4th 187.

<u>Fourth</u>, the coverage questions raised in the Entercom Parties' declaratory relief action do not "turn[] on facts to be litigated in the underlying third party action." *David Kleis, Inc.*, 37 Cal.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   App. 4th at 1044.  American Home has not and cannot point to <u>any</u> potential verdict on any of the

2   causes of action in the underlying *Strange* lawsuit that would be inconsistent with, or otherwise

3   affect, the declarations that the Entercom Parties seek.  The jury in the *Strange* lawsuit will not be

4   asked to decide the precise questions at issue in <u>this</u> case.  For example, a key issue in

5   determining coverage is whether "any aspect in the causal series of events leading to the injury or

6   damage" was unintended.  *Jafari v. EMI Ins. Cos.*, 155 Cal. App. 4th 855, 899 (2007).  The jury

7   in *Strange* will not have to undertake this analysis of each aspect of the causal series of events

8   leading to Ms. Strange's death.  In addition, the issue of punitive damages as it relates to the

9   present action does not turn on facts to be litigated in the *Strange* matter.  The Entercom Parties

10  have already conceded that there is no coverage for punitive damages, and have specifically

11  carved out of the requested declaration any punitive damages amounts.  (*See* Def.'s Br. at 4:10-

12  13.) (requesting declaration of coverage "exclusive of any punitive damages").

### III.    CONCLUSION

14          For the foregoing reasons, the Entercom Parties respectfully submit that Defendant's

15  Motion to Dismiss should be denied.  However, if the court has concerns with the sufficiency of

16  any particular allegations, the Entercom Parties would respectfully request leave to amend, as

17  additional allegations of fact would establish that the Entercom Parties stated a claim.  Indeed, the

18  Entercom Parties' Motion for Summary Adjudication currently on file establishes not only that

19  they have stated a claim, but that they are entitled to the declarations requested as a matter of law.

21  Dated: April **23**, 2008                       FOLGER LEVIN & KAHN LLP

23                                                                  Douglas W. Sullivan
                                                                    Attorneys for Plaintiffs
24                                                  ENTERCOM SACRAMENTO, LLC, ENTERCOM
                                                    COMMUNICATIONS CORP., and JOHN GEARY

54007\2009\598203.1

# EXHIBIT B

## Douglas Sullivan - Re: Entercom v. American Home

| | |
|---|---|
| **From:** | Douglas Sullivan |
| **To:** | Mary.McCurdy@mccurdylawyers.com |
| **Date:** | 4/23/2008 1:10 PM |
| **Subject:** | Re: Entercom v. American Home |
| **CC:** | ajd |
| **Attachments:** | 2008-04-23 Revised Plaintiffs_ Opposition to the Motion to Dismiss.DOC |

Dear Mary:

This e-mail is to advise you that we are filing a motion for administrative relief (1) to allow for our current opposition to the motion to dismiss to be 18 pages, or alternatively (2) to permit the filing of an opposition of 15 pages (which includes only deletion of language without any changes of language and without elimination any arguments). The proposed 15-page opposition is attached. We discovered the fact that we exceeded the 15-page limit in the Court's standing order when we reviewed the footnote in your reply. Please advise if you will stipulate to either of these alternatives. Thank you for your attention to this issue. Your prompt response will be greatly appreciated.

Douglas W. Sullivan
Attorney
Folger Levin & Kahn LLP
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Tel: (415) 986-2800
Fax: (415) 986-2827
E-Mail: dsullivan@flk.com