**United States District Court**
For the Northern District of California

1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6
7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   ENTERCOM SACRAMENTO, ET AL.,

9              Plaintiffs,                          No. C 07-06493 JSW

10      v.                                          **NOTICE OF TENTATIVE
                                                    RULING AND QUESTIONS FOR
11  AMERICAN HOME ASSURANCE                         HEARING**
    COMPANY,
12
              Defendant.
13
                                                /
14

15          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

16  NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON

17  APRIL 25, 2008, AT 9:00 A.M.:

18          The Court has reviewed the parties' memoranda of points and authorities and, thus, does

19  not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to

20  rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and

21  opposing counsel of these authorities reasonably in advance of the hearing and to make copies

22  available at the hearing.  If the parties submit such additional authorities, they are ORDERED

23  to submit the citations to the authorities only, with pin cites and without argument or additional

24  briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral

25  argument to explain their reliance on such authority.

26          The Court **tentatively grants American Home's motion to dismiss the Entercom**

27  **Parties' first and second claims for relief and tentatively denies the motion to dismiss the**

28  **third and fourth claims for relief.**  The court **tentatively denies without prejudice the**

United States District Court

For the Northern District of California

1    **motion for summary adjudication of issues.  The court reserves issuing a tentative ruling**

2    **on the request to stay.**

3    The parties each shall have (20) minutes to address the following questions:

4    1.    Is the Court correct in assuming that the Entercom Parties do not contend that American

5    Home has breached a duty to defend?

6    a.    If the Entercom Parties contend that the duty to defend is at issue, which

7    paragraphs of the Complaint would show that the conditions on which American

8    Home would have a duty to defend have been triggered?  (*Id.*, Ex. 1 (American

9    Home Policy, § III.A, and Endorsement 7 at 2.)

10    2.    For purposes of the motion to dismiss, if the Court accepts as true the allegation that

11    American Home has, in fact, denied coverage, when would American Home contend a

12    cause of action for breach of contract for denial of coverage accrues, and on what

13    authority would it rely?

14    a.    Do the Entercom Parties agree with the proposition that the duty to indemnify

15    does not arise until liability is established? *See Montrose Chemical Corp. v.*

16    *Admiral Ins. Co.*, 10 Cal. 4th 645, 659 n.9 (1995).  If so, and even if the Court

17    accepts as true the allegation that American Home has denied coverage, on what

18    basis do the Entercom Parties contend it has breached its duty to indemnify

19    them?

20    3.    It does not appear from the opinion that the plaintiff in the *Lenscrafters* case alleged that

21    the excess carrier denied coverage.  What is American Home's best argument that the

22    Court should not find *Lenscrafters* distinguishable on that basis?

23    4.    In *Brandt v. Superior Court*, 37 Cal. 3d 817 (1985), the California Supreme Court held

24    that attorneys' fees would be recoverable in connection with tortious conduct.  *Id.* at

25    817-18.  Do the Entercom Parties have any additional authority that the attorneys' fees

26    they have incurred in connection with bringing this action would be recoverable as

27    damages on their breach of contract claim?

28

**United States District Court**
For the Northern District of California

5.    The record on the motion for summary adjudication suggests that there is a genuine dispute over whether American Home has, in fact, denied coverage. In light of that dispute, what is the Entercom Parties' best argument that, at this time, the Court can, or should, adjudicate the issue of whether her death was an occurrence?

6.    In the *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287 (1993), the Supreme Court stated that "when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious," and presents a "classic situation in which the declaratory relief action should be stayed." *Id.* at 301-02.

    a.    American Home states, in a conclusory fashion, that resolution of the coverage dispute depends on facts to be litigated in the underlying action. Apart from the issue of punitive damages raised on reply, what specific facts are implicated?

    b.    Although the cases on which American Home relies appear to involve the duty to defend, what is the Entercom Parties' best argument that the coverage issue can be determined without prejudice to them?

7.    Are there any other issues the parties wish to address?

Dated: April 24, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3